**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

MARVELLE J. BALLENTINE,

*Plaintiff-Appellant,*

v.

DEVIN S. ANDERSON;
META PLATFORMS, INC.; and
CHRISTOPHER W. KEEGAN,

*Defendants-Appellees.*

No. 26-12641-GG

On Appeal from the United States District Court
for the Middle District of Florida

No. 5:26-cv-00472-AGM-PRL

**BRIEF OF APPELLANT**

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
Telephone: (407) 794-6503
jayballentine@protonmail.com
Plaintiff-Appellant, *pro se*

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant does not request oral argument.

## TABLE OF CONTENTS

Statement Regarding Oral Argument...................................................................i

Table of Citations....................................................................................v

Jurisdictional Statement.............................................................................1

    A. District Court Jurisdiction..................................................................1

    B. Appellate Jurisdiction.......................................................................1

    C. Scope of the Appeal...........................................................................1

Statement of the Issues.............................................................................2

Introduction.........................................................................................4

Statement of the Case..............................................................................5

    A. Nature of the Action.........................................................................5

    B. Procedural History..........................................................................6

    C. Standard of Review.........................................................................9

Summary of the Argument.........................................................................10

Argument............................................................................................12

    I. Section VIII did not unambiguously impose the unconditional retrospective duty on which dismissal depended, and the Standing Order gave notice only of filing-specific consequences without prejudice.................................................................12

        A. The specific retrospective provisions control the general prospective language.............................................................12

        B. Section IX supplied the only specifically identified consequence.................................................................13

        C. At minimum, the text defeats any finding of willful disobedience.................................................................14

        D. Doc. 71's shorthand did not amend the Standing Order.......15

    II. The district court could not terminate the action under a judge-created certification procedure where the record does not show adoption under Rule 83 and § 2071 or actual notice of dismissal................................................................16

        A. *Brown* supplies the controlling functional test........................16

        B. The record does not show adoption through Rule 83(a) and § 2071.................................................................17

C. The alternative Rule 83(b) characterization does not save the dismissal..................................................................19

D. Rule 83(a)(2) independently limits enforcement..................19

E. Doc. 6 did not provide actual notice........................................20

F. *McNair* is distinguishable on its own terms...........................21

G. The Rule 83 and § 2071 questions are properly before the Court...............................................................................................21

III. The dismissal rested on a material misdescription of Doc. 71 and on a July 20 deadline that no order had made operative before it passed.........................................................................................22

A. Doc. 71 requested forty-five days, not twenty........................22

B. July 20 was a requested date, not an operative deadline established by any order................................................................23

C. Doc. 80 adopted mutually inconsistent premises...................23

D. The record contradicted the finding of inability....................24

E. Knowledge of a requested date is not violation of a court order.........................................................................................25

IV. The district court could not rely on an asserted inability to comply with Rule 11 without the process required by Rule 11(c)(3) or any identified Rule 11 violation...........................................25

A. Section VIII's certification was not equivalent to Rule 11 compliance.................................................................................25

B. Doc. 80's Rule 11 finding presents a dispositive dilemma...................................................................................................26

C. Due process independently required notice and an opportunity to respond...............................................................27

D. Inherent power cannot supply an alternative basis for affirmance..............................................................................................28

E. This Court's recent decision in *Parnell* illustrates what was absent here.....................................................................................28

V. Dismissal independently violated Rule 41(b) because the district court found neither willful contempt nor the inadequacy of lesser sanctions..............................................................29

A. Doc. 80 operated as an adjudication on the merits...............29

B. *Betty K* required two findings, and Doc. 80 contains neither...................................................................................................30

C. The record could not have supported the missing findings........................................................................30

D. Section IX makes the absence of the lesser-sanctions finding especially apparent..........................................32

E. The boundary cases do not support this dismissal.................32

Conclusion.......................................................................................34

Certificate of Compliance.............................................................34

Certificate of Service.....................................................................35

# TABLE OF CITATIONS

Pursuant to Eleventh Circuit Rule 28-1(e), authorities on which Appellant principally relies are marked with an asterisk (*).

**Cases**

*Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324 (11th Cir. 2004)...................................................................................22

**Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333 (11th Cir. 2005).............................................................11, 30, 32

*Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210 (5th Cir. 1976)...............31

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).............32

**Brown v. Crawford County*, 960 F.2d 1002 (11th Cir. 1992)..................10, 16–19

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)......................................................28

*Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923 (11th Cir. 1986)..................31

**Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)............................9, 23, 24

*Donaldson v. Clark*, 819 F.2d 1551 (11th Cir. 1987) (en banc)....................20, 27

*Frazier v. Heebe*, 482 U.S. 641 (1987)...................................................................18

*Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567 (11th Cir. 1995)............................27

*Goforth v. Owens*, 766 F.2d 1533 (11th Cir. 1985)...............................................30

*Haines v. Kerner*, 404 U.S. 519 (1972)..................................................................16

*Hollingsworth v. Perry*, 558 U.S. 183 (2010) (per curiam)................................18

**Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251 (11th Cir. 2003).........9, 11, 26

*Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)..............................................30

*McKelvey v. AT&T Technologies, Inc.*, 789 F.2d 1518 (11th Cir. 1986).............31

*McNair v. Johnson*, No. 24-10153, slip op. (11th Cir. July 14, 2025)..........21, 33

*Mickles v. Country Club Inc.*, 887 F.3d 1270 (11th Cir. 2018)............................2

*Mingo v. Sugar Cane Growers Co-op of Florida*, 864 F.2d 101 (11th Cir. 1989)...................................................................................31

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).................20

*Parnell v. Florida Department of Corrections*, No. 25-11166, slip op. (11th Cir. July 10, 2026)................................................................28, 29

*Phipps v. Blakeney*, 8 F.3d 788 (11th Cir. 1993)...............................................33

*Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017)..............................................................................................28

*Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998)..........................16

*Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306 (11th Cir. 2002)....................27

*World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454 (11th Cir. 1995)...............................................................31

*Zocaras v. Castro*, 465 F.3d 479 (11th Cir. 2006)...............................................32

## Statutes

28 U.S.C. § 1291...............................................................................................1

28 U.S.C. § 1332(a)(1).......................................................................................1

*28 U.S.C. § 2071.......................................................................9, 11, 16–19, 21, 33

## Constitutional Provisions

U.S. Const. amend. V.............................................................................3, 9, 20, 27

## Federal Rules

Fed. R. App. P. 3(c)(4)......................................................................................1

Fed. R. App. P. 4(a)(1)(A)..................................................................................1

Fed. R. App. P. 32.............................................................................................34

*Fed. R. Civ. P. 11.................................................................2–6, 8, 9, 11, 24–28, 32

*Fed. R. Civ. P. 41(b)..............................................................4, 9, 11, 15, 21, 29

*Fed. R. Civ. P. 83.................................................................3, 9, 11, 17–21, 33

## Local Rules and Other Authorities

Local Rules of the United States District Court for the Middle District of Florida.................................................................3, 5, 6, 18, 20, 27

## JURISDICTIONAL STATEMENT

### A.    District Court Jurisdiction

The district court had subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). The operative Second Amended Complaint alleged that Ballentine is a citizen of Florida; Devin S. Anderson is a citizen of Utah; Christopher W. Keegan is a citizen of California; Meta Platforms, Inc. is incorporated in Delaware and has its principal place of business in Menlo Park, California; and the amount in controversy exceeds $75,000, exclusive of interest and costs. Doc. 20 at 3, 5–6 (¶¶ 7, 10–13).

### B.    Appellate Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1291. On July 24, 2026, the district court entered an order dismissing the action and directing the Clerk to close the file. Doc. 80 at 1. That order ended the proceedings in the district court and is a final decision. Ballentine filed a notice of appeal on July 28, 2026, Doc. 82 at 1, within the thirty days allowed by Federal Rule of Appellate Procedure 4(a)(1)(A).

### C.    Scope of the Appeal

The notice of appeal designated the final order of dismissal. Under Federal Rule of Appellate Procedure 3(c)(4), a notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment, and an appeal from a final judgment brings up for review the prior orders

and rulings that produced it. *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018). The rulings reviewable on this appeal accordingly include: the Standing Order, Doc. 70; the district court's treatment of the extension motion, Doc. 71; the retrospective certification requirement enforced through dismissal; the district court's characterization of the relief requested in Doc. 71; the Rule 11 finding embedded in the dismissal order; and the sanction of dismissal itself. Doc. 80 at 1. Those antecedent matters are reviewable only insofar as necessary to determine whether the dismissal was lawful.

## STATEMENT OF THE ISSUES

I.     Whether Sections VIII and IX of the district court's Standing Order imposed the unconditional retrospective certification requirement on which the district court based dismissal. Section VIII applies to documents filed before the Standing Order was entered. Its caption includes "Safe Harbor," and its stated purposes include confirming compliance with Rule 11 and granting counsel and pro se parties a limited safe harbor. It permits withdrawal of a filing as an alternative and states that a certification "should" be filed only if the filer "is confident" that artificial intelligence was not used or that every cited authority was personally reviewed. Section IX identifies only the possible striking of individual filings without prejudice for failure to certify.

II.     Whether Rule 83 and the Fifth Amendment's Due Process Clause permitted the district court to terminate the action under a judge-created certification procedure that appeared in no federal statute, Federal Rule, or Local Rule and did not provide notice that failure to certify could result in dismissal. The Standing Order described a conditional retrospective certification procedure and identified only the possible striking of individual filings without prejudice for non-certification. The dismissal order instead relied for notice on a general Local Rules notice entered one hundred three days before the Standing Order existed.

III.    Whether the district court could dismiss the action for failure to comply by July 20, 2026, when no order had established July 20 as an operative deadline before it passed and the court materially misdescribed the extension request it purported to grant. Ballentine moved before the original certification period expired for forty-five additional days, through July 20, 2026. No order ruled on that request before July 20. On July 24, the district court granted the motion while simultaneously stating that Ballentine remained bound by the original deadline and treating July 20 as a violated court-ordered deadline. The order also described the forty-five-day request as a request for twenty additional days.

IV.     Whether the district court could dismiss the action based on Ballentine's asserted inability to comply with Rule 11 when it identified no Rule 11 violation and did not provide the show-cause process required by Rule 11(c)(3). If the asserted inability constituted a sua sponte Rule 11

adjudication, the district court did not enter an order describing the specific conduct at issue and directing Ballentine to show cause. If it did not constitute a Rule 11 adjudication, the court determined that Ballentine was unable to comply with a rule it was not applying. The order identified no nonexistent authority, unsupported citation, or other Rule 11 violation. Ballentine's supporting declaration, Doc. 71-1, stated that he could complete the review necessary for a truthful certification but could not do so within the original ten-day period.

V.  (Alternative.) Whether dismissal operating as an adjudication on the merits was an abuse of discretion under Rule 41(b) where the district court made neither required finding: a clear record of delay or willful contempt and the inadequacy of lesser sanctions. The district court cited no rule, identified no false or unsupported authority, and had never stricken any filing. It also did not address the lesser, filing-specific response identified in Section IX of its own Standing Order.

## INTRODUCTION

This appeal does not question the authority of federal courts to require accurate citations, enforce Rule 11, or regulate the use of artificial intelligence in court filings. The question is narrower: whether the district court could dismiss this action on the merits for failure to comply with a retrospective certification procedure created after the filings at issue.

The Standing Order required prescribed language under penalty of perjury, but its retrospective provision was framed as a conditional safe harbor. The district court nevertheless treated that provision as an unconditional command. It relied for notice on a generic Local Rules notice entered 103 days before the Standing Order existed. It also granted Ballentine's extension request only after the requested date had passed, then treated that date as a violated court-ordered deadline.

The court further concluded that Ballentine was unable to comply with Rule 11 without identifying any Rule 11 violation or issuing the show-cause order required by Rule 11(c)(3). It identified no fabricated authority and no unsupported citation. It made no finding of willful contempt and no finding that lesser sanctions were inadequate. Even so, it dismissed the entire action, although the Standing Order itself identified only the possible striking of individual filings without prejudice.

## STATEMENT OF THE CASE

### A. Nature of the Action

Ballentine commenced this action on February 9, 2026. Doc. 1 at 1. The operative Second Amended Complaint, filed March 4, 2026, invoked the district court's diversity jurisdiction and asserted state-law claims arising from statements published in prior federal litigation. Doc. 20 at 1–3 (¶¶ 1–6). The district court did not adjudicate the operative claims on their merits. It

dismissed the action solely through Doc. 80 on the retrospective-certification ground described below. Doc. 80 at 1.

## B.  Procedural History

1.  February 13, 2026 — The Local Rules Notice (Doc. 6). On February 13, 2026, the Clerk entered a Notice to Counsel and Parties directing the parties to read and comply with the Middle District of Florida's revised Local Rules and stating generally that failure to comply with the Local Rules or with court orders could result in sanctions, including dismissal. Doc. 6 at 1. The Notice did not mention artificial intelligence, retrospective certification, Rule 11 review of previously filed authorities, a ten-day review period, or dismissal of an action for failure to file a certificate. *Id.*

2.  May 27, 2026 — The Standing Order (Doc. 70). On May 27, 2026, the district court entered a Standing Order concerning the use of artificial intelligence in court filings. Doc. 70. The opening sentence of the Standing Order addresses certifications accompanying "every filing." Doc. 70 at 1. Sections I and II state that an uncertified filing "may be stricken" and that relief requested in a motion, complaint, or petition "may be denied without prejudice." Doc. 70 at 2–3. Section IV requires that the certification appear verbatim in the prescribed form and states that substantial compliance is not acceptable. Doc. 70 at 3. Section VIII separately addresses filings made before entry of the Standing Order. Its caption includes the words "Safe Harbor."

Doc. 70 at 6–7. Section VIII permits a filer who "wishes" to withdraw a previously filed document to do so, and states that, if the filer "is confident" that artificial intelligence was not used or that every cited authority was personally reviewed, the certification "should" be filed within ten days. *Id.* Section IX states that filings affected by Section VIII "may be stricken without prejudice" if no certification is filed. Doc. 70 at 7. No provision of the Standing Order states that the action may be dismissed.

3.      June 2, 2026 — The Extension Motion (Doc. 71). On June 2, 2026, before the ten-day period identified in Section VIII expired, Ballentine moved for additional time. Doc. 71 at 1. The motion requested forty-five additional days, extending the date from June 5, 2026 through July 20, 2026. Doc. 71 at 2. The supporting declaration stated that Ballentine had begun reviewing the authorities cited in the affected filings but could not responsibly complete the required review within ten days, and that the additional time would permit a truthful certification. Doc. 71-1 at 2–3 (¶¶ 6, 9–11). The motion identified no prejudice to any defendant. Doc. 71 at 3. The motion disclosed on its face that it was prepared with the use of an artificial-intelligence drafting assistant and stated that it cited no legal authority. Doc. 71 at 5.

4.      June and July 2026. Anderson and Keegan filed a certificate under the Standing Order on June 4, 2026. Doc. 72 at 1–2. Meta filed its certificate on June 8, 2026. Doc. 74 at 1–2. On June 26, 2026, the action was transferred from the Orlando Division, where it proceeded as No. 6:26-cv-

00286-AGM-DCI, to the Ocala Division. Docs. 76–77. On July 16 and 17, 2026, the action was transferred to and reassigned before Judge Anne-Leigh Gaylord Moe, resulting in the current district-court number, No. 5:26-cv-00472-AGM-PRL. Docs. 78–79. No order granting or denying Doc. 71 was entered before July 20, 2026.

5.     July 24, 2026 — The Dismissal Order (Doc. 80). On July 24, 2026, the district court entered a single order that purported to grant Doc. 71 and dismissed the action. Doc. 80 at 1. The order described the relief requested in Doc. 71 as "an additional twenty days," although Doc. 71 requested forty-five days. Doc. 80 at 1; Doc. 71 at 2. The order stated that Ballentine remained bound by the Standing Order's original deadline, and nevertheless treated July 20 — the date requested in the then-unresolved motion — as a date by which Ballentine had been required to comply. Doc. 80 at 1. For notice, the order relied on Doc. 6. *Id.* The order stated that Ballentine's "failure to comply" and "inability to certify compliance with Rule 11 of the Federal Rules of Civil Procedure" merited dismissal. *Id.* The order identified no fabricated authority, no nonexistent citation, and no authority failing to support the proposition for which it was cited. It entered no order to show cause under Rule 11(c)(3). It made no finding of delay or willful contempt. It made no finding that lesser sanctions would be inadequate. It did not state that the dismissal was without prejudice. It dismissed the case and directed the Clerk to close the file. *Id.*

Ballentine filed a notice of appeal on July 28, 2026. Doc. 82 at 1. On the same date, after entry of the dismissal order, Ballentine filed a certificate of compliance. Doc. 83 at 1. That filing does not moot this appeal: Doc. 80 remains in force, and the action remains terminated. Ballentine does not present Doc. 83 as retroactive compliance with any July 20 deadline. It is relevant only to rebut the district court's factual assertion that Ballentine was unable to certify. *See infra* Argument III.D, IV.B.

## C.      **Standard of Review**

This appeal presents distinct questions subject to distinct standards.

De novo review applies to the legal questions presented: whether the Standing Order could be enforced consistent with Federal Rule of Civil Procedure 83 and 28 U.S.C. § 2071; whether the process afforded satisfied the Due Process Clause and Rule 11(c)(3); and the legal effect, under Rule 41(b), of a dismissal order that does not state that it is without prejudice.

Abuse-of-discretion review applies to the dismissal of an action for asserted noncompliance with a court order, to the imposition of sanctions, and to the disposition of the extension motion. A district court necessarily abuses its discretion when it applies an incorrect legal standard or rests its ruling on a clearly erroneous assessment of the record. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

Court-initiated Rule 11 sanctions are reviewed with "particular stringency." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).

A district court ordinarily receives deference in interpreting its own orders. That deference cannot add language the order does not contain, dispense with Rule 11(c)(3), establish a Rule 83 and § 2071 adoption process absent from the district-court record, or substitute for the findings required before an action is dismissed with prejudice.

## SUMMARY OF THE ARGUMENT

No fabricated authority was identified, no unsupported citation was identified, no show-cause order issued, no willfulness finding was made, and no lesser-sanctions finding was made. The action was nevertheless dismissed based on a retrospective certification procedure whose own text identified only the possible striking of individual filings without prejudice. Five independent grounds require reversal of the dismissal.

First, the Standing Order's text did not impose the unconditional retrospective command the district court enforced through dismissal. The general prospective language addressing "every filing" cannot displace the specific retrospective provisions of Sections VIII and IX. Section VIII is framed as a safe harbor, uses conditional language — "wishes," "is confident," "should" — offers withdrawal as an alternative, and Section IX identifies only filing-specific consequences without prejudice. At minimum,

that text did not provide clear notice that failure to certify would terminate the entire action.

Second, under *Brown v. Crawford County*, a judge-specific procedure that controls filings, requires verbatim content, rejects substantial compliance, and supplies its own sanctions functions as a local rule regardless of its label. Nothing in the district-court record shows that the certification procedure was adopted through Federal Rule of Civil Procedure 83(a) and 28 U.S.C. § 2071. If treated instead as a case-specific directive under Rule 83(b), it could support no sanction beyond the actual notice supplied in the particular case. That notice concerned possible striking of filings and denial of relief without prejudice, not dismissal of the action.

Third, the dismissal rested on two demonstrable record errors. Doc. 71 requested forty-five days, not twenty, and July 20 had never been established as a court-ordered deadline before that date passed. The district court could not grant the extension retroactively while simultaneously maintaining that the original deadline remained operative and treating the requested date as a violated order.

Fourth, the statement that Ballentine was unable to certify compliance with Rule 11 presents an unavoidable dilemma. If it was a Rule 11 adjudication, the district court omitted the show-cause process Rule 11(c)(3) and *Kaplan* require, and the record contains none of the conduct — fabricated authority, false statements, frivolous contentions — that could sustain a court-initiated sanction. If it was not a Rule 11 adjudication, it was an

unsupported factual conclusion concerning a rule the court was not applying. Either construction defeats the dismissal.

Fifth, the dismissal independently fails under Rule 41(b). Doc. 80 does not state that dismissal was without prejudice, so it operates as an adjudication on the merits. The district court made neither finding required by *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333 (11th Cir. 2005): no clear record of delay or willful contempt, and no finding that lesser sanctions — including the striking without prejudice identified in the Standing Order's own Section IX — would not suffice.

The Court should reverse the dismissal and remand the action for further proceedings.

## ARGUMENT

I. **SECTION VIII DID NOT UNAMBIGUOUSLY IMPOSE THE UNCONDITIONAL RETROSPECTIVE DUTY ON WHICH DISMISSAL DEPENDED, AND THE STANDING ORDER GAVE NOTICE ONLY OF FILING-SPECIFIC CONSEQUENCES WITHOUT PREJUDICE.**

A. **The specific retrospective provisions control the general prospective language.**

The analysis begins with the Standing Order's text. The opening sentence and Sections I through VII principally regulate filings made after entry of the Standing Order: each new filing is to be accompanied by a

certification in the prescribed form. Doc. 70 at 1–6 (§§ I–VII). Section VIII is the provision drafted specifically for documents already on the docket when the Standing Order was entered. Doc. 70 at 6–7 (§ VIII). Where an order contains both a general statement of scope and a specific provision addressed to a defined category, the specific provision governs that category. The retrospective certification enforced in Doc. 80 was governed by Section VIII, not by the general reference to "every filing."

Section VIII's operative words are conditional. Its caption includes "Safe Harbor." It permits a filer who "wishes" to withdraw a previously filed document to do so. It states that the certification "should" be filed — not "shall" or "must" — and only "if" the filer "is confident" that one of two specified conditions is satisfied: that artificial intelligence was not used, or that every cited authority was personally reviewed. Doc. 70 at 6–7 (§ VIII).

This argument does not require the Court to hold that Section VIII was wholly optional in every respect. It is sufficient that the text did not unambiguously communicate the unconditional retrospective command that Doc. 80 later enforced through dismissal of the action. A provision captioned as a safe harbor, offering withdrawal as an alternative, and directing that a certification "should" be filed by a filer who "is confident" of specified facts, is not an unambiguous command that every party file the certification on pain of losing the case.

13

**B.      Section IX supplied the only specifically identified consequence.**

Section IX states that filings affected by Section VIII "may be stricken without prejudice" if no certification is filed. Doc. 70 at 7 (§ IX). Sections I and II employ the same remedial structure for prospective filings: an uncertified filing "may be stricken," and relief requested in an uncertified motion, complaint, or petition "may be denied without prejudice." Doc. 70 at 2–3 (§§ I–II).

Three features of that structure control here. First, the Standing Order distinguishes between a filing and the action: every identified consequence operates on a particular document or a particular request for relief, not on the case. Second, every stated consequence operates without prejudice. Third, no provision states that non-certification will result in dismissal of the case, and no provision states that any consequence will operate as an adjudication on the merits.

Ballentine does not contend that Section IX categorically extinguished all judicial authority to address filing misconduct. The point is narrower: Section IX defined the notice the Standing Order actually gave. A party reading the order was told that the identified consequence of non-certification was the possible striking of individual filings, without prejudice. The escalation in Doc. 80 from that identified consequence to dismissal of the entire action on the merits cannot be characterized as the enforcement of an expressly warned consequence.

**C.    At minimum, the text defeats any finding of willful disobedience.**

Even if the Court were to conclude that Section VIII imposed a duty to certify, the provision's mixed vocabulary precludes treating non-certification as willful contempt of a clear command. The section pairs "requirements" with "Safe Harbor" in the same provision. It uses "should" where "shall" or "must" would have expressed a command. It conditions the certification on the filer being "confident" of specified facts. And the consequence it identifies is discretionary — the filing "may" be stricken — and without prejudice. Doc. 70 at 6–7 (§§ VIII–IX).

A party cannot willfully defy a command the order did not clearly issue. That conclusion matters independently under Rule 41(b), because dismissal requires a clear record of willful contempt. *See infra* Argument V.C.

**D.    Doc. 71's shorthand did not amend the Standing Order.**

Doc. 71 referred to Section VIII as imposing a requirement and requested an extension of its "deadline." Doc. 71 at 1–3. Appellees can be expected to characterize that language as Ballentine's contemporaneous concession that Section VIII commanded certification.

Four points answer that characterization. First, a pro se motion's shorthand cannot amend the operative language of the Standing Order; the order means what it says regardless of how a party described it in seeking time. Second, requesting additional time to eliminate any risk of noncompliance did not waive the right to contest the meaning or the

15

permissible enforcement of the order. Third, Doc. 71 demonstrates an attempt to comply responsibly — a party who had begun the review and sought time to complete it truthfully — not defiance. Fourth, even under Doc. 71's own reading, the motion was filed before the original period expired and supplies no basis for a finding of willful contempt.

Pro se filings are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). That principle supports a fair reading of Doc. 71 as a request for time to comply; it is not invoked to excuse disobedience of a clear command, because no clear command to certify on pain of dismissal existed.

## II. THE DISTRICT COURT COULD NOT TERMINATE THE ACTION UNDER A JUDGE-CREATED CERTIFICATION PROCEDURE WHERE THE RECORD DOES NOT SHOW ADOPTION UNDER RULE 83 AND § 2071 OR ACTUAL NOTICE OF DISMISSAL.

### A. *Brown* supplies the controlling functional test.

An order of the district court that regulates every filing within its stated scope, prescribes mandatory content that must appear verbatim, forecloses substantial compliance, requires a declaration under penalty of perjury, supplies its own enforcement provisions, and reaches backward to documents filed before the order existed, is a rule of the district court within the meaning of 28 U.S.C. § 2071 — whatever its caption.

That is the holding of *Brown v. Crawford County*, 960 F.2d 1002 (11th Cir. 1992). Confronting judge-specific "Procedures and Policies" that governed summary-judgment practice before two judges of the Middle District of Georgia, this Court held: "We stress that the name given to local procedures is irrelevant. If the purpose of such local procedures, practices or policies is to control practice in a district court in this circuit, such procedures effectively are local rules and must be created in accordance with Rule 83." *Id.* at 1008 n.8. Because the procedures there had not been subjected to the public-comment process Rule 83 establishes, and because they operated to deny parties rights accorded by the Federal Rules, this Court held them "invalid" and directed that their use "cease forthwith." *Id.* at 1008, 1010.

Each feature *Brown* found dispositive appears on the face of Doc. 70. The Standing Order regulates every filing within its stated scope. Doc. 70 at 1. It prescribes mandatory certification language and requires that the language appear verbatim. Doc. 70 at 3–7. It expressly rejects substantial compliance. Doc. 70 at 3. It requires a declaration under penalty of perjury. Doc. 70 at 4–7. It supplies its own enforcement provisions. Doc. 70 at 2–3, 7. And it reaches backward to documents filed before the procedure existed. Doc. 70 at 6–7. A procedure with those features controls practice before the court. Under *Brown*, it is functionally a local rule and could be created only in accordance with Rule 83.

**B.      The record does not show adoption through Rule 83(a) and § 2071.**

Rule 83(a)(1) provides that "[a]fter giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice." Fed. R. Civ. P. 83(a)(1). Section 2071(b) provides that any rule prescribed by a court other than the Supreme Court "shall be prescribed only after giving appropriate public notice and an opportunity for comment." 28 U.S.C. § 2071(b). Section 2071(e) permits a court that determines "there is an immediate need for a rule" to proceed without advance notice and comment, but requires that the court "promptly thereafter afford such notice and opportunity for comment." *Id.* § 2071(e). And § 2071(f) states: "No rule may be prescribed by a district court other than under this section." *Id.* § 2071(f).

The certification procedure enforced in Doc. 80 appears in no federal statute, Federal Rule, or Local Rule of the Middle District of Florida. Doc. 70 was entered by one district judge. It does not state that a majority of the district judges adopted the procedure or that the procedure was subjected to public notice and comment. The district-court record identifies no majority adoption, public notice, comment period, or emergency-rule procedure under § 2071(e). If Doc. 70 functioned as a local rule under *Brown*, the record does not establish compliance with Rule 83(a) or § 2071.

The Supreme Court's decisions confirm the seriousness of these limits. *See Hollingsworth v. Perry*, 558 U.S. 183 (2010) (per curiam) (granting a stay where a district court amended its local rule without the public notice and

opportunity for comment required by § 2071(b)); *Frazier v. Heebe*, 482 U.S. 641 (1987) (invalidating, in the exercise of supervisory authority, a district court local rule restricting bar admission); *United States v. Hvass*, 355 U.S. 570 (1958) (local rule prescribed pursuant to statutory authority and Rule 83 held a "law of the United States" capable of supporting a perjury prosecution). *Brown* remains the controlling application of those limits in this Circuit.

## C.     The alternative Rule 83(b) characterization does not save the dismissal.

If the certification procedure is instead characterized as a case-specific regulation of practice rather than a generalized rule, Rule 83(b) governs, and its second sentence is dispositive: "No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement." Fed. R. Civ. P. 83(b).

The characterization is an either-or proposition, and neither branch supports the dismissal. If Doc. 70 functioned as a generalized practice rule, *Brown* required compliance with Rule 83(a) and § 2071, and the district-court record does not establish such compliance. If Doc. 70 functioned as a case-specific directive under Rule 83(b), no sanction or disadvantage could exceed the actual notice supplied in the particular case. The actual notice supplied by Doc. 70 concerned striking particular filings, denying requested

relief, and action without prejudice. Doc. 70 at 2–3, 7 (§§ I–II, IX). It did not concern dismissal of the entire action or an adjudication on the merits.

## D.    Rule 83(a)(2) independently limits enforcement.

In the alternative, to the extent the required verbatim certification was a requirement of form, Rule 83(a)(2) prohibited its enforcement in the manner Doc. 80 employed: "A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). The Standing Order required exact wording and expressly rejected substantial compliance. Doc. 70 § IV. Doc. 80 contains no finding of willfulness. Dismissal of the action was the maximum possible loss of rights. If Rule 83(a)(2) prohibits a duly adopted local rule from being enforced in that manner, a judge-specific standing order cannot evade the same limitation.

## E.    Doc. 6 did not provide actual notice.

The dismissal order relied for notice on Doc. 6. Doc. 80 at 1. Doc. 6 predated the Standing Order by one hundred three days. It concerned compliance with the district's revised Local Rules. It did not identify an artificial-intelligence certification. It did not identify retrospective review of previously filed authorities. It did not identify a ten-day period. It did not state that failure to file a retrospective certificate would terminate the action. Doc. 6.

A generic statement that violation of the Local Rules or of court orders may result in sanctions cannot supply actual notice of a later-created requirement whose own sanction provision gives materially different notice. Due process requires notice reasonably calculated to apprise the party of the conduct at issue and the sanction contemplated. *Donaldson v. Clark*, 819 F.2d 1551, 1559–60 (11th Cir. 1987) (en banc) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Doc. 6 identified neither the conduct nor the sanction, because neither existed when Doc. 6 was entered.

## F.     *McNair* **is distinguishable on its own terms.**

In *McNair v. Johnson*, No. 24-10153, slip op. at 2–3, 11–14 (11th Cir. July 14, 2025), this Court affirmed a dismissal expressly entered without prejudice. The standardized prisoner complaint form warned that failure to disclose prior cases could result in dismissal. *Id.* at 2–3. The applicable local rules had been promulgated under Rule 83 and § 2071. *Id.* at 11–12 & n.3. The Court concluded that dismissal without prejudice was an appropriate response to the plaintiff's violation of the form and local rules. *Id.* at 13–14.

Four distinctions control here. First, the district-court record does not show that Doc. 70 was adopted as a district local rule under Rule 83 and § 2071. Second, the form and local rule in *McNair* expressly warned of dismissal, while Doc. 70 identified only filing-specific action without prejudice. Third, the dismissal in *McNair* was expressly without prejudice, while Doc. 80 is silent as to prejudice and therefore operates as an

21

adjudication on the merits under Rule 41(b). Fourth, *McNair* enforced the consequence actually disclosed to the litigant; Doc. 80 imposed a consequence not identified in Doc. 70.

### G.     The Rule 83 and § 2071 questions are properly before the Court.

Doc. 71 did not present the Rule 83 and § 2071 objection. Four considerations establish that the objection is nonetheless properly presented on appeal. First, the issue ripened only when Doc. 80 imposed a consequence not identified anywhere in Doc. 70; until then, the Standing Order's stated consequences were filing-specific and without prejudice, and there was no occasion to contest a dismissal sanction. Second, the district court dismissed the action sua sponte, without affording Ballentine a pre-dismissal opportunity to object to the sanction or its source. Third, the question is predominantly legal and is resolved from the face of Docs. 6, 70, 71, and 80. Fourth, this Court may consider an issue not raised below where the issue presents a pure question of law and refusal to consider it would result in a miscarriage of justice, or where the party had no opportunity to raise the objection in the district court. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004). Each circumstance is present.

## III. THE DISMISSAL RESTED ON A MATERIAL MISDESCRIPTION OF DOC. 71 AND ON A JULY 20 DEADLINE THAT NO ORDER HAD MADE OPERATIVE BEFORE IT PASSED.

### A. Doc. 71 requested forty-five days, not twenty.

Doc. 71 requested an extension of the certification date from June 5, 2026 through July 20, 2026 — forty-five additional days, and expressly identified as such. Doc. 71 at 2. Doc. 80 described that request as one for "an additional twenty days." Doc. 80 at 1. The description was objectively incorrect.

The error was material because Doc. 80 purported to grant a motion that it materially misdescribed and then relied on the supposed extension as part of the rationale for dismissal. The order evaluated the asserted noncompliance against an inaccurate account of the relief requested. A discretionary ruling resting on a clearly erroneous assessment of the record is an abuse of discretion. *Cooter & Gell*, 496 U.S. at 405.

### B. July 20 was a requested date, not an operative deadline established by any order.

The sequence is controlling. Doc. 71 was filed on June 2, 2026, before the original period expired. The district court did not rule on the motion before the original period expired. The court did not rule before July 20. On July 24, the court purported to grant the extension and simultaneously dismissed the action for failure to certify by July 20. Doc. 80.

No order established July 20 as a deadline before that date passed. A party cannot be found to have violated an order that did not exist when the date passed. The first order to give July 20 any operative significance was the order that dismissed the action for missing it.

## C.    Doc. 80 adopted mutually inconsistent premises.

Doc. 80 stated both that Ballentine remained bound by the Standing Order's original deadline and that he received the benefit of the additional time requested through July 20. Doc. 80 at 1. Those propositions cannot both define the operative deadline. If the original deadline remained operative, July 20 was legally irrelevant, and the dismissal's stated basis — failure to certify by July 20 — describes the violation of a date without legal effect. If July 20 was the operative deadline, it became so only through the July 24 order, entered after the date had passed.

The point is not that the filing of an extension motion automatically suspended the original deadline. The point is that the district court expressly granted the extension and then imposed dismissal based on a date that became court-authorized only after it had passed. Neither premise supports treating the interval as a violation of a court order.

## D.    The record contradicted the finding of inability.

Doc. 80 rested in part on Ballentine's asserted "inability to certify compliance with Rule 11 of the Federal Rules of Civil Procedure." Doc. 80 at 1. The supporting declaration stated the opposite: that review of the cited

authorities had begun; that the difficulty was the volume of authorities and the ten-day period; and that the additional time would permit completion of a truthful certification. Doc. 71-1 at 2–3 (¶¶ 5–6, 9–11). That is an asserted need for time, not an admission of inability. The postjudgment certificate, Doc. 83 at 1, further rebuts any categorical finding of inability; it is not offered as retroactive compliance with July 20, but it forecloses the premise that certification was impossible. A finding contradicted by the record on which it rests cannot support the sanction imposed. *Cooter & Gell*, 496 U.S. at 405.

**E.      Knowledge of a requested date is not violation of a court order.**

Appellees can be expected to respond that Ballentine himself selected July 20 and therefore knew what he intended to accomplish by that date. Knowledge of a requested date is not the same as violation of a court order, and the distinction matters where dismissal requires willful disobedience of an order. Doc. 80 made no finding that any failure was intentional, contumacious, prejudicial, or part of a pattern. And even assuming noncompliance with some operative obligation, the two record errors described above independently undermine the justification for the most severe sanction available.

## IV. THE DISTRICT COURT COULD NOT RELY ON AN ASSERTED INABILITY TO COMPLY WITH RULE 11 WITHOUT THE PROCESS REQUIRED BY RULE 11(c)(3) OR ANY IDENTIFIED RULE 11 VIOLATION.

### A. Section VIII's certification was not equivalent to Rule 11 compliance.

Rule 11(b) addresses four certifications made by presenting a paper to the court: that it is not presented for an improper purpose; that the legal contentions are warranted by existing law or a nonfrivolous argument for its extension, modification, or reversal; that the factual contentions have or will likely have evidentiary support; and that denials of factual contentions are warranted. Fed. R. Civ. P. 11(b)(1)–(4).

Section VIII's abbreviated retrospective certificate addressed a different and narrower subject: whether artificial intelligence was not used or, if used, whether every cited authority was personally reviewed. Doc. 70 § VIII. The absence of that certificate established nothing about the four subjects of Rule 11(b). A party's failure to file a document attesting to his drafting process is not a determination that the party was "unable to certify compliance with Rule 11" as a whole.

### B. Doc. 80's Rule 11 finding presents a dispositive dilemma.

1. If the finding was a Rule 11 adjudication, the required process was omitted. Rule 11(c)(3) provides: "On its own, the court may order an

attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). No show-cause order issued. No order described specific conduct. No opportunity to respond preceded the finding.

The omission is dispositive under this Court's precedent. A court-initiated Rule 11 sanction requires a show-cause order supplying notice and an opportunity to be heard, is measured against a heightened standard "akin to contempt," and is reviewed with "particular stringency." *Kaplan*, 331 F.3d at 1255–56. The record contains nothing approaching that standard. Doc. 80 identified no nonexistent authority, no fabricated quotation, no citation that failed to support the proposition for which it was cited, no false factual assertion, no frivolous claim or contention, and no improper purpose.

2.    If the finding was not a Rule 11 adjudication, it was an unsupported conclusion. If the district court did not adjudicate a Rule 11 violation, then its statement that Ballentine was unable to certify compliance with Rule 11 was a factual conclusion concerning a rule the court was not actually applying through Rule 11(c) — unsupported by any identified deficiency in any filing, and contradicted by the supporting declaration, Doc. 71-1, which stated that the review required for a truthful certification could be completed with adequate time. Doc. 71-1 at 3 (¶¶ 10–11).

Either construction defeats the dismissal. A dismissal resting on a Rule 11 adjudication without Rule 11 process cannot stand; a dismissal resting on a Rule 11 conclusion without a Rule 11 adjudication cannot stand either.

## C.   Due process independently required notice and an opportunity to respond.

Apart from Rule 11(c)(3), due process required notice identifying the conduct at issue and the source and nature of the contemplated sanction, and an opportunity to respond before the sanction issued. *Donaldson*, 819 F.2d at 1559–60; *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306 (11th Cir. 2002); *Glatter v. Mroz* (*In re Mroz*), 65 F.3d 1567 (11th Cir. 1995). The only notice Doc. 80 identified was Doc. 6 — a generic Local Rules notice entered one hundred three days before the certification procedure existed, identifying neither the conduct nor the sanction. *Supra* Argument II.E.

## D.   Inherent power cannot supply an alternative basis for affirmance.

Appellees may urge affirmance on the district court's inherent power. The key to unlocking a court's inherent power is a finding of bad faith. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991) (inherent-power sanctions require a higher showing than the reasonableness standard of Rule 11). Absent direct evidence of subjective bad faith, inherent authority requires at minimum that the party knowingly or recklessly pressed a frivolous position. *Purchasing Power*, 851 F.3d at 1224–25.

Doc. 80 did not invoke inherent power. It did not find bad faith. It identified no fabricated authority. It found no intentional deception. An appellate court should not affirm on a bad-faith theory the district court

never articulated and the record does not support: the only conduct in the record is a timely motion for additional time to complete a truthful certification.

**E.     This Court's recent decision in *Parnell* illustrates what was absent here.**

In *Parnell v. Florida Department of Corrections*, No. 25-11166, slip op. at 3–6 (11th Cir. July 10, 2026), this Court confronted a reply brief containing two nonexistent court opinions and at least five nonexistent quotations. The Court ordered supplemental briefing, struck the affected portions of the reply brief, awarded attorney's fees incurred in preparing the sanctions motion, referred counsel to the Committee on Lawyer Qualifications and Conduct, and affirmed the judgment. *Id.*

The comparison is limited to two points. First, *Parnell* demonstrates that actual citation misconduct can be specifically identified: the nonexistent opinions and quotations were identified. Doc. 80 identified no nonexistent opinion, fabricated quotation, or unsupported citation. Second, *Parnell* demonstrates the availability of notice, an opportunity to explain, and targeted sanctions tied to identified misconduct. Here, no comparable process preceded dismissal, and no citation misconduct was identified.

## V. DISMISSAL INDEPENDENTLY VIOLATED RULE 41(b) BECAUSE THE DISTRICT COURT FOUND NEITHER WILLFUL CONTEMPT NOR THE INADEQUACY OF LESSER SANCTIONS.

### A. Doc. 80 operated as an adjudication on the merits.

Rule 41(b) provides: "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Doc. 80 dismissed the action and did not state that the dismissal was without prejudice. Doc. 80 at 1. No enumerated exception applies. The dismissal therefore operates as an adjudication on the merits, and the standard governing dismissal with prejudice applies without any need to establish that a statute of limitations would bar refiling.

### B. *Betty K* required two findings, and Doc. 80 contains neither.

District courts possess inherent authority to manage their dockets. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–31 (1962). This Court has articulated the outer boundary of that authority where the sanction is dismissal with prejudice: such a dismissal is plainly improper "unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005); *accord Goforth v. Owens*, 766

F.2d 1533, 1535 (11th Cir. 1985) ("clear record of delay or willful contempt and a finding that lesser sanctions would not suffice").

*Betty K* reversed a dismissal on a record materially similar in its dispositive respect: the dismissal order there "contain[ed] no findings of any sort; it merely identifie[d] the rules" the plaintiff purportedly violated. 432 F.3d at 1338–39. Doc. 80 has the same architecture. It identifies asserted noncompliance with the Standing Order. It makes no finding of a clear record of delay. It makes no finding of willful contempt. It makes no finding that lesser sanctions would not suffice. On *Betty K*'s terms, the analysis can end there.

## C.   The record could not have supported the missing findings.

The record consists of: one disputed retrospective certification; a motion for additional time filed before the original period expired; a supporting declaration stating that review of the authorities had begun and that additional time would permit a truthful certification; no identified false or unsupported citation; no prior order striking any filing for non-certification; no finding of prejudice to any party; no repeated violation of any order; and no course of contumacious conduct. Docs. 70, 71, 71-1, 80.

This Court has vacated dismissals on stronger records than that. In *Mingo v. Sugar Cane Growers Co-op of Florida*, 864 F.2d 101, 102–03 (11th Cir. 1989), the district court had warned the plaintiff at least twice that further delay might yield dismissal; this Court nonetheless vacated because the

lesser-sanctions finding was absent, and declined to infer it: "we have never suggested that the district court need not make that finding." *Id.* at 102. In *McKelvey v. AT&T Technologies, Inc.*, 789 F.2d 1518 (11th Cir. 1986), this Court reversed a dismissal where simple negligence, not willful conduct, explained the inaction. Simple negligence — and *a fortiori* a timely motion supported by a declaration requesting additional time — does not justify dismissal with prejudice. *See also Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir. 1986) (vacating where the district court neither found willful contempt nor considered lesser sanctions); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454 (11th Cir. 1995) (vacating where the lesser-sanctions finding was absent); *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976) (abuse of discretion to dismiss with prejudice absent contumacious conduct and a lesser-sanctions determination).[1]

[1] Decisions of the former Fifth Circuit rendered before October 1, 1981 are binding in this Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

## D.    Section IX makes the absence of the lesser-sanctions finding especially apparent.

The district court did not need to search for a lesser sanction. Its own Standing Order identified one: an affected filing "may be stricken without prejudice." Doc. 70 at 7 (§ IX). Doc. 80 neither used nor discussed that

response. Nor did it explain why any of the following would have been inadequate: striking a particular filing; ordering a certificate by a newly established date; requiring a filing-specific explanation; issuing a Rule 11(c)(3) show-cause order; or imposing no sanction pending completion of the review described in Doc. 71.

These alternatives are not requested relief. Ballentine does not ask this Court to select a sanction or to remand for the selection of one. The alternatives establish that the second, indispensable *Betty K* finding — that lesser sanctions would not suffice — was absent, and that its absence was not an oversight of phrasing: the order never engaged with the lesser response its own text prescribed.

### E.    The boundary cases do not support this dismissal.

*Zocaras*. In *Zocaras v. Castro*, 465 F.3d 479 (11th Cir. 2006), the plaintiff filed more than thirty pleadings and motions under a false name and disclosed his true identity only after a jury was seated; this Court held that a determination that no other sanction would suffice radiated from the district court's explanation for the dismissal. Nothing comparable exists here: one certification dispute, one unresolved extension request, no finding of intentional misconduct, and no explanation from which the inadequacy of Section IX's own prescribed remedy could radiate.

*Phipps*. In *Phipps v. Blakeney*, 8 F.3d 788 (11th Cir. 1993), the record showed repeated, personal defiance of court orders over an extended period,

and this Court held that some records "speak for themselves." The same opinion recognized that the failure to explain why a lesser sanction was not used "may result, in the close cases, in a reversal or vacation of an order of dismissal." *Id.* at 790. This record does not speak for itself in favor of dismissal; it consists of a timely request for time and a supporting declaration describing ongoing compliance efforts.

*McNair*. *McNair* affirmed a dismissal expressly entered without prejudice where a standardized form warned of dismissal and the applicable local rules had been promulgated under Rule 83 and § 2071. *McNair*, slip op. at 2–3, 11–14. Doc. 80 is silent as to prejudice and therefore operates on the merits. The district-court record does not show that Doc. 70 was adopted as a district local rule under Rule 83 and § 2071, and Doc. 70 warned only of filing-specific action without prejudice.

## CONCLUSION

No fabricated authority was identified, no unsupported citation was identified, no show-cause order issued, no willfulness finding was made, and no lesser-sanctions finding was made. The action was nevertheless dismissed based on a retrospective certification procedure whose own text identified only the possible striking of individual filings without prejudice.

For the reasons stated above, the Court should reverse the dismissal and remand the action for further proceedings.

Date: August 3, 2026                        Respectfully submitted,

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
Telephone: (407) 794-6503
jayballentine@protonmail.com
Plaintiff-Appellant, *pro se*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains **7,871** words, excluding the parts of the brief exempted by Rule 32(f). This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it uses a proportionally spaced Palatino typeface in 14-point type.

Marvelle J. Ballentine
Plaintiff-Appellant, *pro se*

## CERTIFICATE OF SERVICE

I certify that on August 3, 2026, I electronically filed the foregoing Brief of Appellant with the Clerk of the United States Court of Appeals for the Eleventh Circuit using the Court's appellate CM/ECF system. The CM/ECF system will send notice of the filing to the following counsel of record:

Ariel Deray Deitchman

I further certify that on August 3, 2026, I served the following counsel of record by depositing true and correct copies of the foregoing in the United States Mail, first-class postage prepaid, addressed as follows:

Diana Marie Fassbender
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Ave NW
Washington, DC 20037

Marianna Chapleau
Kirkland & Ellis, LLP
830 Brickell Plaza
Miami, FL 33131

Lauren M. Spiwak
Kirkland & Ellis, LLP
4550 Travis St
Dallas, TX 75205

Patrick Owen Malone
Kirkland & Ellis, LLP
830 Brickell Plaza
Miami, FL 33131

Marvelle J. Ballentine
Plaintiff-Appellant, *pro se*