No. 26-12641-GG

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

MARVELLE J. BALLENTINE,

*Plaintiff-Appellant,*

v.

DEVIN S. ANDERSON; META PLATFORMS, INC.;
and CHRISTOPHER W. KEEGAN,

*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the Middle District of Florida
No. 5:26-cv-00472-AGM-PRL

---

# APPENDIX TO BRIEF OF APPELLANT
## VOLUME 1 OF 1

---

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
Telephone: (407) 794-6503
jayballentine@protonmail.com
*Plaintiff-Appellant, pro se*

# INDEX TO APPENDIX

Volume 1 of 1

*Tab numbers correspond to the district court docket entry numbers.  11th Cir. R. 30-1.*

| Tab | Date | Document |
|---|---|---|
| DS | | District Court Docket Sheet, No. 5:26-cv-00472-AGM-PRL (through July 29, 2026) |
| 1 | 02/09/2026 | Complaint |
| 4 | 02/11/2026 | Amended Complaint |
| 6 | 02/13/2026 | Notice to Counsel and Parties (text-only docket entry; docket sheet excerpt) |
| 20 | 03/04/2026 | Second Amended Complaint |
| 70 | 05/27/2026 | Standing Order Requiring Disclosure of Use of Artificial Intelligence |
| 71 | 06/02/2026 | Time-Sensitive Motion for Extension of Time to Comply with Section VIII of the Standing Order |
| 71-1 | 06/02/2026 | Declaration in Support of Motion for Extension of Time |
| 72 | 06/04/2026 | Certificate of Compliance (Defendants Anderson and Keegan) |
| 74 | 06/08/2026 | Certificate of Compliance with Rule 11 (Defendant Meta Platforms, Inc.) |
| 76 | 06/26/2026 | Order Transferring Case to Ocala Division |
| 77 | 06/30/2026 | Transfer In from Orlando Division (text-only docket entry; docket sheet excerpt) |
| 78 | 07/16/2026 | Order Transferring Case to United States District Judge Anne-Leigh Gaylord Moe |
| 79 | 07/17/2026 | Reassignment to Judge Anne-Leigh Gaylord Moe (text-only docket entry; docket sheet excerpt) |
| 80 | 07/24/2026 | Endorsed Order Granting Motion for Extension of Time and Dismissing Case (text-only endorsed order; Notice of Electronic Filing and docket sheet excerpt) |
| 82 | 07/28/2026 | Notice of Appeal |
| 83 | 07/28/2026 | Certificate of Compliance re Standing Order |
| | | Certificate of Service |

**TAB**

# DOCKET SHEET

District Court Docket Sheet

*Middle District of Florida, No. 5:26-cv-00472-AGM-PRL*

APPEAL,CLOSED,STAYED

# U.S. District Court
# Middle District of Florida (Ocala)
# CIVIL DOCKET FOR CASE #: <u>5:26–cv–00472–AGM–PRL</u>

|  |  |
|---|---|
| Ballentine v. Accenture LLP et al | Date Filed: 02/09/2026 |
| Assigned to: Judge Anne–Leigh Gaylord Moe | Date Terminated: 07/24/2026 |
| Referred to: Magistrate Judge Philip R. Lammens | Jury Demand: Plaintiff |
| Demand: $9,999,000 | Nature of Suit: 320 Assault Libel & Slander |
| Case in other court:  11th Circuit, 26–11228 | Jurisdiction: Diversity |
| Cause: 28:1332 Diversity–Libel, Assault, Slander |  |

**Plaintiff**

**Marvelle J. Ballentine**  
*also known as*  
Jay

represented by **Marvelle J. Ballentine**  
7862 W. Irlo Bronson Memorial Hwy. #82  
Kissimmee, FL 34747  
407–794–6503  
Email: <u>jayballentine@protonmail.com</u>  
PRO SE

V.

**Defendant**

**Accenture LLP**  
*TERMINATED: 03/04/2026*

**Defendant**

**Devin S. Anderson**

represented by **Marianna Chapleau**  
Kirkland & Ellis LLP  
830 Brickell Plaza  
Miami, FL 33131  
203–675–7650  
Email: <u>mchapleau@kirkland.com</u>  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Ariel Deray Deitchman**  
Kirkland & Ellis LLP  
830 Brickell Plaza  
Miami, FL 33131  
305–432–5676  
Email: <u>ariel.deitchman@kirkland.com</u>  
*ATTORNEY TO BE NOTICED*

**Diana Marie Fassbender**  
Orrick, Herrington & Sutcliffe LLP  
215 NW 24th Street  
Suite 200

1

Miami, FL 33127
202–339–8533
Fax: 202–339–8500
Email: dszego@orrick.com
*ATTORNEY TO BE NOTICED*

**Lauren M. Spiwak**
Kirkland & Ellis LLP
4550 Travis Street
Dallas, TX 75205
214–432–5042
Fax: 214–972–1771
Email: lauren.spiwak@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick Owen Malone**
Kirkland & Ellis LLP
830 Brickell Plaza
Miami, FL 33131
305–432–5703
Email: patrick.malone@kirkland.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kirkland & Ellis LLP**
*TERMINATED: 03/04/2026*

**Defendant**

**Meta Platforms, Inc.**                represented by    **Diana Marie Fassbender**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Christopher W. Keegan**            represented by    **Marianna Chapleau**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ariel Deray Deitchman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Diana Marie Fassbender**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lauren M. Spiwak**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Patrick Owen Malone**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/09/2026 | 1 | COMPLAINT against All Defendants with Jury Demand Filing fee $405, receipt number 117712 filed by Marvelle J. Ballentine. (Attachments: # 1 Civil Cover Sheet)(LJC) Modified on 2/9/2026 as to docket text (LJC). (Entered: 02/09/2026) |
| 02/09/2026 | 2 | SUMMONS issued as to Accenture LLP, Kirland & Ellis LLP, Meta Platforms, Inc. (in person). (LJC) (Entered: 02/09/2026) |
| 02/09/2026 | 3 | MOTION for Miscellaneous Relief, specifically to File Electronically by Marvelle J. Ballentine. (LJC) (Entered: 02/09/2026) |
| 02/11/2026 | 4 | AMENDED COMPLAINT against All Defendants with Jury Demand. filed by Marvelle J. Ballentine. Related document: 1 Complaint, filed by Marvelle J. Ballentine.(LJC) (Entered: 02/11/2026) |
| 02/11/2026 | 5 | SUMMONS issued as to All Defendants (in person). (LJC) Modified on 2/11/2026 as to docket text (LJC). (Entered: 02/11/2026) |
| 02/13/2026 | 6 | **NOTICE TO COUNSEL AND PARTIES: The Middle District of Florida's revised Local Rules became effective November 1, 2025, and can be found on the Court's public website https://www.flmd.uscourts.gov/local−rules. For a just and efficient resolution of this case, the parties are DIRECTED to read and comply with the Middle District of Florida's Local Rules. See Local Rule 1.01(a). Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice. Signed by Judge Anne−Leigh Gaylord Moe on 2/13/2026. (RMF)** (Entered: 02/13/2026) |
| 02/13/2026 | 7 | NOTICE of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (RMF) (Entered: 02/13/2026) |
| 02/17/2026 | 8 | RETURN of service executed on 02/12/2026 by Marvelle J. Ballentine as to Meta Platforms, Inc. (LJC) (Entered: 02/17/2026) |
| 02/17/2026 | 9 | RETURN of service executed on 02/12/2026 by Marvelle J. Ballentine as to Devin S. Anderson. (LJC) (Entered: 02/17/2026) |
| 02/17/2026 | 10 | RETURN of service executed on 02/12/2026 by Marvelle J. Ballentine as to Accenture LLP. (LJC) (Entered: 02/17/2026) |

3

| 02/18/2026 | 11 | **ORDER: Plaintiff Marvelle J. Ballentine is ordered to show cause as to why the case should not be dismissed for failure to sufficiently allege diversity of citizenship to support federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Show Cause Response due by 3/4/2026. Signed by Judge Anne–Leigh Gaylord Moe on 2/18/2026. (LIA)** (Entered: 02/18/2026) |
|---|---|---|
| 02/18/2026 | 12 | RETURN of service executed on 02/12/2026 by Marvelle J. Ballentine as to Kirkland & Ellis LLP. (LJC) (Entered: 02/19/2026) |
| 02/19/2026 | 13 | **ORDER ON DISCOVERY MOTIONS. Signed by Magistrate Judge Daniel C. Irick on 1/2/2020. (TNP)** (Entered: 02/19/2026) |
| 02/19/2026 | 14 | RESPONSE TO ORDER TO SHOW CAUSE re 11 Order to show cause filed by Marvelle J. Ballentine. (LJC) (Entered: 02/19/2026) |
| 02/19/2026 | 15 | MOTION to Amend 4 Amended Complaint by Marvelle J. Ballentine. (LJC) Motions referred to Magistrate Judge Daniel C. Irick. (Proposed Order not provided). Modified on 2/19/2026 as to docket text (LJC). (Entered: 02/19/2026) |
| 02/23/2026 | 16 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Marvelle J. Ballentine. (LJC) (Entered: 02/23/2026) |
| 02/23/2026 | 17 | NOTICE of a related action per Local Rule 1.07(c) by Marvelle J. Ballentine. Related case(s): Yes (LJC) (Entered: 02/23/2026) |
| 02/25/2026 | 18 | **ENDORSED ORDER granting in part 15 Motion Under Fed.R.Civ.P. 21 to Drop Certain Defendants Without Prejudice. The Motion is granted to the extent that, on or before 3/4/2026, Plaintiff is directed to file a Second Amended Complaint that identifies the Defendants in this case and the citizenship of all remaining parties. The Second Amended Complaint may not reference or incorporate any prior pleading, and must include all claims, allegations, and parties. This Order does not purport to discharge or rule upon the pending 11 Order to Show Cause. The Motion is denied without prejudice to the extent it requests further relief. Signed by Magistrate Judge Daniel C. Irick on 2/25/2026. (Irick, Daniel)** (Entered: 02/25/2026) |
| 03/04/2026 | 19 | WAIVER of service returned executed on 03/03/2026 by Marvelle J. Ballentine as to Christopher W. Keegan. (LJC) (Entered: 03/04/2026) |
| 03/04/2026 | 20 | Second AMENDED COMPLAINT against Devin S. Anderson, Christopher W. Keegan, Meta Platforms, Inc. with Jury Demand. Terminating Accenture LLP and Kirkland & Ellis LLP filed by Marvelle J. Ballentine. Related document: 4 Amended Complaint filed by Marvelle J. Ballentine.(LJC) (Entered: 03/04/2026) |
| 03/05/2026 | 21 | **STANDING ORDER REQUIRING DISCLOSURE OF THIRD–PARTY LITIGATION FUNDING. Signed by Judge Anne–Leigh Gaylord Moe on 3/5/2026. (RMF)** (Entered: 03/05/2026) |
| 03/09/2026 | 22 | NOTICE of a related action per Local Rule 1.07(c) by Marvelle J. Ballentine. Related case(s): Yes (LJC) (Entered: 03/09/2026) |
| 03/09/2026 | 23 | NOTICE by Marvelle J. Ballentine re 21 Standing Order, Certification of No Third–Party Litigation Funding. (LJC) (Entered: 03/09/2026) |
| 03/18/2026 | 24 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Devin S. Anderson. (Chapleau, Marianna) (Entered: 03/18/2026) |

| 03/18/2026 | 25 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Christopher W. Keegan. (Chapleau, Marianna) (Entered: 03/18/2026) |
|---|---|---|
| 03/18/2026 | 26 | MOTION to Dismiss 20 Second Amended Complaint for Failure to State a Claim by Devin S. Anderson, Christopher W. Keegan. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Chapleau, Marianna) Modified on 3/19/2026 as to docket text (LJC). (Entered: 03/18/2026) |
| 03/19/2026 | 27 | NOTICE TO COUNSEL Lauren M. Spiwak Local Rule 2.01(c), Special Admission – File a Motion to Appear Pro Hac Vice. Co–counsel with filing rights may electronically file the motion on behalf of the lawyer seeking Special Admission or the motion may be filed in paper format; Pay the Special Admission Fee; (Signed by Deputy Clerk). (LJC) (Entered: 03/19/2026) |
| 03/20/2026 | 29 | RESPONSE in Opposition re 26 MOTION to Dismiss for Failure to State a Claim filed by Marvelle J. Ballentine. (MLB) (Entered: 03/23/2026) |
| 03/20/2026 | 30 | CERTIFICATE of service re 29 Response in Opposition to Motion by Marvelle J. Ballentine. (MLB) (Entered: 03/23/2026) |
| 03/20/2026 | 31 | NOTICE of Designated Communication Protocol by Marvelle J. Ballentine. (Attachments: # 1 Declaration of Marvelle J. Ballentine)(MLB) (Entered: 03/23/2026) |
| 03/23/2026 | 28 | Time Sensitive MOTION for Miscellaneous Relief, specifically for Scheduling Directive Regarding Rule 26(f) Conference and Case Management Report by Marvelle J. Ballentine. (MLB) (Chambers Notified) (Entered: 03/23/2026) |
| 03/23/2026 | 32 | CERTIFICATE of Service re 20 Amended Complaint by Marvelle J. Ballentine. (MLB) (Entered: 03/23/2026) |
| 03/27/2026 | 33 | MOTION for Leave to File a Reply in Support of Their Motion to Dismiss by Devin S. Anderson, Christopher W. Keegan. (Chapleau, Marianna) Motions referred to Magistrate Judge Daniel C. Irick. (Entered: 03/27/2026) |
| 03/27/2026 | 34 | NOTICE of a related action per Local Rule 1.07(c) by Devin S. Anderson, Christopher W. Keegan. Related case(s): Yes (Chapleau, Marianna) (Entered: 03/27/2026) |
| 03/27/2026 | 35 | MOTION for Lauren M. Spiwak to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–24683151 for $150 by Devin S. Anderson, Christopher W. Keegan. (Chapleau, Marianna) Motions referred to Magistrate Judge Daniel C. Irick. (Entered: 03/27/2026) |
| 03/30/2026 | 36 | **ENDORSED ORDER granting 33 Motion for Leave to File Reply. On or before 4/3/2026, Defendants may file the requested reply. Signed by Magistrate Judge Daniel C. Irick on 3/30/2026. (Irick, Daniel)** (Entered: 03/30/2026) |
| 03/30/2026 | 37 | **ENDORSED ORDER granting 35 Motion to Appear Pro Hac Vice. Lauren M. Spiwak is granted special admission to practice in the Middle District for purposes of this action pursuant to Local Rule 2.01(c), provided counsel shall register for and use the electronic filing system as adopted by the Court. Signed by Magistrate Judge Daniel C. Irick on 3/30/2026. (Irick, Daniel)** (Entered: 03/30/2026) |
| 03/30/2026 | 38 | CERTIFICATE of compliance re 21 Standing Order / *Certification of No Third–Party Litigation Funding* by Devin S. Anderson, Christopher W. Keegan. (Chapleau, |

5

| | | |
|---|---|---|
| | | Marianna) (Entered: 03/30/2026) |
| 04/02/2026 | 39 | Time–Sensitive MOTION for Miscellaneous Relief, specifically for Administrative Reassignment by Marvelle J. Ballentine. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(LJC) (Entered: 04/02/2026) |
| 04/02/2026 | 40 | DECLARATION of Marvelle J. Ballentine in Support of Plaintiff's Urgent Motion for Recusal and to Identify Deficiency, Toll Cure Period, and Clarify Service by Marvelle J. Ballentine (Per Plaintiff, motion not to be filed in this case). (LJC) (Entered: 04/02/2026) |
| 04/02/2026 | 41 | **ENDORSED ORDER denying 39 Time–Sensitive Petition for Administrative Reassignment. Signed by Judge Anne–Leigh Gaylord Moe on 4/2/2026. (TAH)** (Entered: 04/02/2026) |
| 04/03/2026 | 42 | REPLY to Response to Motion re 26 MOTION to Dismiss for Failure to State a Claim / *Reply in Support of Their Motion to Dismiss All Claims Against Them* filed by Devin S. Anderson, Christopher W. Keegan. (Attachments: # 1 Exhibit 1)(Chapleau, Marianna) (Entered: 04/03/2026) |
| 04/03/2026 | 43 | NOTICE of Lead Counsel Designation by Diana Marie Fassbender on behalf of Meta Platforms, Inc.. Lead Counsel: Diana Marie Fassbender. (Fassbender, Diana) (Entered: 04/03/2026) |
| 04/03/2026 | 44 | MOTION to Dismiss Plaintiff's Second Amended Complaint by Meta Platforms, Inc.. (Fassbender, Diana) (Entered: 04/03/2026) |
| 04/03/2026 | 45 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Meta Platforms, Inc.. (Fassbender, Diana) (Entered: 04/03/2026) |
| 04/09/2026 | 46 | MOTION for Extension of Time to File Response/Reply as to 44 MOTION to Dismiss Plaintiff's Second Amended Complaint by Marvelle J. Ballentine. (ARL) Motions referred to Magistrate Judge Daniel C. Irick. (Entered: 04/09/2026) |
| 04/09/2026 | 47 | NOTICE of Intent to Serve Subpoena on National Center for Missing & Exploited Children by Marvelle J. Ballentine (Attachments: # 1 Exhibit A)(LJC) (Entered: 04/09/2026) |
| 04/10/2026 | 48 | **ENDORSED ORDER granting 46 Motion for Extension of Time to File Response to 44 Motion to Dismiss. Plaintiff's response to the Motion to Dismiss is due by 5/8/2026. However, the Federal Rules of Civil Procedure in many instances provide for additional time for parties who receive service by mail. See Fed.R.Civ.P. 6(d), so service by mail alone is not good cause to extend a deadline. Signed by Magistrate Judge Daniel C. Irick on 4/10/2026. (Irick, Daniel)** (Entered: 04/10/2026) |
| 04/16/2026 | 52 | ***11th Circuit Case Number: 26–11228 for Writ of Mandamus filed in USCA on 4/14/2026. (RN) (Entered: 04/22/2026) |
| 04/21/2026 | 49 | Defendants' Joint MOTION to Stay Discovery and Hold Rule 26(F) Requirements in Abeyance Pending Resolution of Motions to Dismiss by Devin S. Anderson, Christopher W. Keegan. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Chapleau, Marianna) Motions referred to Magistrate Judge Daniel C. Irick. Modified on 4/22/2026 to edit docket text. (WLB). (Entered: 04/21/2026) |

| 04/21/2026 | 50 | Time Sensitive MOTION for Protective Order by Devin S. Anderson, Christopher W. Keegan. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Chapleau, Marianna) Motions referred to Magistrate Judge Daniel C. Irick. (Chambers Notified) Modified on 4/22/2026 to edit docket text. (WLB). (Entered: 04/21/2026) |
|---|---|---|
| 04/22/2026 | 51 | RESPONSE in Opposition re 50 Time Sensitive MOTION for Protective Order filed by Marvelle J. Ballentine. (WLB) (Entered: 04/22/2026) |
| 04/22/2026 | 53 | RESPONSE in Opposition re 49 Joint MOTION to Stay Discovery *and Hold Rule 26(F) Requirements in Abeyance Pending Resolution of Motions to Dismiss* filed by Marvelle J. Ballentine. (LJC) (Main Document 53 replaced on 4/23/2026) (LJC). Modified on 4/23/2026 to correct document (LJC). (Entered: 04/23/2026) |
| 04/24/2026 | 54 | MOTION to Withdraw 51 Response in Opposition to Motion by Marvelle J. Ballentine. (LJC) Motions referred to Magistrate Judge Daniel C. Irick. (Entered: 04/24/2026) |
| 04/24/2026 | 55 | Re–filed RESPONSE in Opposition re 50 Time Sensitive MOTION for Protective Order filed by Marvelle J. Ballentine. (LJC) (Entered: 04/24/2026) |
| 04/27/2026 | 56 | **ENDORSED ORDER granting 54 Motion to Withdraw 51 Response in Opposition to Motion. The Court will consider the later filed 55 Response in Opposition to Motion. Signed by Magistrate Judge Daniel C. Irick on 4/27/2026. (Irick, Daniel)** (Entered: 04/27/2026) |
| 04/27/2026 | 57 | **ORDER granting 50 Time–Sensitive Motion for Protective Order. It is ORDERED that Defendants' Motion (Doc. 50) for a protective order is GRANTED such that Defendant Devin Anderson is not required to attend the deposition noticed for April 28, 2026. Discovery is temporarily stayed pending resolution of the motion to stay discovery (Doc. 49). Signed by Magistrate Judge Daniel C. Irick on 4/27/2026. (TNP)** (Entered: 04/27/2026) |
| 04/27/2026 | 58 | CASE MANAGEMENT REPORT. (Chapleau, Marianna) (Entered: 04/27/2026) |
| 05/01/2026 | 59 | **ORDER granting in part and denying in part 3 Motion for Leave to File Electronically. It is ORDERED that: 1. The Motion (Doc. 3) is GRANTED IN PART to the extent that Ballentine seeks authorization to receive electronic notice of filings in this case; 2. DENIED without prejudice in all other respects; and 3. The Clerk is directed to add Ballentine's email address, jayballentine@protonmail.com, to CM/ECF in this matter. Signed by Magistrate Judge Daniel C. Irick on 5/1/2026. (TNP)** (Entered: 05/01/2026) |
| 05/04/2026 | 60 | Time–Sensitive MOTION to Amend 20 Amended Complaint, by Marvelle J. Ballentine. (LJC) Motions referred to Magistrate Judge Daniel C. Irick. (Chambers notified) Modified on 5/4/2026 as to docket text (LJC). (Entered: 05/04/2026) |
| 05/06/2026 | 61 | NOTICE of change of address by Marianna Chapleau (Chapleau, Marianna) (Entered: 05/06/2026) |
| 05/06/2026 | 62 | NOTICE of change of address by Ariel Deray Deitchman (Deitchman, Ariel) (Entered: 05/06/2026) |
| 05/06/2026 | 63 | NOTICE of change of address by Patrick Owen Malone (Malone, Patrick) (Entered: 05/06/2026) |
| 05/06/2026 | 64 | |

| | | NOTICE TO COUNSEL Patrick Malone of Local Rule 2.01(b)(2)(B), which requires members of the Middle District bar to maintain with the clerk a current telephone number, mailing address, and email address. Update your contact information for the Middle District through PACER. (Signed by Deputy Clerk). (MSN) (Entered: 05/06/2026) |
|---|---|---|
| 05/07/2026 | 65 | MEMORANDUM in opposition re 60 Motion to Amend / Correct / Modify / Supplement filed by Devin S. Anderson, Christopher W. Keegan, Meta Platforms, Inc.. (Fassbender, Diana) (Entered: 05/07/2026) |
| 05/08/2026 | 66 | Time−Sensitive MOTION to File a Narrowed Third Amended Complaint 20 Amended Complaint,, MOTION for Miscellaneous Relief, specifically to Drop Defendants Meta Platforms, Inc. and Christopher W. Keegan Under Rule 21 by Marvelle J. Ballentine. (Chambers notified) (MSN) Motions referred to Magistrate Judge Daniel C. Irick. (Entered: 05/08/2026) |
| 05/08/2026 | 67 | Limited RESPONSE to Motion re 44 MOTION to Dismiss Plaintiff's Second Amended Complaint filed by Marvelle J. Ballentine. (MSN) (Entered: 05/08/2026) |
| 05/19/2026 | 68 | USCA ORDER Dismissing Petition for Writ of Mandamus to the District Court. USCA number: 26−11228. (WLB) Modified on 5/20/2026 to include case number. (WLB). (Entered: 05/20/2026) |
| 05/22/2026 | 69 | MEMORANDUM in opposition re 66 Motion to Amend / Correct / Modify / Supplement Motion for Miscellaneous Relief filed by Devin S. Anderson, Christopher W. Keegan. (Chapleau, Marianna) (Entered: 05/22/2026) |
| 05/27/2026 | 70 | **STANDING ORDER REQUIRING DISCLOSURE OF USE OF ARTIFICIAL INTELLIGENCE. Signed by Judge Anne−Leigh Gaylord Moe on 5/27/2026. (LIA)** (Entered: 05/27/2026) |
| 06/02/2026 | 71 | Time−sensitive MOTION for Extension of Time to Comply with Section VIII of the Standing Order Requiring Disclosure of the Use of Artificial Intelligence by Marvelle J. Ballentine. (Attachments: # 1 Declaration in Support)(LJC) Motions referred to Magistrate Judge Daniel C. Irick. (chambers notified) (Entered: 06/02/2026) |
| 06/04/2026 | 72 | CERTIFICATE of compliance re 70 Standing Order / *Certification of Compliance With Rule 11* by Devin S. Anderson, Christopher W. Keegan. (Chapleau, Marianna) (Entered: 06/04/2026) |
| 06/05/2026 | 73 | **ORDER TO SHOW CAUSE. It is ORDERED that, on or before June 22, 2026, the parties shall show cause in writing why this case should not be transferred to the Ocala Division of the Middle District of Florida. Failure to respond to this Order within the time provided will be considered acquiescence to transfer. If a party does not object to transfer, they may simply file a response stating that they do not object to transfer. Signed by Magistrate Judge Daniel C. Irick on 6/5/2026. (TNP)** (Entered: 06/05/2026) |
| 06/08/2026 | 74 | CERTIFICATE of compliance *with Rule 11* by Meta Platforms, Inc.. (Fassbender, Diana) (Entered: 06/08/2026) |
| 06/12/2026 | 75 | RESPONSE re 73 Order to show cause filed by Devin S. Anderson, Christopher W. Keegan. (Chapleau, Marianna) (Entered: 06/12/2026) |
| 06/26/2026 | 76 | **ORDER. This case is transferred to the United States District Court, Middle District of Florida, Ocala Division, for all further proceedings. The Clerk is** |

| | | |
|---|---|---|
| | | **directed to immediately transfer this case to the United States District Court, Middle District of Florida, Ocala Division. Signed by Judge Anne–Leigh Gaylord Moe on 6/26/2026. (TAH)** (Entered: 06/26/2026) |
| 06/30/2026 | 77 | TRANSFER IN from Orlando Division on 06/26/2026 Case Number 6:26–cv–286. Case assigned to District Judge Sneed and Magistrate Judge Lammens. New Case Number: 5:26–cv–472–JSS–PRL. (LAW) (Entered: 06/30/2026) |
| 07/16/2026 | 78 | **ORDER. Pursuant to Local Rule 1.07(a)(2)(A), this case is TRANSFERRED to United States District Judge Anne–Leigh Gaylord Moe with her consent. See United States v. Stone, 411 F.2d 597, 599 (5th Cir. 1969) ("District [j]udges have the inherent power to transfer cases from one to another for the expeditious administration of justice."). Signed by Judge Julie S. Sneed on 7/16/2026. (MSB)** (Entered: 07/16/2026) |
| 07/17/2026 | 79 | Case Reassigned to Judge Anne–Leigh Gaylord Moe. New case number: 5:26–cv–472–AGM–PRL. Judge Julie S. Sneed no longer assigned to the case. (LMF) (Entered: 07/17/2026) |
| 07/24/2026 | 80 | ENDORSED ORDER granting 71 Motion for Extension of Time to File and dismissing this case. On May 27, 2026, the Court entered its 70 Standing Order Regarding Use of Artificial Intelligence. The Standing Order required Mr. Ballentine to make the following certification: "I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to docket entries [insert docket numbers], by my signature below I confirm under penalty of perjury that either (1) artificial intelligence was not used in the preparation of the filing or, (2) if artificial intelligence was used, every cited authority was personally reviewed by the filer in advance of the filing." On June 2, 2026, Mr. Balletine requested an additional twenty days (through July 20, 2026) to comply with the 70 Standing Order. Although the time to review and confirm compliance with Rule 11 is and always has been prior to making the filing, the Court allowed Mr. Ballentine to take the additional time he requested anyway, even though he remained under an Order to file the certificate of compliance within the deadline in the 70 Standing Order. Nevertheless, even with the benefit of the additional time he requested, Mr. Ballentine has not complied with the Standing Order and certified his compliance with Rule 11. The parties in this case were previously advised in the Court's 6 Notice to Counsel and Parties that "Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice." Mr. Ballentine's failure to comply with the Standing Order and his inability to certify compliance with Rule 11 of the Federal Rules of Civil Procedure merit dismissal of this case. Accordingly, this case is DISMISSED and the Clerk is directed to terminate any pending motions and CLOSE this file. Signed by Judge Anne–Leigh Gaylord Moe on 7/24/2026. (Entered: 07/24/2026) |
| 07/28/2026 | 81 | NOTICE of Local Rule 1.11(e), which provides that, unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non–party must move for relief before the seal expires. (Signed by Deputy Clerk). (RN) (Entered: 07/28/2026) |
| 07/28/2026 | 82 | NOTICE OF APPEAL as to 80 Order on Motion for Extension of Time to File by Marvelle J. Ballentine. Filing fee $ 605, receipt number OCA–14602. ***Case Stayed. (RLD) (Entered: 07/29/2026) |

| 07/28/2026 | 83 | CERTIFICATE of compliance re 70 Standing Order by Marvelle J. Ballentine. (RLD) (Entered: 07/29/2026) |
|---|---|---|

**TAB**

# DOC. 1

Complaint
*Filed February 9, 2026*

FEB 9 2026 AM9:11
FILED - USDC - FLMD - ORL

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# ORLANDO DIVISION

MARVELLE J. "JAY" BALLENTINE,

*Plaintiff,*

v.

ACCENTURE LLP; DEVIN S. ANDERSON;

KIRKLAND & ELLIS LLP; and

META PLATFORMS, INC.,

*Defendants.*

Case No. _____

## COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

## NATURE OF THE ACTION

1.      This action arises from defamatory statements published by
Accenture LLP, through its counsel Devin S. Anderson of Kirkland & Ellis LLP,
in federal court filings that falsely implied Plaintiff committed child sexual
exploitation violations. At the time of publication, Anderson had acknowledged

1

in writing that Accenture accepted as true the federal complaint's allegation that no such violation occurred. The publication was made in litigation where Accenture and its co-defendant Meta Platforms, Inc. face federal civil rights claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985(3)—allegations that include deprivation of constitutional rights through discriminatory enforcement of child-safety policies.

2.    The federal action pending in the Northern District of California alleges that Meta and Accenture jointly operated an enforcement pipeline that permanently disabled Plaintiff's account under a child sexual exploitation policy without identifying violative content, without filing a CyberTipline report, and while restoring similarly situated white users flagged under the same policy during the same enforcement period while Plaintiff's status was not restored.

3.    The federal complaint alleges that this conduct chilled Plaintiff's access to legal representation: attorneys declined to represent him upon learning of the CSE designation. Rather than defend on the merits, the First Motion signed by Anderson on behalf of Kirkland & Ellis LLP and in defense of Accenture asserted that, "An alternative explanation for Accenture's recommendation—a legitimate community standards violation by Ballentine—is consistent with the facts"—without identifying any content, any standard, or any factual basis.

4.    The First Motion placed Plaintiff's name in close textual proximity to child sexual exploitation terminology *at least nine times, with five such*

2

*instances concentrated within the first three pages* of the memorandum. This action seeks damages for the reputational and emotional harm inflicted by those publications.

5. The defamatory publications were accessed in this District, where Plaintiff resides and suffered reputational injury and severe emotional distress. Plaintiff seeks compensatory damages in the amount of $10,000,000.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists: Plaintiff is a citizen of Florida; Accenture LLP is not a citizen of Florida; Devin S. Anderson is a citizen of Utah; Kirkland & Ellis LLP is not a citizen of Florida; and Meta Platforms, Inc. is a citizen of Delaware and California. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff seeks $10,000,000 in compensatory damages.

7. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions giving rise to the claims occurred in this District. Plaintiff suffered reputational injury and emotional distress in this District. The defamatory publications at issue were accessed and read by third parties in this District.

8. This Court has personal jurisdiction over Defendants. Accenture and Meta transact business in Florida and caused tortious injury in Florida through the conduct alleged in this Complaint. Anderson and Kirkland & Ellis LLP

caused tortious injury in Florida by publishing the defamatory filings, which were accessed in this District and caused reputational and emotional harm to Plaintiff in this District.

## PARTIES

### A.    Plaintiff

9.    Plaintiff Marvelle J. "Jay" Ballentine is an individual and a citizen of the State of Florida, domiciled in Clermont, Lake County, Florida.

### B.    Defendants

10.    Defendant Accenture LLP ("Accenture") is a limited liability partnership. Upon information and belief, Accenture's partners are citizens of states other than Florida. Alternatively, Accenture's principal place of business is located outside the State of Florida. Accenture is not a citizen of Florida for purposes of diversity jurisdiction.

11.    Defendant Devin S. Anderson ("Anderson") is an individual and a citizen of the State of Utah, domiciled in Utah. Anderson is a partner at Kirkland & Ellis LLP and served as counsel of record for Accenture in the Federal Action. Anderson signed the First Motion and the Second Motion on behalf of Accenture.

12.    Defendant Kirkland & Ellis LLP ("Kirkland") is a limited liability partnership with its principal place of business in Chicago, Illinois. Upon information and belief, Kirkland is not a citizen of Florida for purposes of

4

diversity jurisdiction. Kirkland served as counsel of record for Accenture in the Federal Action.

13.    Defendant Meta Platforms, Inc. ("Meta") is a corporation incorporated under the laws of Delaware with its principal place of business in Menlo Park, California. Meta is a citizen of Delaware and California.

## FACTS

### A.    The Parties' Relationship

14.    Accenture provides content moderation services under contract with Meta. Anderson and Kirkland serve as litigation counsel for Accenture.

### B.    The Federal Action

15.    On September 9, 2025, Plaintiff filed a civil action in the United States District Court for the Northern District of California, captioned *Ballentine v. Meta Platforms, Inc., et al.,* Case No. 3:25-cv-07671-CRB (the "Federal Action"). The Federal Action named Accenture and Meta as defendants.

16.    Plaintiff proceeds pro se in the Federal Action.

17.    The Federal Action alleges that Meta invoked a child sexual exploitation ("CSE") enforcement action against Plaintiff on July 4, 2022; that Meta restored contractual status for white comparators flagged under the same policy during the same enforcement period while Plaintiff's status was not restored; and that Plaintiff sent Meta a written reinstatement demand on April 22, 2025, which Meta constructively denied.

5

18.    The Federal Action further alleges that Meta and Accenture operated a joint content moderation pipeline in which Accenture reviewers conducted final human review of enforcement matters labeled under Meta's CSE policy; that Accenture reviewers had access to profile photos and government identification sufficient to identify a user's race at the time of review; and that Accenture and Meta engaged in a conspiracy to deprive Plaintiff of equal rights to make and enforce contracts under 42 U.S.C. §§ 1981, 1982, and 1985(3).

19.    The Federal Action alleges that the CSE designation applied to Plaintiff's account on July 4, 2022, has been continuously maintained since that date; that no CyberTipline report was filed with the National Center for Missing & Exploited Children ("NCMEC"); that no contact from federal, state, or local law enforcement has occurred; and that white comparators flagged under the same policy during the same enforcement period were restored to the platform.

20.    The federal complaint filed in the Northern District of California specifically alleged that the CSE designation prevented Plaintiff from obtaining legal representation. Paragraph 12 of the federal complaint states: "Meta's false CSE designation on Plaintiff, affirmed in Accenture's final human review process, has accomplished its purpose. Attorneys will not take his case. Plaintiff's business has been destroyed, his commercial property withheld, his access to continuing education severed, and his participation in digital commerce permanently foreclosed. It is against this backdrop that Plaintiff proceeds, pro se."

21. These allegations were on the public docket before Accenture filed the First Motion.

### C. The Complaint's Disclosure

22. The original complaint filed on September 9, 2025 contained a singular footnote with the following text: "As a CSA survivor, Plaintiff gratefully acknowledges the unwavering support of his wife, whose steady presence made the psychological recovery, and subsequent preparation of this Complaint possible. He further acknowledges his children, especially his eldest, who endured his distance during the preparation of this filing after once celebrating his NRVTA graduation with pride. This work now returns to them, just as their father and husband does."

23. Accenture, through Anderson and Kirkland, reviewed the complaint which contained the footnote before preparing a responsive motion.

### D. Pre-First Motion Alignment

24. On September 30, 2025, Plaintiff emailed counsel for Accenture and Meta proposing, among other options: "OPTION 2 — Pause Rule 12; Mediation: Stipulate to suspend Rule 12 motion practice and proceed to mediation, with a joint proposed schedule submitted for the Court's approval."

25. On October 3, 2025, Meta's counsel responded that mediation would not be productive.

26. On October 4, 2025, Anderson, as counsel for Accenture, responded: "Accenture's position is the same as Meta's."

### E.    The Defamatory Publication

27.    On October 16, 2025, Accenture, through Anderson and Kirkland, filed a motion to dismiss in the Federal Action (the "First Motion").

28.    The First Motion was filed on the public federal court docket and is publicly accessible via the federal Public Access to Court Electronic Records (PACER) system.

29.    The First Motion, signed by Anderson, stated: "An alternative explanation for Accenture's recommendation—a legitimate community standards violation by Ballentine—is consistent with the facts alleged in the complaint."

30.    The First Motion did not identify any specific content, any specific community standard, or any factual basis supporting the assertion that Plaintiff committed a "legitimate community standards violation."

31.    Plaintiff's name appears in the same sentence or an adjacent sentence as CSE terminology repeatedly in the First Motion.

32.    The First Motion did not allege that Plaintiff committed a CSE violation.

### F.    The Clarification and Pivot

33.    On October 24, 2025, Plaintiff emailed Anderson requesting that Accenture include clarification in its forthcoming filing that Accenture did not contend Plaintiff violated child protection laws.

8

34. On October 28, 2025, Anderson sent an email communication to Plaintiff.

35. In that communication, Anderson quoted from the First Motion: "Ballentine alleges there was no CSE violation associated with his account."

36. In that communication, Anderson stated that Accenture's argument "expressly accepts as true" the complaint's assertion that there was no CSE violation and that the First Motion set forth "an alternative explanation... that is unrelated to CSE."

37. In that communication, Anderson stated: "In Accenture's forthcoming motion to dismiss... we will include language reinforcing this point."

38. On October 31, 2025, Accenture, through Anderson and Kirkland, filed a second motion to dismiss in the Federal Action (the "Second Motion").

39. The Second Motion changed the language from "a legitimate community standards violation by Ballentine" to "a legitimate violation of another community standard unrelated to CSE."

40. The Second Motion did not identify any specific community standard that Plaintiff allegedly violated, any specific content that Plaintiff allegedly posted, or any factual basis for the revised statement.

### G. Meet-and-Confer Coordination

41. On October 24, 2025, Plaintiff requested that Accenture provide separate availability for the court-ordered preservation meet-and-confer to avoid overlap with Meta's scheduled session.

9

42. On October 28, 2025, Anderson responded: "there is no reason for separate sessions" and "the session should be combined with all parties" and "We can join the line provided by Meta, if you forward that information."

**H.   No Identified Pleading Relevance**

43. The First Motion did not state that resolving any issue presented required the Court to determine whether Plaintiff violated any specific community standard, and it did not identify any such standard or content to support the asserted "legitimate community standards violation."

44. The First Motion did not explain how the "legitimate community standards violation" assertion corresponded to any identified content, any identified standard, or any identified enforcement category other than the child-safety context discussed throughout the filing.

45. The procedural posture of the First Motion was a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which tests the legal sufficiency of the complaint's allegations.

46. The First Motion's legal arguments addressed statute of limitations, causation, Section 230 immunity, and the adequacy of Plaintiff's comparator allegations. None of these arguments required or depended upon a determination that Plaintiff committed a community standards violation.

47. The statement asserting "a legitimate community standards violation by Ballentine—is consistent with the facts" was not necessary to, and did not support, any legal argument presented in the First Motion.

## I.    Relation to the Underlying Federal Claims

48.    The conduct alleged in the preceding subsections—asserting an unsubstantiated violation against Plaintiff in a public filing without identifying content, a standard, or a factual basis—is of the same character as the conduct alleged in the Federal Action: applying an unsubstantiated CSE designation to Plaintiff's account without identifying violative content, filing a CyberTipline report, or citing a factual basis.

## J.    Damages

49.    Plaintiff's reputation was harmed in Florida as a result of the defamatory publication.

50.    Plaintiff suffered severe emotional distress. Plaintiff had disclosed his status as a CSA survivor in the federal complaint. The First Motion's public filing of CSE-adjacent references and implications without factual basis, in that context, caused Plaintiff severe emotional distress.

## K.    Textual Analysis of the First Motion

51.    The First Motion consists of seventeen pages of substantive text, excluding the cover page, certificate of service, tables, and signature blocks.

52.    The phrase "Child Sexual Exploitation" or the abbreviation "CSE" appears twenty-six times in the First Motion.

53.    Plaintiff's name or a direct reference to Plaintiff appears forty-one times in the First Motion.

11

54.  Plaintiff's name appears in the same sentence as CSE-related terminology nine times.

55.  Five of those nine instances occur within the first three pages of the memorandum's substantive text: the Introduction, Summary of Argument, and Background sections.

56.  In the Background section of the First Motion, Plaintiff's name appears seven times. Six of those seven references place Plaintiff's name in the same sentence or immediately adjacent sentence as CSE-related terminology.

57.  The First Motion does not identify any content that Plaintiff allegedly posted.

58.  The First Motion does not identify any community standard that Plaintiff allegedly violated.

59.  The First Motion does not provide any factual basis for the assertion that Plaintiff committed "a legitimate community standards violation."

**Table 1: Publication Metrics**

| Metric | Value |
| --- | --- |
| Total pages of substantive text in First Motion | 17 |
| Total instances of "Child Sexual Exploitation" or "CSE" | 26 |
| Total references to Plaintiff by name or direct reference | 41 |
| Instances of Plaintiff's name in same sentence as CSE terminology | 9 |
| Instances concentrated in first 3 pages of memorandum | 5 |
| References to Plaintiff in Background section | 7 |
| Of those, references paired with CSE terminology | 6 |
| Content identified to support "legitimate violation" assertion | 0 |
| Community standard identified to support assertion | 0 |
| Factual basis provided for assertion | 0 |

**Table 2: Frequency and Concentration Ratios**

| Calculation | Result |
| --- | --- |
| CSE references per page | 1.53 |
| Plaintiff references per page | 2.41 |
| Percentage of Background references to Plaintiff paired with CSE | **85.7%** |
| Percentage of all Plaintiff-CSE pairings in first 3 pages | 55.6% |

## COUNT I

### DEFAMATION (LIBEL)
*(Against Accenture LLP, Devin S. Anderson, and Kirkland & Ellis LLP)*

60.    Plaintiff incorporates by reference all preceding paragraphs.

61.    On October 16, 2025, Accenture, through Anderson and Kirkland, filed the First Motion on the public federal court docket, accessible to third parties through PACER.

62.    The statement was of and concerning Plaintiff. The First Motion identified Plaintiff by name.

63.    The First Motion asserted "a legitimate community standards violation by Ballentine—is consistent with the facts" in a filing whose textual characteristics are set forth in Section K of this Complaint. The publication conveyed a defamatory meaning.

64.    The publication was false and defamatory by implication in that it conveyed to readers that Plaintiff engaged in a CSE violation or child-protection-law violation warranting enforcement action. Plaintiff did not commit a CSE violation or a child-protection-law violation.

65.    After the First Motion was filed, Anderson stated in writing that Accenture "expressly accepts as true" the complaint's assertion that there was no CSE violation, stated that Accenture would include language reinforcing this point in its forthcoming motion, and Accenture, through Anderson and Kirkland,

14

later changed its phrasing to reference "another community standard unrelated to CSE" without identifying any standard or content.

66. Accenture, Anderson, and Kirkland published the statement with at least negligence concerning its truth or falsity. The First Motion asserted a "legitimate" violation without identifying any content, any standard, or any factual basis.

67. Alternatively, Accenture, Anderson, and Kirkland published the statement with express malice. Anderson acknowledged in writing that Accenture accepted as true the absence of any CSE violation. Accenture, through Anderson and Kirkland, then filed the Second Motion asserting "a legitimate violation of another community standard unrelated to CSE" without identifying any content, any standard, or any factual basis. These facts support an inference of knowledge of falsity or reckless disregard for the truth.

68. The assertion of a "legitimate" violation of an unspecified community standard—in a filing using CSE terminology in close proximity to Plaintiff's name at least nine times—tends to prejudice Plaintiff in the eyes of a substantial and respectable minority of the community.

69. As a direct and proximate result of the defamatory publication by Accenture, Anderson, and Kirkland, Plaintiff suffered damages, including injury to reputation and severe emotional distress.

## COUNT II
### CIVIL CONSPIRACY TO DEFAME
*(Against All Defendants)*

70. Plaintiff incorporates by reference all preceding paragraphs.

71. Accenture and Meta operated a joint content moderation pipeline prior to and independent of the Federal Action. The Federal Action alleges that Accenture and Meta engaged in a conspiracy to deprive Plaintiff of equal contractual rights under 42 U.S.C. §§ 1981, 1982, and 1985(3) through the joint maintenance of a CSE designation that was applied without identified violative content, without a CyberTipline report, and without law enforcement contact.

72. In the course of the Federal Action, Accenture, through Anderson and Kirkland, and Meta reached an agreement or understanding to pursue a common litigation objective, as evidenced by the following: On October 4, 2025, Anderson stated "Accenture's position is the same as Meta's." On October 28, 2025, Anderson stated "there is no reason for separate sessions," "the session should be combined with all parties," and "We can join the line provided by Meta, if you forward that information."

73. Meta, through its counsel Orrick, Herrington & Sutcliffe LLP, filed its motion to dismiss on October 15, 2025. Accenture, through Anderson and Kirkland, filed the First Motion on October 16, 2025.

74. Meta's motion refers to Plaintiff as "Plaintiff." Meta's motion does not assert that Plaintiff committed any violation. Meta's motion does not place Plaintiff's name in proximity to CSE terminology.

16

75. The First Motion, signed by Anderson on behalf of Kirkland in defense of Accenture, refers to Plaintiff as "Ballentine." The First Motion places "Ballentine" in the same sentence or adjacent sentence as CSE terminology nine times. The First Motion asserts "a legitimate community standards violation by Ballentine" without identifying content, standard, or factual basis.

76. The motions were filed twenty-four hours apart following the coordination set forth in paragraphs 41 and 72.

77. In furtherance of the agreement, Accenture, through Anderson and Kirkland, committed the following overt acts: (a) filed the First Motion on October 16, 2025, containing the statement "a legitimate community standards violation by Ballentine—is consistent with the facts" with no content, no standard, and no factual basis identified, in a filing using CSE terminology in close proximity to Plaintiff's name at least nine times; and (b) filed the Second Motion on October 31, 2025, changing the language to "a legitimate violation of another community standard unrelated to CSE" without identifying any standard or content.

78. The overt acts identified in the preceding paragraph are of the same character as the conduct alleged in the Federal Action: attributing an unsubstantiated violation to Plaintiff in a public forum without identifying content, a standard, or a factual basis. The Federal Action alleges that the original enforcement event followed the same pattern—a CSE designation

17

applied without identified violative content, without a CyberTipline report, and without law enforcement referral.

79. As a direct and proximate result of the conspiracy, Plaintiff suffered damages, including injury to reputation and severe emotional distress.

## COUNT III

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
*(Against Accenture LLP, Devin S. Anderson, and Kirkland & Ellis LLP)*

80. Plaintiff incorporates by reference all preceding paragraphs.

81. Accenture, through Anderson and Kirkland, engaged in the following conduct: (a) filed the First Motion on October 16, 2025, asserting "a legitimate community standards violation by Ballentine—is consistent with the facts" with no content, no standard, and no factual basis, in a filing using CSE terminology in close proximity to Plaintiff's name at least nine times; (b) on October 28, 2025, Anderson acknowledged in writing that Accenture "expressly accepts as true" that there was no CSE violation and stated Accenture would include language reinforcing this point in its forthcoming motion; and (c) on October 31, 2025, Accenture, through Anderson and Kirkland, filed the Second Motion changing the language to "a legitimate violation of another community standard unrelated to CSE" without identifying any standard or content.

18

82. Plaintiff had disclosed in the federal complaint, which Accenture, Anderson, and Kirkland reviewed before filing the First Motion, that Plaintiff is a CSA survivor.

83. The conduct set forth in paragraph 81—asserting a "legitimate" violation without identified content, standard, or factual basis, in a filing reviewed after Defendants learned of Plaintiff's CSA survivor status, while concentrating CSE terminology in proximity to Plaintiff's name at the frequency set forth in Section K—was extreme and outrageous.

84. The conduct was intentional or reckless.

85. Plaintiff suffered severe emotional distress as a direct and proximate result of the conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award the following relief:

(a) Compensatory damages in the amount of $10,000,000;

(b) Prejudgment interest as allowed by law;

(c) Costs of this action; and

(d) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury on all issues so triable.

Date: February 9, 2026                    Respectfully submitted,

_____

Marvelle J. "Jay" Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
Telephone: (407) 794-6503
jayballentine@protonmail.com

**TAB**

# DOC. 4

Amended Complaint
*Filed February 11, 2026*

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# ORLANDO DIVISION

MARVELLE J. "JAY" BALLENTINE,

*Plaintiff,*

v.

ACCENTURE LLP; DEVIN S. ANDERSON;

KIRKLAND & ELLIS LLP; META PLATFORMS, INC.; and

CHRISTOPHER W. KEEGAN,

*Defendants.*

Case No. 6:26-cv-00286-AGM-DCI

# **FIRST AMENDED COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

### NATURE OF THE ACTION

1. This action arises from defamatory statements published by Accenture LLP, through its counsel Devin S. Anderson of Kirkland & Ellis LLP, in federal court filings that falsely implied Plaintiff committed child sexual exploitation violations. At the time of publication, Anderson had acknowledged

1

in writing that Accenture accepted as true the federal complaint's allegation that no such violation occurred. The publication was made in litigation where Accenture and its co-defendant Meta Platforms, Inc. face federal civil rights claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985(3)—allegations that include deprivation of constitutional rights through discriminatory enforcement of child-safety policies.

2.    The federal action pending in the Northern District of California alleges that Meta and Accenture jointly operated an enforcement pipeline that permanently disabled Plaintiff's account under a child sexual exploitation policy without identifying violative content, without filing a CyberTipline report, and while restoring similarly situated white users flagged under the same policy during the same enforcement period while Plaintiff's status was not restored.

3.    The federal complaint alleges that this conduct chilled Plaintiff's access to legal representation: attorneys declined to represent him upon learning of the CSE designation. Rather than defend on the merits, the First Motion signed by Anderson on behalf of Kirkland & Ellis LLP and in defense of Accenture asserted that, "An alternative explanation for Accenture's recommendation—a legitimate community standards violation by Ballentine—is consistent with the facts"—without identifying any content, any standard, or any factual basis.

4.    The First Motion placed Plaintiff's name in close textual proximity to child sexual exploitation terminology *at least nine times, with five such*

2

*instances concentrated within the first three pages* of the memorandum. This action seeks damages for the reputational and emotional harm inflicted by those publications.

5. After Plaintiff filed this action, counsel for Accenture twice directed Plaintiff to maintain direct communications with Anderson, the individual Plaintiff had identified as the source of his emotional harm, after Plaintiff had removed Anderson from the email chain and after Plaintiff had stated in writing that he would not communicate with any named defendant. These post-filing acts form the basis of the claims against Defendant Christopher W. Keegan.

6. The defamatory publications were accessed in this District, where Plaintiff resides and suffered reputational injury and severe emotional distress. Plaintiff seeks compensatory damages in the amount of $50,000,000.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists: Plaintiff is a citizen of Florida; Accenture LLP is not a citizen of Florida; Devin S. Anderson is a citizen of Utah; Kirkland & Ellis LLP is not a citizen of Florida; Meta Platforms, Inc. is a citizen of Delaware and California; and Christopher W. Keegan is a citizen of California. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff seeks $50,000,000 in compensatory damages.

8. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions giving rise to the claims

3

occurred in this District. Plaintiff suffered reputational injury and emotional distress in this District. The defamatory publications at issue were accessed and read by third parties in this District.

9. This Court has personal jurisdiction over Defendants. Accenture and Meta transact business in Florida and caused tortious injury in Florida through the conduct alleged in this Complaint. Anderson and Kirkland & Ellis LLP caused tortious injury in Florida by publishing the defamatory filings, which were accessed in this District and caused reputational and emotional harm to Plaintiff in this District. Keegan purposefully directed the post-filing communications alleged here to Plaintiff in Florida, causing additional emotional harm in this District.

## PARTIES

### A. Plaintiff

10. Plaintiff Marvelle J. "Jay" Ballentine is an individual and a citizen of the State of Florida, domiciled in Clermont, Lake County, Florida.

### B. Defendants

11. Defendant Accenture LLP ("Accenture") is a limited liability partnership whose partners are each citizens of States other than Florida; none is a citizen of Florida. Accordingly, Accenture LLP is not a citizen of Florida for purposes of diversity jurisdiction.

12. Defendant Devin S. Anderson ("Anderson") is an individual and a citizen of the State of Utah, domiciled in Utah. Anderson is a partner at Kirkland

4

& Ellis LLP and served as counsel of record for Accenture in the Federal Action. Anderson signed the First Motion and the Second Motion on behalf of Accenture.

13.    Defendant Kirkland & Ellis LLP ("Kirkland") is a limited liability partnership whose partners are each citizens of States other than Florida; none is a citizen of Florida. Accordingly, Kirkland & Ellis LLP is not a citizen of Florida for purposes of diversity jurisdiction.

14.    Defendant Meta Platforms, Inc. ("Meta") is a corporation incorporated under the laws of Delaware with its principal place of business in Menlo Park, California. Meta is a citizen of Delaware and California.

15.    Defendant Christopher W. Keegan ("Keegan") is an individual and a citizen of the State of California, domiciled in California. Keegan is a partner at Kirkland & Ellis LLP and serves as counsel of record for Accenture LLP in the Federal Action. Keegan appeared on the docket in the Federal Action on September 26, 2025.

## FACTS

### A.    The Parties' Relationship

16.    Accenture provides content moderation services under contract with Meta. Anderson and Kirkland serve as litigation counsel for Accenture.

### B.    The Federal Action

17.    On September 9, 2025, Plaintiff filed a civil action in the United States District Court for the Northern District of California, captioned *Ballentine*

*v. Meta Platforms, Inc., et al.,* Case No. 3:25-cv-07671-CRB (the "Federal Action"). The Federal Action named Accenture and Meta as defendants.

18.    Plaintiff proceeds pro se in the Federal Action.

19.    The Federal Action alleges that Meta invoked a child sexual exploitation ("CSE") enforcement action against Plaintiff on July 4, 2022; that Meta restored contractual status for white comparators flagged under the same policy during the same enforcement period while Plaintiff's status was not restored; and that Plaintiff sent Meta a written reinstatement demand on April 22, 2025, which Meta constructively denied.

20.    The Federal Action further alleges that Meta and Accenture operated a joint content moderation pipeline in which Accenture reviewers conducted final human review of enforcement matters labeled under Meta's CSE policy; that Accenture reviewers had access to profile photos and government identification sufficient to identify a user's race at the time of review; and that Accenture and Meta engaged in a conspiracy to deprive Plaintiff of equal rights to make and enforce contracts under 42 U.S.C. §§ 1981, 1982, and 1985(3).

21.    The Federal Action alleges that the CSE designation applied to Plaintiff's account on July 4, 2022, has been continuously maintained since that date; that no CyberTipline report was filed with the National Center for Missing & Exploited Children ("NCMEC"); that no contact from federal, state, or local law enforcement has occurred; and that white comparators flagged under the same policy during the same enforcement period were restored to the platform.

22.    The federal complaint filed in the Northern District of California specifically alleged that the CSE designation prevented Plaintiff from obtaining legal representation. Paragraph 12 of the federal complaint states: "Meta's false CSE designation on Plaintiff, affirmed in Accenture's final human review process, has accomplished its purpose. Attorneys will not take his case. Plaintiff's business has been destroyed, his commercial property withheld, his access to continuing education severed, and his participation in digital commerce permanently foreclosed. It is against this backdrop that Plaintiff proceeds, pro se."

23.    These allegations were on the public docket before Accenture filed the First Motion.

### C.    The Complaint's Disclosure

24.    The original complaint filed on September 9, 2025 contained a singular footnote with the following text: "As a CSA survivor, Plaintiff gratefully acknowledges the unwavering support of his wife, whose steady presence made the psychological recovery, and subsequent preparation of this Complaint possible. He further acknowledges his children, especially his eldest, who endured his distance during the preparation of this filing after once celebrating his NRVTA graduation with pride. This work now returns to them, just as their father and husband does."

25.    Accenture, through Anderson and Kirkland, reviewed the complaint which contained the footnote before preparing a responsive motion.

**D.    Pre-First Motion Alignment**

26.    On September 30, 2025, Plaintiff emailed counsel for Accenture and Meta proposing, among other options: "OPTION 2 — Pause Rule 12; Mediation: Stipulate to suspend Rule 12 motion practice and proceed to mediation, with a joint proposed schedule submitted for the Court's approval."

27.    On October 3, 2025, Meta's counsel responded that mediation would not be productive.

28.    On October 4, 2025, Anderson, as counsel for Accenture, responded: "Accenture's position is the same as Meta's."

**E.    The Defamatory Publication**

29.    On October 16, 2025, Accenture, through Anderson and Kirkland, filed a motion to dismiss in the Federal Action (the "First Motion").

30.    The First Motion was filed on the public federal court docket and is publicly accessible via the federal Public Access to Court Electronic Records (PACER) system.

31.    The First Motion, signed by Anderson, stated: "An alternative explanation for Accenture's recommendation—a legitimate community standards violation by Ballentine—is consistent with the facts alleged in the complaint."

32.    The First Motion did not identify any specific content, any specific community standard, or any factual basis supporting the assertion that Plaintiff committed a "legitimate community standards violation."

33. Plaintiff's name appears in the same sentence or an adjacent sentence as CSE terminology repeatedly in the First Motion.

34. The First Motion did not allege that Plaintiff committed a CSE violation.

### F.     The Clarification and Pivot

35. On October 24, 2025, Plaintiff emailed Anderson requesting that Accenture include clarification in its forthcoming filing that Accenture did not contend Plaintiff violated child protection laws.

36. On October 28, 2025, Anderson sent an email communication to Plaintiff.

37. In that communication, Anderson quoted from the First Motion: "Ballentine alleges there was no CSE violation associated with his account."

38. In that communication, Anderson stated that Accenture's argument "expressly accepts as true" the complaint's assertion that there was no CSE violation and that the First Motion set forth "an alternative explanation... that is unrelated to CSE."

39. In that communication, Anderson stated: "In Accenture's forthcoming motion to dismiss... we will include language reinforcing this point."

40. On October 31, 2025, Accenture, through Anderson and Kirkland, filed a second motion to dismiss in the Federal Action (the "Second Motion").

41. The Second Motion changed the language from "a legitimate community standards violation by Ballentine" to "a legitimate violation of another community standard unrelated to CSE."

42. The Second Motion did not identify any specific community standard that Plaintiff allegedly violated, any specific content that Plaintiff allegedly posted, or any factual basis for the revised statement.

### G.  Meet-and-Confer Coordination

43. On October 24, 2025, Plaintiff requested that Accenture provide separate availability for the court-ordered preservation meet-and-confer to avoid overlap with Meta's scheduled session.

44. On October 28, 2025, Anderson responded: "there is no reason for separate sessions" and "the session should be combined with all parties" and "We can join the line provided by Meta, if you forward that information."

### H.  No Identified Pleading Relevance

45. The First Motion did not state that resolving any issue presented required the Court to determine whether Plaintiff violated any specific community standard, and it did not identify any such standard or content to support the asserted "legitimate community standards violation."

46. The First Motion did not explain how the "legitimate community standards violation" assertion corresponded to any identified content, any identified standard, or any identified enforcement category other than the child-safety context discussed throughout the filing.

47. The procedural posture of the First Motion was a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which tests the legal sufficiency of the complaint's allegations.

48. The First Motion's legal arguments addressed statute of limitations, causation, Section 230 immunity, and the adequacy of Plaintiff's comparator allegations. None of these arguments required or depended upon a determination that Plaintiff committed a community standards violation.

49. The statement asserting "a legitimate community standards violation by Ballentine—is consistent with the facts" was not necessary to, and did not support, any legal argument presented in the First Motion.

## I.    Relation to the Underlying Federal Claims

50. The conduct alleged in the preceding subsections—asserting an unsubstantiated violation against Plaintiff in a public filing without identifying content, a standard, or a factual basis—is of the same character as the conduct alleged in the Federal Action: applying an unsubstantiated CSE designation to Plaintiff's account without identifying violative content, filing a CyberTipline report, or citing a factual basis.

## J.    Damages

51. Plaintiff's reputation was harmed in Florida as a result of the defamatory publication.

52. Plaintiff suffered severe emotional distress. Plaintiff had disclosed his status as a CSA survivor in the federal complaint. The First Motion's public

filing of CSE-adjacent references and implications without factual basis, in that context, caused Plaintiff severe emotional distress.

**K.    Textual Analysis of the First Motion**

53.    The First Motion consists of seventeen pages of substantive text, excluding the cover page, certificate of service, tables, and signature blocks.

54.    The phrase "Child Sexual Exploitation" or the abbreviation "CSE" appears twenty-six times in the First Motion.

55.    Plaintiff's name or a direct reference to Plaintiff appears forty-one times in the First Motion.

56.    Plaintiff's name appears in the same sentence as CSE-related terminology nine times.

57.    Five of those nine instances occur within the first three pages of the memorandum's substantive text: the Introduction, Summary of Argument, and Background sections.

58.    In the Background section of the First Motion, Plaintiff's name appears seven times. Six of those seven references place Plaintiff's name in the same sentence or immediately adjacent sentence as CSE-related terminology.

59.    The First Motion does not identify any content that Plaintiff allegedly posted.

60.    The First Motion does not identify any community standard that Plaintiff allegedly violated.

61. The First Motion does not provide any factual basis for the assertion that Plaintiff committed "a legitimate community standards violation."

### Table 1: Publication Metrics

| Metric | Value |
| --- | --- |
| Total pages of substantive text in First Motion | 17 |
| Total instances of "Child Sexual Exploitation" or "CSE" | 26 |
| Total references to Plaintiff by name or direct reference | 41 |
| Instances of Plaintiff's name in same sentence as CSE terminology | 9 |
| Instances concentrated in first 3 pages of memorandum | 5 |
| References to Plaintiff in Background section | 7 |
| Of those, references paired with CSE terminology | 6 |
| Content identified to support "legitimate violation" assertion | 0 |
| Community standard identified to support assertion | 0 |
| Factual basis provided for assertion | 0 |

### Table 2: Frequency and Concentration Ratios

| Calculation | Result |
| --- | --- |
| CSE references per page | 1.53 |
| Plaintiff references per page | 2.41 |
| Percentage of Background references to Plaintiff paired with CSE | **85.7%** |
| Percentage of all Plaintiff-CSE pairings in first 3 pages | 55.6% |

**L.     Post-Filing Communications**

62.     On February 9, 2026, Plaintiff filed this action. The complaint alleges that Anderson signed filings that placed Plaintiff's name in proximity to child sexual exploitation terminology at least nine times and discloses Plaintiff's status as a survivor of childhood sexual abuse.

63.     On February 9, 2026, Plaintiff sent an email to Anderson, with copies to Keegan and counsel for Meta, attaching the complaint filed in this action. The email stated: "The complaint, attached hereto, names Accenture LLP, Kirkland & Ellis LLP, Meta Platforms, Inc., and you individually as defendants." The email stated: "This will be the final direct correspondence from Plaintiff to you."

64.     On February 9, 2026, Plaintiff sent a separate email to Keegan and to counsel for Meta proposing a stipulation to continue the Rule 12 hearing in the Federal Action. Plaintiff did not include Anderson on the communication.

65.     On February 10, 2026, Keegan responded by email. Keegan stated that Plaintiff "should continue to direct all communications to both Mr. Anderson and myself on behalf of Accenture." Keegan added Anderson to the email chain.

66.     Plaintiff replied to Keegan's email and removed Anderson from the chain. Plaintiff stated that he did "not intend to maintain direct communications with any named defendant in the Florida action." Plaintiff stated that the

14

representation structure—in which Kirkland & Ellis LLP is a named defendant, Anderson is both a partner and a co-defendant, and both continue to represent co-defendant Accenture LLP—"raises difficult boundary questions." Counsel for Meta were copied.

67. On February 10, 2026, Keegan sent a second email. Keegan again added Anderson to the chain. Keegan stated: "Notice attorneys include Mr. Anderson and myself, so please continue to include him on communications."

68. Plaintiff replied to Keegan's second email and again removed Anderson from the chain.

69. Keegan sent both emails after receiving the February 9, 2026 notice to Anderson stating it would be the final direct correspondence from Plaintiff to Anderson, and after receiving the complaint as an attachment to that notice.

70. Counsel for Meta were copied on the February 9, 2026 notice to Anderson and on both of Plaintiff's replies to Keegan.

## COUNT I
### DEFAMATION (LIBEL)
*(Against Accenture LLP, Devin S. Anderson, and Kirkland & Ellis LLP)*

71. Plaintiff incorporates by reference all preceding paragraphs.

72. On October 16, 2025, Accenture, through Anderson and Kirkland, filed the First Motion on the public federal court docket, accessible to third parties through PACER.

73. The statement was of and concerning Plaintiff. The First Motion identified Plaintiff by name.

15

74. The First Motion asserted "a legitimate community standards violation by Ballentine—is consistent with the facts" in a filing whose textual characteristics are set forth in Section K of this Complaint. The publication conveyed a defamatory meaning.

75. The publication was false and defamatory by implication in that it conveyed to readers that Plaintiff engaged in a CSE violation or child-protection-law violation warranting enforcement action. Plaintiff did not commit a CSE violation or a child-protection-law violation.

76. After the First Motion was filed, Anderson stated in writing that Accenture "expressly accepts as true" the complaint's assertion that there was no CSE violation, stated that Accenture would include language reinforcing this point in its forthcoming motion, and Accenture, through Anderson and Kirkland, later changed its phrasing to reference "another community standard unrelated to CSE" without identifying any standard or content.

77. Accenture, Anderson, and Kirkland published the statement with at least negligence concerning its truth or falsity. The First Motion asserted a "legitimate" violation without identifying any content, any standard, or any factual basis.

78. Alternatively, Accenture, Anderson, and Kirkland published the statement with express malice. Anderson acknowledged in writing that Accenture accepted as true the absence of any CSE violation. Accenture, through Anderson and Kirkland, then filed the Second Motion asserting "a legitimate

16

violation of another community standard unrelated to CSE" without identifying any content, any standard, or any factual basis. These facts support an inference of knowledge of falsity or reckless disregard for the truth.

79.    The assertion of a "legitimate" violation of an unspecified community standard—in a filing using CSE terminology in close proximity to Plaintiff's name at least nine times—tends to prejudice Plaintiff in the eyes of a substantial and respectable minority of the community.

80.    As a direct and proximate result of the defamatory publication by Accenture, Anderson, and Kirkland, Plaintiff suffered damages, including injury to reputation and severe emotional distress.

## COUNT II
### CIVIL CONSPIRACY TO DEFAME
*(Against All Defendants)*

81.    Plaintiff incorporates by reference all preceding paragraphs.

82.    Accenture and Meta operated a joint content moderation pipeline prior to and independent of the Federal Action. The Federal Action alleges that Accenture and Meta engaged in a conspiracy to deprive Plaintiff of equal contractual rights under 42 U.S.C. §§ 1981, 1982, and 1985(3) through the joint maintenance of a CSE designation that was applied without identified violative content, without a CyberTipline report, and without law enforcement contact.

83.    In the course of the Federal Action, Accenture, through Anderson and Kirkland, and Meta reached an agreement or understanding to pursue a common litigation objective, as evidenced by the following: On October 4, 2025,

Anderson stated "Accenture's position is the same as Meta's." On October 28, 2025, Anderson stated "there is no reason for separate sessions," "the session should be combined with all parties," and "We can join the line provided by Meta, if you forward that information."

84. Meta, through its counsel Orrick, Herrington & Sutcliffe LLP, filed its motion to dismiss on October 15, 2025. Accenture, through Anderson and Kirkland, filed the First Motion on October 16, 2025.

85. Meta's motion refers to Plaintiff as "Plaintiff." Meta's motion does not assert that Plaintiff committed any violation. Meta's motion does not place Plaintiff's name in proximity to CSE terminology.

86. The First Motion, signed by Anderson on behalf of Kirkland in defense of Accenture, refers to Plaintiff as "Ballentine." The First Motion places "Ballentine" in the same sentence or adjacent sentence as CSE terminology nine times. The First Motion asserts "a legitimate community standards violation by Ballentine" without identifying content, standard, or factual basis.

87. The motions were filed twenty-four hours apart following the coordination set forth in paragraphs 42 and 82.

88. In furtherance of the agreement, Accenture, through Anderson and Kirkland, committed the following overt acts: (a) filed the First Motion on October 16, 2025, containing the statement "a legitimate community standards violation by Ballentine—is consistent with the facts" with no content, no standard, and no factual basis identified, in a filing using CSE terminology in

18

close proximity to Plaintiff's name at least nine times; and (b) filed the Second Motion on October 31, 2025, changing the language to "a legitimate violation of another community standard unrelated to CSE" without identifying any standard or content.

89.   The overt acts identified in the preceding paragraph are of the same character as the conduct alleged in the Federal Action: attributing an unsubstantiated violation to Plaintiff in a public forum without identifying content, a standard, or a factual basis. The Federal Action alleges that the original enforcement event followed the same pattern—a CSE designation applied without identified violative content, without a CyberTipline report, and without law enforcement referral.

90.   Keegan, acting as counsel for Accenture and as a partner at Kirkland, furthered the common objective of the conspiracy by twice adding Anderson to communications with Plaintiff after Plaintiff had removed Anderson from the chain and after receiving Plaintiff's written refusal and stated basis for that refusal.

91.   Each re-addition of Anderson to the email chain occurred after Plaintiff had removed Anderson and after Keegan had received the February 9, 2026 notice attaching the complaint and stating it would be the final direct correspondence from Plaintiff to Anderson.

92.   As a direct and proximate result of the conspiracy, Plaintiff suffered damages, including injury to reputation and severe emotional distress.

19

93.    The allegations set forth in Section L (Post-Filing Communications) are incorporated specifically in support of this Count.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(Against Accenture LLP, Devin S. Anderson, Kirkland & Ellis LLP, and Christopher W. Keegan)*

94.    Plaintiff incorporates by reference all preceding paragraphs.

95.    Accenture, through Anderson and Kirkland, engaged in the following conduct: (a) filed the First Motion on October 16, 2025, asserting "a legitimate community standards violation by Ballentine—is consistent with the facts" with no content, no standard, and no factual basis, in a filing using CSE terminology in close proximity to Plaintiff's name at least nine times; (b) on October 28, 2025, Anderson acknowledged in writing that Accenture "expressly accepts as true" that there was no CSE violation and stated Accenture would include language reinforcing this point in its forthcoming motion; and (c) on October 31, 2025, Accenture, through Anderson and Kirkland, filed the Second Motion changing the language to "a legitimate violation of another community standard unrelated to CSE" without identifying any standard or content.

96.    Plaintiff had disclosed in the federal complaint, which Accenture, Anderson, and Kirkland reviewed before filing the First Motion, that Plaintiff is a CSA survivor.

97. The conduct set forth in paragraph 95—asserting a "legitimate" violation without identified content, standard, or factual basis, in a filing reviewed after Defendants learned of Plaintiff's CSA survivor status, while concentrating CSE terminology in proximity to Plaintiff's name at the frequency set forth in Section K—was extreme and outrageous.

98. The conduct was intentional or reckless.

99. Plaintiff suffered severe emotional distress as a direct and proximate result of the conduct.

100. Keegan engaged in intentional or reckless conduct by twice adding Anderson to email communications with Plaintiff after Plaintiff had removed Anderson from the chain, after receiving Plaintiff's written refusal and stated basis for that refusal, and after receiving the February 9, 2026 notice stating it would be the final direct correspondence from Plaintiff to Anderson.

101. Keegan acted with knowledge of the complaint's allegations, including Plaintiff's disclosed status as a survivor of childhood sexual abuse, and with knowledge that Anderson is alleged to have caused Plaintiff severe emotional distress.

102. Keegan's conduct, in the context of Plaintiff's disclosed status as a survivor of childhood sexual abuse and Keegan's knowledge that Anderson is the individual alleged to have caused Plaintiff severe emotional distress, was extreme and outrageous.

103. The allegations set forth in Section L (Post-Filing Communications) are incorporated specifically in support of this Count.

104. Keegan's conduct caused Plaintiff additional severe emotional distress, including aggravation of the harms described in this complaint.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

A. Compensatory damages in the amount of $50,000,000;

B. Costs as permitted by law; and

C. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury on all issues so triable.

Date: February 11, 2026                                 Respectfully submitted,

_____

Marvelle J. "Jay" Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
Telephone: (407) 794-6503
jayballentine@protonmail.com

23

**TAB**

# DOC. 6

Notice to Counsel and Parties

*Entered February 13, 2026*

Text-only docket entry; no separately filed document exists. The full text of
the entry is reproduced on the following page, an excerpt of the district
court docket sheet.

*ATTORNEY TO BE NOTICED*

**Patrick Owen Malone**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/09/2026 | 1 | COMPLAINT against All Defendants with Jury Demand Filing fee $405, receipt number 117712 filed by Marvelle J. Ballentine. (Attachments: # 1 Civil Cover Sheet)(LJC) Modified on 2/9/2026 as to docket text (LJC). (Entered: 02/09/2026) |
| 02/09/2026 | 2 | SUMMONS issued as to Accenture LLP, Kirland & Ellis LLP, Meta Platforms, Inc. (in person). (LJC) (Entered: 02/09/2026) |
| 02/09/2026 | 3 | MOTION for Miscellaneous Relief, specifically to File Electronically by Marvelle J. Ballentine. (LJC) (Entered: 02/09/2026) |
| 02/11/2026 | 4 | AMENDED COMPLAINT against All Defendants with Jury Demand. filed by Marvelle J. Ballentine. Related document: 1 Complaint, filed by Marvelle J. Ballentine.(LJC) (Entered: 02/11/2026) |
| 02/11/2026 | 5 | SUMMONS issued as to All Defendants (in person). (LJC) Modified on 2/11/2026 as to docket text (LJC). (Entered: 02/11/2026) |
| 02/13/2026 | 6 | **NOTICE TO COUNSEL AND PARTIES: The Middle District of Florida's revised Local Rules became effective November 1, 2025, and can be found on the Court's public website https://www.flmd.uscourts.gov/local‑rules. For a just and efficient resolution of this case, the parties are DIRECTED to read and comply with the Middle District of Florida's Local Rules. See Local Rule 1.01(a). Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice. Signed by Judge Anne‑Leigh Gaylord Moe on 2/13/2026. (RMF)** (Entered: 02/13/2026) |
| 02/13/2026 | 7 | NOTICE of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (RMF) (Entered: 02/13/2026) |
| 02/17/2026 | 8 | RETURN of service executed on 02/12/2026 by Marvelle J. Ballentine as to Meta Platforms, Inc. (LJC) (Entered: 02/17/2026) |
| 02/17/2026 | 9 | RETURN of service executed on 02/12/2026 by Marvelle J. Ballentine as to Devin S. Anderson. (LJC) (Entered: 02/17/2026) |
| 02/17/2026 | 10 | RETURN of service executed on 02/12/2026 by Marvelle J. Ballentine as to Accenture LLP. (LJC) (Entered: 02/17/2026) |

**TAB**

# DOC. 20

Second Amended Complaint
*Filed March 4, 2026*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

    *Plaintiff,*

      v.

DEVIN S. ANDERSON; META PLATFORMS, INC.; and

CHRISTOPHER W. KEEGAN,

    *Defendants.*

Case No. 6:26-cv-00286-AGM-DCI

<u>**SECOND AMENDED COMPLAINT FOR DAMAGES**</u>

**DEMAND FOR JURY TRIAL**

**NATURE OF THE ACTION**

1.    This action arises from defamatory statements published by Devin S. Anderson on behalf of, and in defense of Accenture LLP in federal court filings that falsely implied Plaintiff committed child sexual exploitation violations. At the time of publication, Anderson had acknowledged in writing that Accenture accepted as true the federal complaint's allegation that no such violation occurred. The publication was made in litigation where Accenture and its co-defendant Meta Platforms, Inc. face federal civil rights claims under 42 U.S.C. §§

1

1981, 1982, 1983, and 1985(3)—allegations that include deprivation of constitutional rights through discriminatory enforcement of child-safety policies.

2. The federal action voluntarily dismissed in the Northern District of California alleged that Meta and Accenture jointly operated an enforcement pipeline that permanently disabled Plaintiff's account under a child sexual exploitation policy without identifying violative content, without filing a CyberTipline report, and while restoring similarly situated white users flagged under the same policy during the same enforcement period while Plaintiff's status was not restored.

3. The federal complaint alleges that this conduct chilled Plaintiff's access to legal representation: attorneys declined to represent him upon learning of the CSE designation. Rather than defend on the merits, the First Motion signed by Anderson on behalf of, and in defense of Accenture asserted that, "An alternative explanation for Accenture's recommendation—a legitimate community standards violation by Ballentine—is consistent with the facts"—without identifying any content, any standard, or any factual basis.

4. Anderson, author of The First Motion, placed Plaintiff's name in close textual proximity to child sexual exploitation terminology *at least nine times, with five such instances concentrated within the first three pages* of the memorandum. This action seeks damages for the reputational and emotional harm inflicted by those publications.

2

5.    After Plaintiff filed this action, Christopher W. Keegan, counsel for Accenture, twice directed Plaintiff to maintain direct communications with Anderson, the individual Plaintiff had identified as the source of his emotional harm, after Plaintiff had removed Anderson from the email chain and after Plaintiff had stated in writing that he would not communicate with any named defendant. These post-filing acts form the basis of the claims against Defendant Christopher W. Keegan.

6.    The defamatory publications were accessed in this District, where Plaintiff resides and suffered reputational injury and severe emotional distress. Plaintiff seeks compensatory damages in the amount of $100,000,000.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists: Plaintiff is a citizen of Florida; Devin S. Anderson is a citizen of Utah; Meta Platforms, Inc. is a citizen of Delaware and California; and Christopher W. Keegan is a citizen of California. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff seeks $100,000,000 in compensatory damages.

8.    Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions giving rise to the claims occurred in this District. Plaintiff suffered reputational injury and emotional distress in this District. The defamatory publications at issue were accessed and read by third parties in this District.

3

9.    This Court has personal jurisdiction over Defendants. Meta transacts

business in Florida and caused tortious injury in Florida through the conduct alleged in this Complaint. Anderson caused tortious injury in Florida by publishing the defamatory filings, which were accessed in this District and caused reputational and emotional harm to Plaintiff in this District. Keegan purposefully directed the post-filing communications alleged here to Plaintiff in Florida, causing additional emotional harm in this District.

## PARTIES

### A.  Plaintiff

10.  Plaintiff Marvelle J. "Jay" Ballentine is an individual and a citizen of the State of Florida, domiciled in Clermont, Lake County, Florida.

### B.  Defendants

11.  Defendant Devin S. Anderson ("Anderson") is an individual and a citizen of the State of Utah, domiciled in Utah. Anderson is a partner at Kirkland & Ellis LLP and served as counsel of record for Accenture in the Federal Action. Anderson signed the First Motion and the Second Motion on behalf of Accenture.

12.  Defendant Meta Platforms, Inc. ("Meta") is a corporation incorporated under the laws of Delaware with its principal place of business in Menlo Park, California. Meta is a citizen of Delaware and California.

13.  Defendant Christopher W. Keegan ("Keegan") is an individual and a citizen of the State of California, domiciled in California. Keegan is a partner at

4

Kirkland & Ellis LLP and served as counsel of record for Accenture LLP in the Federal Action. Keegan appeared on the docket in the Federal Action on September 26, 2025.

## FACTS

### A.    The Parties' Relationship

14.    Meta retained Accenture to perform moderation services for its platform. Anderson and Keegan served as litigation counsel for Accenture in the Federal Action.

15.    Meta and Accenture have maintained a business arrangement since 2012. Public reporting valued this relationship at approximately $500 million for Accenture's performance and delivery of platform policy enforcement services in 2021. Public reporting characterized Accenture as Facebook's largest partner in platform enforcement.

16.    Meta relies on Accenture to meet its child-safety reporting obligations under 18 U.S.C. § 2258A.

### B.    The Federal Action

17.    On September 9, 2025, Plaintiff filed a civil action in the United States District Court for the Northern District of California, captioned *Ballentine v. Meta Platforms, Inc., et al.*, Case No. 3:25-cv-07671-CRB (the "Federal Action"). The Federal Action named Accenture and Meta as defendants.

18.    Plaintiff proceeded pro se in the Federal Action.

5

19. The Federal Action was voluntarily dismissed without prejudice on February 13, 2026.

20. The Federal Action alleged that Meta invoked a child sexual exploitation ("CSE") enforcement action against Plaintiff on July 4, 2022; that Meta restored contractual status for white comparators flagged under the same policy during the same enforcement period while Plaintiff's status was not restored; and that Plaintiff sent Meta a written reinstatement demand on April 22, 2025, which Meta constructively denied.

21. The Federal Action further alleged that Meta and Accenture operated a joint content moderation pipeline in which Accenture reviewers conducted final human review of enforcement matters labeled under Meta's CSE policy; that Accenture reviewers had access to profile photos and government identification sufficient to identify a user's race at the time of review; and that Accenture and Meta engaged in a conspiracy to deprive Plaintiff of equal rights to make and enforce contracts under 42 U.S.C. §§ 1981, 1982, and 1985(3).

22. The Federal Action alleged that the CSE designation applied to Plaintiff's account on July 4, 2022, has been continuously maintained since that date; that no CyberTipline report was filed with the National Center for Missing & Exploited Children ("NCMEC"); that no contact from federal, state, or local law enforcement has occurred; and that white comparators flagged under the same policy during the same enforcement period were restored to the platform.

6

23. The federal complaint filed in the Northern District of California specifically alleged that the CSE designation prevented Plaintiff from obtaining legal representation. Paragraph 12 of the federal complaint states: "Meta's false CSE designation on Plaintiff, affirmed in Accenture's final human review process, has accomplished its purpose. Attorneys will not take his case. Plaintiff's business has been destroyed, his commercial property withheld, his access to continuing education severed, and his participation in digital commerce permanently foreclosed. It is against this backdrop that Plaintiff proceeds, pro se."

24. These allegations were on the public docket before Accenture filed the First Motion.

### C.    The Complaint's Disclosure

25. The original complaint filed on September 9, 2025 contained a singular footnote with the following text: "As a CSA survivor, Plaintiff gratefully acknowledges the unwavering support of his wife, whose steady presence made the psychological recovery, and subsequent preparation of this Complaint possible. He further acknowledges his children, especially his eldest, who endured his distance during the preparation of this filing after once celebrating his NRVTA graduation with pride. This work now returns to them, just as their father and husband does."

26. Anderson, counsel for Accenture, reviewed the complaint which contained the footnote before preparing a responsive motion.

**D.   Pre-First Motion Alignment**

27.   On September 30, 2025, Plaintiff emailed counsel for Accenture and Meta proposing, among other options: "OPTION 2 — Pause Rule 12; Mediation: Stipulate to suspend Rule 12 motion practice and proceed to mediation, with a joint proposed schedule submitted for the Court's approval."

28.   On October 1, 2025, Anderson responded to Plaintiff's proposal and requested that Plaintiff include counsel for Meta on all communications, stating the purpose was "so the parties can be coordinated."

29.   On October 3, 2025, Meta's counsel responded that mediation would not be productive.

30.   On October 4, 2025, Anderson, as counsel for Accenture, responded: "Accenture's position is the same as Meta's."

**E.   The Defamatory Publication**

31.   On October 16, 2025, Accenture, through Anderson and Kirkland, filed a motion to dismiss in the Federal Action (the "First Motion").

32.   The First Motion was filed on the public federal court docket and is publicly accessible via the federal Public Access to Court Electronic Records (PACER) system.

33.   The First Motion, signed by Anderson, stated: "An alternative explanation for Accenture's recommendation—a legitimate community standards violation by Ballentine—is consistent with the facts alleged in the complaint."

8

34. The First Motion did not identify any specific content, any specific community standard, or any factual basis supporting the assertion that Plaintiff committed a "legitimate community standards violation."

35. Plaintiff's name appears in the same sentence or an adjacent sentence as CSE terminology repeatedly in the First Motion.

36. The First Motion did not allege that Plaintiff committed a CSE violation.

### F. The Clarification and Pivot

37. On October 24, 2025, Plaintiff emailed Anderson requesting that Accenture include clarification in its forthcoming filing that Accenture did not contend Plaintiff violated child protection laws.

38. On October 28, 2025, Anderson sent an email communication to Plaintiff.

39. In that communication, Anderson quoted from the First Motion: "Ballentine alleges there was no CSE violation associated with his account."

40. In that communication, Anderson stated that Accenture's argument "expressly accepts as true" the complaint's assertion that there was no CSE violation and that the First Motion set forth "an alternative explanation... that is unrelated to CSE."

41. In that communication, Anderson stated: "In Accenture's forthcoming motion to dismiss... we will include language reinforcing this point."

9

42. On October 31, 2025, Anderson filed a second motion to dismiss in the Federal Action (the "Second Motion") on behalf of Accenture.

43. The Second Motion changed the language from "a legitimate community standards violation by Ballentine" to "a legitimate violation of another community standard unrelated to CSE."

44. The Second Motion did not identify any specific community standard that Plaintiff allegedly violated, any specific content that Plaintiff allegedly posted, or any factual basis for the revised statement.

### G.    Meet-and-Confer Coordination

45. On October 24, 2025, Plaintiff contacted Anderson to request that Accenture provide separate availability for the court-ordered preservation meet-and-confer to avoid overlap with Meta's scheduled session.

46. On October 28, 2025, Anderson responded: "there is no reason for separate sessions" and "the session should be combined with all parties" and "We can join the line provided by Meta, if you forward that information."

### H.    No Identified Pleading Relevance

47. The First Motion did not state that resolving any issue presented required the Court to determine whether Plaintiff violated any specific community standard, and it did not identify any such standard or content to support the asserted "legitimate community standards violation."

48. The First Motion did not explain how the "legitimate community standards violation" assertion corresponded to any identified content, any

identified standard, or any identified enforcement category other than the child-safety context discussed throughout the filing.

49. The procedural posture of the First Motion was a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which tests the legal sufficiency of the complaint's allegations.

50. The First Motion's legal arguments addressed statute of limitations, causation, Section 230 immunity, and the adequacy of Plaintiff's comparator allegations. None of these arguments required or depended upon a determination that Plaintiff committed a community standards violation.

51. The statement asserting "a legitimate community standards violation by Ballentine—is consistent with the facts" was not necessary to, and did not support, any legal argument presented in the First Motion.

I.    Relation to the Underlying Federal Claims

52. The conduct alleged in the preceding subsections—asserting an unsubstantiated violation against Plaintiff in a public filing without identifying content, a standard, or a factual basis—is of the same character as the conduct alleged in the Federal Action: applying an unsubstantiated CSE designation to Plaintiff's account without identifying violative content, filing a CyberTipline report, or citing a factual basis.

J.    Damages

53. Plaintiff's reputation was harmed in Florida as a result of the defamatory publication.

54. Plaintiff suffered severe emotional distress. Plaintiff had disclosed his status as a CSA survivor in the federal complaint. The First Motion's public filing of CSE-adjacent references and implications without factual basis, in that context, caused Plaintiff severe emotional distress.

**K.    Textual Analysis of the First Motion**

55. The First Motion consists of seventeen pages of substantive text, excluding the cover page, certificate of service, tables, and signature blocks.

56. The phrase "Child Sexual Exploitation" or the abbreviation "CSE" appears twenty-six times in the First Motion.

57. Plaintiff's name or a direct reference to Plaintiff appears forty-one times in the First Motion.

58. Plaintiff's name appears in the same sentence as CSE-related terminology nine times.

59. Five of those nine instances occur within the first three pages of the memorandum's substantive text: the Introduction, Summary of Argument, and Background sections.

60. In the Background section of the First Motion, Plaintiff's name appears seven times. Six of those seven references place Plaintiff's name in the same sentence or immediately adjacent sentence as CSE-related terminology.

61. The First Motion does not identify any content that Plaintiff allegedly posted.

62.    The First Motion does not identify any community standard that Plaintiff allegedly violated.

63.    The First Motion does not provide any factual basis for the assertion that Plaintiff committed "a legitimate community standards violation."

### Table 1: Publication Metrics

| Metric | Value |
|---|---|
| Total pages of substantive text in First Motion | 17 |
| Total instances of "Child Sexual Exploitation" or "CSE" | 26 |
| Total references to Plaintiff by name or direct reference | 41 |
| Instances of Plaintiff's name in same sentence as CSE terminology | 9 |
| Instances concentrated in first 3 pages of memorandum | 5 |
| References to Plaintiff in Background section | 7 |
| Of those, references paired with CSE terminology | 6 |
| Content identified to support "legitimate violation" assertion | 0 |
| Community standard identified to support assertion | 0 |
| Factual basis provided for assertion | 0 |

13

**Table 2: Frequency and Concentration Ratios**

| Calculation | Result |
|---|---|
| CSE references per page | 1.53 |
| Plaintiff references per page | 2.41 |
| Percentage of Background references to Plaintiff paired with CSE | **85.7%** |
| Percentage of all Plaintiff-CSE pairings in first 3 pages | 55.6% |

## L.    Post-Filing Communications

64.    On February 9, 2026, Plaintiff filed this action. The complaint alleges that Anderson signed filings that placed Plaintiff's name in proximity to child sexual exploitation terminology at least nine times and discloses Plaintiff's status as a survivor of childhood sexual abuse.

65.    On February 9, 2026, Plaintiff sent an email to Anderson, with copies to Keegan and counsel for Meta, attaching the complaint filed in this action. The email stated: "The complaint, attached hereto, names Accenture LLP, Kirkland & Ellis LLP, Meta Platforms, Inc., and you individually as defendants." The email stated: "This will be the final direct correspondence from Plaintiff to you."

66.    On February 9, 2026, Plaintiff sent a separate email to Keegan and to counsel for Meta proposing a stipulation to continue the Rule 12 hearing in the Federal Action. Plaintiff did not include Anderson on the communication.

67. On February 10, 2026, Keegan responded by email. Keegan stated that Plaintiff "should continue to direct all communications to both Mr. Anderson and myself on behalf of Accenture." Keegan added Anderson to the email chain.

68. Plaintiff replied to Keegan's email and removed Anderson from the chain. Plaintiff stated that he did "not intend to maintain direct communications with any named defendant in the Florida action." Plaintiff stated that the representation structure—in which Kirkland & Ellis LLP is a named defendant, Anderson is both a partner and a co-defendant, and both continue to represent co-defendant Accenture LLP—"raises difficult boundary questions." Counsel for Meta were copied.

69. On February 10, 2026, Keegan sent a second email. Keegan again added Anderson to the chain. Keegan stated: "Notice attorneys include Mr. Anderson and myself, so please continue to include him on communications."

70. Plaintiff replied to Keegan's second email and again removed Anderson from the chain.

71. Keegan sent both emails after receiving the February 9, 2026 notice to Anderson stating it would be the final direct correspondence from Plaintiff to Anderson, and after receiving the complaint as an attachment to that notice.

72. Counsel for Meta were copied on the February 9, 2026 notice to Anderson and on both of Plaintiff's replies to Keegan.

## COUNT I

### DEFAMATION (LIBEL)
*(Against Devin S. Anderson)*

73.    Plaintiff incorporates by reference Facts Sections A, B, C, D, E, F, H, I, J, and K (¶¶ 14–44, 47–63).

74.    On October 16, 2025, Anderson on behalf of Accenture, filed the First Motion on the public federal court docket, accessible to third parties through PACER.

75.    The statement was of and concerning Plaintiff. The First Motion identified Plaintiff by name.

76.    The First Motion asserted "a legitimate community standards violation by Ballentine—is consistent with the facts" in a filing whose textual characteristics are set forth in Section K of this Complaint. The publication conveyed a defamatory meaning.

77.    The publication was false and defamatory by implication in that it conveyed to readers that Plaintiff engaged in a CSE violation or child-protection-law violation warranting enforcement action. Plaintiff did not commit a CSE violation or a child-protection-law violation.

78.    After the First Motion was filed, Anderson stated in writing that Accenture "expressly accepts as true" the complaint's assertion that there was no CSE violation, stated that Accenture would include language reinforcing this point in its forthcoming motion, and Anderson, on behalf of Accenture, later

16

changed its phrasing to reference "another community standard unrelated to CSE" without identifying any standard or content.

79. Anderson, on behalf of Accenture, drafted and published the statement with at least negligence concerning its truth or falsity. The First Motion asserted a "legitimate" violation without identifying any content, any standard, or any factual basis.

80. Alternatively, Anderson, on behalf of Accenture, published the statement with express malice. Anderson acknowledged in writing that Accenture accepted as true the absence of any CSE violation. Anderson, on behalf of Accenture, then filed the Second Motion asserting "a legitimate violation of another community standard unrelated to CSE" without identifying any content, any standard, or any factual basis. These facts support an inference of knowledge of falsity or reckless disregard for the truth.

81. The assertion of a "legitimate" violation of an unspecified community standard—in a filing using CSE terminology in close proximity to Plaintiff's name at least nine times—tends to prejudice Plaintiff in the eyes of a substantial and respectable minority of the community.

82. As a direct and proximate result of the defamatory publication by Anderson, on behalf of Accenture, Plaintiff suffered damages, including injury to reputation and severe emotional distress.

17

## COUNT II

### CIVIL CONSPIRACY TO DEFAME
*(Against All Defendants)*

83.    Plaintiff incorporates by reference Facts Sections A through L (¶¶ 14–72).

84.    Accenture and Meta operated a joint content moderation pipeline prior to and independent of the Federal Action. The Federal Action alleges that Accenture and Meta engaged in a conspiracy to deprive Plaintiff of equal contractual rights under 42 U.S.C. §§ 1981, 1982, and 1985(3) through the joint maintenance of a CSE designation that was applied without identified violative content, without a CyberTipline report, and without law enforcement contact.

85.    In the course of the Federal Action, Anderson, on behalf of Accenture, and Meta reached an agreement or understanding to pursue a common litigation objective, as evidenced by the following: On October 1, 2025, Anderson requested that Plaintiff include counsel for Meta on all communications, stating the purpose was "so the parties can be coordinated." On October 4, 2025, Anderson stated "Accenture's position is the same as Meta's." On October 28, 2025, Anderson stated "there is no reason for separate sessions," "the session should be combined with all parties," and "We can join the line provided by Meta, if you forward that information."

86.    Meta, through its counsel Orrick, Herrington & Sutcliffe LLP, filed its motion to dismiss on October 15, 2025. Anderson, on behalf of Accenture, filed the First Motion on October 16, 2025.

18

87. Meta's motion refers to Plaintiff as "Plaintiff." Meta's motion does not assert that Plaintiff committed any violation. Meta's motion does not place Plaintiff's name in proximity to CSE terminology.

88. The First Motion, signed by Anderson on behalf of, and in defense of Accenture, refers to Plaintiff as "Ballentine." The First Motion places "Ballentine" in the same sentence or adjacent sentence as CSE terminology nine times. The First Motion asserts "a legitimate community standards violation by Ballentine" without identifying content, standard, or factual basis.

89. The motions were filed twenty-four hours apart following the coordination set forth in paragraphs 28, 30, and 46.

90. In furtherance of the agreement, Anderson, on behalf of Accenture, committed the following overt acts: (a) filed the First Motion on October 16, 2025, containing the statement "a legitimate community standards violation by Ballentine—is consistent with the facts" with no content, no standard, and no factual basis identified, in a filing using CSE terminology in close proximity to Plaintiff's name at least nine times; and (b) filed the Second Motion on October 31, 2025, changing the language to "a legitimate violation of another community standard unrelated to CSE" without identifying any standard or content.

91. The overt acts identified in the preceding paragraph are of the same character as the conduct alleged in the Federal Action: attributing an unsubstantiated violation to Plaintiff in a public forum without identifying content, a standard, or a factual basis. The Federal Action alleged that the

19

original enforcement event followed the same pattern—a CSE designation applied without identified violative content, without a CyberTipline report, and without law enforcement referral.

92. Keegan, acting as counsel for Accenture alongside Anderson, furthered the common objective of the conspiracy by twice adding Anderson to communications with Plaintiff after Plaintiff had removed Anderson from the chain and after receiving Plaintiff's written refusal and stated basis for that refusal.

93. Each re-addition of Anderson to the email chain occurred after Plaintiff had removed Anderson and after Keegan had received the February 9, 2026 notice attaching the complaint and stating it would be the final direct correspondence from Plaintiff to Anderson.

94. As a direct and proximate result of the conspiracy, Plaintiff suffered damages, including injury to reputation and severe emotional distress.

95. The allegations set forth in Section L (Post-Filing Communications) are incorporated specifically in support of this Count.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(Devin S. Anderson, Christopher W. Keegan)*

96. Plaintiff incorporates by reference Facts Sections A, B, C, D, E, F, H, I, J, K, and L (¶¶ 14–44, 47–72).

97. Anderson, on behalf of Accenture, engaged in the following conduct: (a) filed the First Motion on October 16, 2025, asserting "a legitimate community

standards violation by Ballentine—is consistent with the facts" with no content, no standard, and no factual basis, in a filing using CSE terminology in close proximity to Plaintiff's name at least nine times; (b) on October 28, 2025, Anderson acknowledged in writing that Accenture "expressly accepts as true" that there was no CSE violation and stated Accenture would include language reinforcing this point in its forthcoming motion; and (c) on October 31, 2025, Anderson, on behalf of Accenture, filed the Second Motion changing the language to "a legitimate violation of another community standard unrelated to CSE" without identifying any standard or content.

98. Plaintiff had disclosed in the federal complaint, which Accenture, Anderson, and Kirkland reviewed before filing the First Motion, that Plaintiff is a CSA survivor.

99. The conduct set forth in paragraph 97—asserting a "legitimate" violation without identified content, standard, or factual basis, in a filing reviewed after Defendants learned of Plaintiff's CSA survivor status, while concentrating CSE terminology in proximity to Plaintiff's name at the frequency set forth in Section K—was extreme and outrageous.

100. The conduct was intentional or reckless.

101. Plaintiff suffered severe emotional distress as a direct and proximate result of the conduct.

102. Keegan engaged in intentional or reckless conduct by twice adding Anderson to email communications with Plaintiff after Plaintiff had removed

Anderson from the chain, after receiving Plaintiff's written refusal and stated basis for that refusal, and after receiving the February 9, 2026 notice stating it would be the final direct correspondence from Plaintiff to Anderson.

103. Keegan acted with knowledge of the complaint's allegations, including Plaintiff's disclosed status as a survivor of childhood sexual abuse, and with knowledge that Anderson is alleged to have caused Plaintiff severe emotional distress.

104. Keegan's conduct, in the context of Plaintiff's disclosed status as a survivor of childhood sexual abuse and Keegan's knowledge that Anderson is the individual alleged to have caused Plaintiff severe emotional distress, was extreme and outrageous.

105. The allegations set forth in Section L (Post-Filing Communications) are incorporated specifically in support of this Count.

106. Keegan's conduct caused Plaintiff additional severe emotional distress, including aggravation of the harms described in this complaint.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

A. Compensatory damages in the amount of $100,000,000;

B. Costs as permitted by law; and

C. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury on all issues so triable.

Date: March 4, 2026

Respectfully submitted,

Marvelle J. "Jay" Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
Telephone: (407) 794-6503
jayballentine@protonmail.com

23

**TAB**

# DOC. 70

Standing Order Requiring Disclosure of Use of Artificial Intelligence

*Entered May 27, 2026*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STANDING ORDER REQUIRING DISCLOSURE**
**OF THE USE OF ARTIFICIAL INTELLIGENCE**

This Order requires that every filing must contain a certification whether artificial intelligence was used in the preparation of the filing.

**I.    Purpose**

The Middle District of Florida is one of the busiest United States District Courts in the nation.  Artificial intelligence is, at times, obviously used in filings submitted to this Court.  While there is no rule that prohibits the use of artificial intelligence, whether a filer is a licensed attorney or represents himself or herself, it is imperative that every filer understand the risks and potential consequences associated with the use of artificial intelligence.  Among other things, the use of artificial intelligence can result in the generation of a filing that relies on cases that do not exist, or that could not reasonably be considered supportive of the argument.  The Federal Rules of Civil Procedure govern the filings in this case, and Rule 11 states that

> *[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:*
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) *the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;*

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11, Fed. R. Civ. P. (emphasis added).  Unfortunately, the use of artificial intelligence can easily lead to submission of filings without the required consideration of whether "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  When this happens, the cost is asymmetric.  That is, the filing was easy to prepare, but forces the taxpayers to incur a real cost by directing the Court's finite resources to consider a filing that is not supported by existing law.  If those resources are expended only to arrive at the conclusion that a cited case does not exist—or could not reasonably be said to stand for the cited proposition—then whether the filer is pro se or a licensed attorney, sanctions may be entered against the filer under Rule 11.  Those sanctions may include an efficient sanction meant to exceed the cost of conducting the necessary legal research.  To facilitate every filer's inescapable recognition of his or her obligations under Rule 11, and because the Federal Rules of Civil Procedure are to be construed in a manner to "secure the just, speedy, and inexpensive determination of every action and proceeding," Rule 1, Fed. R. Civ. P., any filing in this case may be stricken if it fails to be accompanied by an affirmative representation to the Court about the use of artificial intelligence.

## II.    Failure to Include Certification

Any filing that does not contain one of the two permissible certifications below, verbatim, may be stricken.  If the filing is a motion, complaint, or petition, then the relief requested may be denied without prejudice.

## III.    Doubts to be Resolved in Favor of Disclosure

If a filer is unsure whether anything used in the preparation of the filing might be considered "artificial intelligence," the filer should select the certification language for when artificial intelligence was used.  The certification disclosing the use of artificial intelligence includes a section where the filer must explain what artificial intelligence was used, and after that explanation the filer may note any uncertainty about whether what was used qualifies as "artificial intelligence."  Every doubt about whether something is "artificial intelligence" should be resolved in favor of disclosure that artificial intelligence was used.

## IV.    Verbatim Disclosure Required

The acceptable certification language is below.  No other form of certification is permitted.  Although the law recognizes substantial compliance in some contexts, here only strict compliance will be recognized because it is an inefficient use of the Court's finite resources to analyze what latent significance there may be in "substantially compliant" certifications.

## V.    Use of Traditional Legal Research or Traditional Search Engines

For avoidance of doubt, the traditional use of Westlaw or LexisNexis for legal research (together, "Traditional Legal Research") or the use of a search engine like Google,

3

Brave, DuckDuckGo, Yahoo, or Bing for other research (together, "Traditional Search

Engines"), is not considered use of artificial intelligence that must be disclosed for the

purposes of this Standing Order.  If (1) the filer used either Traditional Legal Research

or a Traditional Search Engine but (2) no other form of artificial intelligence was used,

then it is acceptable to select and use the Certification Under Penalty of Perjury That

Artificial Intelligence Was Not Used in the Preparation of This Filing.  *See* Section

VI.A.

## VI.    Contents of Certification

### A.  If Artificial Intelligence Was Not Used

If artificial intelligence was not used in the preparation of the filing (or if the only

artificial intelligence used was Traditional Legal Research or a Traditional Search

Engine), then the certification must state, verbatim:

<u>**Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing**</u>

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence.  After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way.  I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing.  If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure.  I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11.  If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended.  Further, whether I represent myself or

4

I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

## B. If Artificial Intelligence Was Used

If any form of artificial intelligence (other than Traditional Legal Research or a Traditional Search Engine) was used in preparation of the filing, then the certification must state, verbatim:

### Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: [*insert description*]. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

## VII. Ultimate Responsibility for Truth of Certification

The ultimate responsibility for the truth of the certification lies with the person who signs the filing. Consequently, the person who signs the filing should take whatever

steps are necessary to be certain that the certification is true. If a filing contains reference to a case that does not exist or does not reasonably stand for the cited proposition, it will be no defense that the document was drafted by someone other than the person who signed the filing.

**VIII. Requirements for Motions Filed Prior to Entry of This Standing Order/Safe Harbor/Certification of Compliance With Rule 11**

If documents were filed in this case prior to the entry of this Standing Order, Rule 11 applied to those filings. The purpose of this section is to, with respect to every document filed prior to the entry of this Standing Order, (1) confirm compliance with Rule 11 and (2) grant a limited safe harbor to counsel and pro se parties who filed documents prior to this Standing Order that may not have complied with Rule 11. To that end, if, in an abundance of caution, counsel or a pro se litigant wishes to withdraw a filing within the next ten days, withdrawal of the filing will be permitted pursuant to this section. Leave to re-file the withdrawn filing may be requested with reference to this section. If, on consideration of Rule 11, this Standing Order, and the filings made in this case, the filer is confident that either (1) artificial intelligence was not used, or (2) artificial intelligence was used but every cited authority was personally reviewed by the filer, then the following certification should be filed no later than ten days from the date this Standing Order is entered on the docket:

### Certification of Compliance With Rule 11

I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to docket entries [*insert docket numbers*], by my signature below I confirm under penalty of perjury that either (1) artificial intelligence was not used in the preparation of the

6

filing or, (2) if artificial intelligence was used, every cited authority was personally reviewed by the filer in advance of the filing.

### IX.    Failure to Timely Certify Under Section VIII or Withdraw Filing

Filings may be stricken without prejudice if, within ten days of the date this Standing Order is entered, (1) no Certification of Compliance With Rule 11 appears on the docket with reference to that filing and (2) the filing was not timely withdrawn pursuant to this Standing Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 27, 2026.

ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

**Copies to:**
Counsel of Record
Unrepresented Parties

# DOC. 71

Time-Sensitive Motion for Extension of Time to Comply with
Section VIII of the Standing Order

*Filed June 2, 2026*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

    *Plaintiff,*

       v.                         Case No. 6:26-cv-00286-AGM-DCI

DEVIN S. ANDERSON; META PLATFORMS, INC.;
and CHRISTOPHER W. KEEGAN,

    *Defendants.*

## PLAINTIFF'S TIME-SENSITIVE MOTION FOR ADDITIONAL TIME TO COMPLY WITH SECTION VIII OF THE STANDING ORDER REQUIRING DISCLOSURE OF THE USE OF ARTIFICIAL INTELLIGENCE

### TIME-SENSITIVE DESIGNATION

This motion is designated time-sensitive under Local Rule 3.01(f). The Standing Order Requiring Disclosure of the Use of Artificial Intelligence (Dkt. 70) was entered May 27, 2026. Section VIII of the Standing Order requires that a Certification of Compliance With Rule 11 be filed within ten days of entry. The current deadline is June 5, 2026. Section IX provides that filings may be stricken without prejudice if no Section VIII certification appears on the docket within that period. Ruling on this motion before June 5, 2026, is necessary to preserve the relief sought.

## I.   INTRODUCTION

Plaintiff Marvelle J. Ballentine, pro se, respectfully moves the Court for an additional forty-five (45) days within which to comply with Section VIII of the Standing Order Requiring Disclosure of the Use of Artificial Intelligence (Dkt. 70), entered May 27, 2026. The current Section VIII deadline is June 5, 2026. Plaintiff respectfully requests that the deadline be extended to July 20, 2026.

## II.   BACKGROUND

1. The Standing Order was entered on May 27, 2026. Section VIII directs filers to submit a Certification of Compliance With Rule 11 within ten days of entry, identifying prior docket entries and attesting either that artificial intelligence was not used or that, if used, every authority cited was personally reviewed by the filer. The current deadline is June 5, 2026.

2. Plaintiff began the review process upon entry of the Standing Order to comply within the ten-day period. Upon commencing that review, Plaintiff determined that the volume of authorities cited across the filings subject to Section VIII cannot responsibly be personally verified within the time provided.

3. Plaintiff is litigating two active matters before this Court: this action and the companion action pending as Case No. 6:26-cv-00376-AGM-DCI. The filings subject to Section VIII span both dockets. A parallel motion is being filed in Case No. 6:26-cv-00376-AGM-DCI.

## III.   GROUNDS FOR EXTENSION

4. Plaintiff takes his obligations under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1746 seriously. The Section VIII certification is made under penalty of perjury. Personal review of each cited authority, as Section VI.B and Section VII of the Standing Order require, takes time that the ten-day period does not afford.

5. The additional time requested will permit Plaintiff to complete the personal review the Standing Order requires and to submit a Section VIII certification consistent with Rule 11 and 28 U.S.C. § 1746.

6. No party will be prejudiced by the requested extension. No deadline applicable to any Defendant is affected by the relief requested.

## IV.    REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court extend the Section VIII compliance deadline from June 5, 2026, to July 20, 2026.

3

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiff certifies that on May 27, 2026, Plaintiff conferred by email with counsel for all Defendants. As of the date of this filing, Defendants have not responded.

Date: June 2, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, pro se
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

## CERTIFICATION UNDER SECTION VI.B OF THE STANDING ORDER

### Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: a large language model assistant was used to help with drafting, structural organization, and editorial review of this motion. No case or other legal authority is cited in this motion, and the assistant did not generate any cited authority. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether

5

6

I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Executed under penalty of perjury this 2nd day of June, 2026.

Marvelle J. Ballentine
Plaintiff, pro se

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, I caused the foregoing to be filed with the Clerk of the Court, which will serve a copy on all counsel of record via the Court's CM/ECF system.

Marvelle J. Ballentine
Plaintiff, pro se

TAB

# DOC. 71-1

Declaration in Support of Motion for Extension of Time

*Filed June 2, 2026*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MARVELLE J. BALLENTINE,

    *Plaintiff,*

      v.                    Case No. 6:26-cv-00286-AGM-DCI

DEVIN S. ANDERSON; META PLATFORMS, INC.;
and CHRISTOPHER W. KEEGAN,

    *Defendants.*

## DECLARATION OF MARVELLE J. BALLENTINE IN SUPPORT OF

## MOTION FOR EXTENSION OF TIME

I, Marvelle J. Ballentine, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this action and proceed pro se. I make this declaration on personal knowledge.

2. On May 27, 2026, the Court entered a Standing Order Requiring Disclosure of the Use of Artificial Intelligence (Dkt. 70).

3. Section VIII requires that, within ten days of entry, I submit a Certification of Compliance with Rule 11 as to prior filings, attesting either that artificial intelligence was not used or that I personally reviewed every authority cited in the filing. The deadline is June 5, 2026.

4. The order does not identify any deficiency in any filing I have submitted in this action. It does not identify any authority cited in my filings that was misstated, miscited, or nonexistent. It does not name me.

5. To attest under penalty of perjury that I personally reviewed an authority, I must, for each authority cited: locate the decision in full text; read it in its entirety; confirm that the proposition for which it was cited is supported by its holding; and confirm that the decision has not been reversed, vacated, abrogated, or superseded.

6. The filings within the scope of Section VIII collectively cite numerous authorities. Each must be reviewed individually. The review described in Paragraph 5 cannot be performed for several authorities at once.

7. I am the Plaintiff in this action and in Case No. 6:26-cv-00376-AGM-DCI, which proceeds concurrently. Deadlines in that matter fall within the same ten-day period and require their own research, drafting, and filing.

8. I have no administrative, clerical, paralegal, or co-counsel support. I perform every step myself. I do not hold electronic filing privileges in this District. I file each document on paper at the Clerk's window, which requires travel to and from the courthouse for each filing.

9. I earn the income through which my household's recurring financial obligations are paid, and I carry day-to-day responsibility for my family. Each requires my time daily and cannot be deferred. The personal review described in Paragraphs 5 and 6 requires time that, within the ten-day period the order

allows, I can obtain only by withdrawing it from the work through which I earn that income, from the care of my family, or from the deadlines in the concurrent matter. Since entry of the order, the threshold steps of that review have already required me to do so.

10. I am able to complete the personal review that a truthful Section VIII certification requires. I cannot complete it, truthfully and under oath, by June 5, 2026.

11. I request forty-five additional days, through July 20, 2026, to perform that review and submit a truthful certification.

12. I make this request in good faith and not for delay. I have not previously requested any extension of the Section VIII deadline.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: June 2, 2026

Marvelle J. Ballentine
Plaintiff, *pro se*

3

**TAB**

# DOC. 72

Certificate of Compliance (Defendants Anderson and Keegan)

*Filed June 4, 2026*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

      Plaintiff,

          Case No. 6:26-cv-00286-AGM-DCI

      v.

          Judge Anne-Leigh Gaylord Moe

DEVIN S. ANDERSON, META
PLATFORMS, INC., and
CHRISTOPHER W. KEEGAN,

      Defendants.

_____/

### DEFENDANTS DEVIN S. ANDERSON AND CHRISTOPHER W. KEEGAN'S CERTIFICATION OF COMPLIANCE WITH RULE 11

Defendants Devin S. Anderson and Christopher W. Keegan, by and through their undersigned counsel, hereby file their Certification of Compliance with Rule 11, as required by the Court's Standing Order Requiring Disclosure of the Use of Artificial Intelligence (Dkt. No. 70).

I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to docket entries 24, 25, 26, 33, 34, 35, 38, 42, 49, 50, 58, 61, 62, 63, 65, and 69,[1] by my signature below, I confirm under penalty of perjury that either (1) artificial intelligence was not used in the preparation of the

---

[1] Docket entry 65 was a joint filing that was filed by co-defendant's counsel. While I did not personally file this docket entry, I have reviewed it for compliance with the Court's Standing Order.

filings or, (2) if artificial intelligence was used, every cited authority was personally reviewed by the filer in advance of the filings.

Dated: June 4, 2026

Respectfully submitted,

*/s/ Marianna C. Chapleau*
Marianna C. Chapleau (FBN. 1059142)
Patrick Malone (FBN. 1051725)
KIRKLAND & ELLIS LLP
830 Brickell Plaza
Miami, FL 33131
Telephone: 305 432-5600
Fax: 305 432-5601
mchapleau@kirkland.com
patrick.malone@kirkland.com

*Counsel for Defendants Devin S. Anderson*
*and Christopher W. Keegan*

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 4, 2026, I electronically filed the foregoing

through the Middle District of Florida's CM/ECF System, which will send a copy to

all unrepresented parties and counsel of record.

_/s/ Marianna C. Chapleau_
Marianna C. Chapleau

3

TAB

# DOC. 74

Certificate of Compliance with Rule 11 (Defendant Meta
Platforms, Inc.)

*Filed June 8, 2026*

# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARVELLE J. "JAY" BALLENTINE

    Plaintiff,

    v.

DEVIN S. ANDERSON; META
PLATFORMS, INC.; and
CHRISTOPHER W. KEEGAN

    Defendants.

Case No 6:26-cv-00286-AGM-DCI

Judge Anne-Leigh Gaylord Moe

## DEFENDANT META PLATFORMS, INC.'S CERTIFICATE OF COMPLIANCE WITH RULE 11

I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to docket entries 43, 44, and 65, by my signature below I confirm under penalty of perjury that either (1) artificial intelligence was not used in the preparation of the filing or, (2) if artificial intelligence was used, every cited authority was personally reviewed by the filer in advance of the filing.

Respectfully submitted,

Dated: June 8, 2026                    ORRICK, HERRINGTON & SUTCLIFFE LLP

                          By:     /s/ *Diana Marie Fassbender*
                                  DIANA MARIE FASSBENDER (BN 17095)
                                  dszego@orrick.com
                                  215 NW 24th Street
                                  Suite 200
                                  Miami, FL 33127
                                  Telephone: (202) 339-8533
                                  Facsimile: (202) 339-8500


                                  *Attorneys for Defendant*
                                  *Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, and served the

foregoing via Email and U.S. Mail to:

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
jayballentine@protonmail.com
yglazman.litigation@protonmail.com

s/ *Diana Marie Fassbender*
DIANA MARIE FASSBENDER

**TAB**

# DOC. 76

Order Transferring Case to Ocala Division

*Entered June 26, 2026*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARVELLE J. BALLENTINE,**

      **Plaintiff,**

    **v.**                                **Case No.:  6:26-cv-00286-AGM-DCI**

**DEVIN S. ANDERSON, META**
**PLATFORMS, INC., AND**
**CHRISTOPHER W. KEEGAN,**

      **Defendants.**

---

## **ORDER**

THIS CAUSE comes before the Court upon *sua sponte* review of the file.  The Court entered an Order directing the Parties to show cause why this case should not be transferred to the Ocala Division of the Middle District of Florida.  (See Doc. # 73.)  Defendants Devin S. Anderson and Christopher W. Keegan responded that they do not object to transfer.  (See Doc. # 75.)  Defendant Meta Platforms, Inc. and Plaintiff Marvelle J. Ballentine did not respond and the time to do so has expired.  This case is due to be transferred to the United States District Court for the Middle District of Florida, Ocala Division.

Under 28 U.S.C. § 1406(a), a court must dismiss a case if it is filed in the "wrong division or district," or, if it is "in the interest of justice," transfer the case to a district or division where it could have been brought.  A district court may raise the issue of defective venue *sua sponte.  See Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1336 (11th Cir. 2011); *see also* 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district).  Further, Local Rule

1.04(b) requires that a "party must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced."

The pleadings contain only one venue allegation, and it links this action to the Ocala Division. Mr. Ballentine alleges that he is domiciled in Clermont, Lake County, Florida. Lake County is in the Ocala Division of the Middle District of Florida. See Local Rule 1.04(a). Thus, this case should have been initiated in the Ocala Division of this Court, and Mr. Ballentine failed to show cause to the contrary.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that

1. This case is transferred to the United States District Court, Middle District of Florida, Ocala Division, for all further proceedings; and

2. The Clerk is directed to immediately transfer this case to the United States District Court, Middle District of Florida, Ocala Division.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on this June 26, 2026.

_____
ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

**Copies Furnished To:**
Counsel of Record
Plaintiff, Pro se

2

# TAB

# DOC. 77

## Transfer In from Orlando Division

*Entered June 30, 2026*

Text-only docket entry; no separately filed document exists. The full text of the entry is reproduced on the following page, an excerpt of the district court docket sheet.

| | | |
|---|---|---|
| | | **directed to immediately transfer this case to the United States District Court, Middle District of Florida, Ocala Division. Signed by Judge Anne–Leigh Gaylord Moe on 6/26/2026. (TAH)** (Entered: 06/26/2026) |
| 06/30/2026 | 77 | TRANSFER IN from Orlando Division on 06/26/2026 Case Number 6:26–cv–286. Case assigned to District Judge Sneed and Magistrate Judge Lammens. New Case Number: 5:26–cv–472–JSS–PRL. (LAW) (Entered: 06/30/2026) |
| 07/16/2026 | 78 | **ORDER. Pursuant to Local Rule 1.07(a)(2)(A), this case is TRANSFERRED to United States District Judge Anne–Leigh Gaylord Moe with her consent. See United States v. Stone, 411 F.2d 597, 599 (5th Cir. 1969) ("District [j]udges have the inherent power to transfer cases from one to another for the expeditious administration of justice."). Signed by Judge Julie S. Sneed on 7/16/2026. (MSB)** (Entered: 07/16/2026) |
| 07/17/2026 | 79 | Case Reassigned to Judge Anne–Leigh Gaylord Moe. New case number: 5:26–cv–472–AGM–PRL. Judge Julie S. Sneed no longer assigned to the case. (LMF) (Entered: 07/17/2026) |
| 07/24/2026 | 80 | ENDORSED ORDER granting 71 Motion for Extension of Time to File and dismissing this case. On May 27, 2026, the Court entered its 70 Standing Order Regarding Use of Artificial Intelligence. The Standing Order required Mr. Ballentine to make the following certification: "I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to docket entries [insert docket numbers], by my signature below I confirm under penalty of perjury that either (1) artificial intelligence was not used in the preparation of the filing or, (2) if artificial intelligence was used, every cited authority was personally reviewed by the filer in advance of the filing." On June 2, 2026, Mr. Balletine requested an additional twenty days (through July 20, 2026) to comply with the 70 Standing Order. Although the time to review and confirm compliance with Rule 11 is and always has been prior to making the filing, the Court allowed Mr. Ballentine to take the additional time he requested anyway, even though he remained under an Order to file the certificate of compliance within the deadline in the 70 Standing Order. Nevertheless, even with the benefit of the additional time he requested, Mr. Ballentine has not complied with the Standing Order and certified his compliance with Rule 11. The parties in this case were previously advised in the Court's 6 Notice to Counsel and Parties that "Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice." Mr. Ballentine's failure to comply with the Standing Order and his inability to certify compliance with Rule 11 of the Federal Rules of Civil Procedure merit dismissal of this case. Accordingly, this case is DISMISSED and the Clerk is directed to terminate any pending motions and CLOSE this file. Signed by Judge Anne–Leigh Gaylord Moe on 7/24/2026. (Entered: 07/24/2026) |
| 07/28/2026 | 81 | NOTICE of Local Rule 1.11(e), which provides that, unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non–party must move for relief before the seal expires. (Signed by Deputy Clerk). (RN) (Entered: 07/28/2026) |
| 07/28/2026 | 82 | NOTICE OF APPEAL as to 80 Order on Motion for Extension of Time to File by Marvelle J. Ballentine. Filing fee $ 605, receipt number OCA–14602. ***Case Stayed. (RLD) (Entered: 07/29/2026) |

**TAB**

# DOC. 78

Order Transferring Case to Judge Anne-Leigh Gaylord Moe

*Entered July 16, 2026*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARVELLE J. BALLENTINE,

     Plaintiff,

v.                                         Case No: 5:26-cv-472-JSS-PRL

DEVIN S. ANDERSON, META
PLATFORMS, INC., and
CHRISTOPHER W. KEEGAN,

     Defendants.
_____/

## **ORDER**

Pursuant to Local Rule 1.07(a)(2)(A), this case is **TRANSFERRED** to United States District Judge Anne-Leigh Gaylord Moe with her consent.  *See United States v. Stone*, 411 F.2d 597, 599 (5th Cir. 1969) ("District [j]udges have the inherent power to transfer cases from one to another for the expeditious administration of justice.").

**ORDERED** in Orlando, Florida, on July 16, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party
Counsel of Record

TAB

# DOC. 79

Reassignment to Judge Anne-Leigh Gaylord Moe

*Entered July 17, 2026*

Text-only docket entry; no separately filed document exists. The full text of the entry is reproduced on the following page, an excerpt of the district court docket sheet.

| | | |
|---|---|---|
| | | **directed to immediately transfer this case to the United States District Court, Middle District of Florida, Ocala Division. Signed by Judge Anne–Leigh Gaylord Moe on 6/26/2026. (TAH)** (Entered: 06/26/2026) |
| 06/30/2026 | 77 | TRANSFER IN from Orlando Division on 06/26/2026 Case Number 6:26–cv–286. Case assigned to District Judge Sneed and Magistrate Judge Lammens. New Case Number: 5:26–cv–472–JSS–PRL. (LAW) (Entered: 06/30/2026) |
| 07/16/2026 | 78 | **ORDER. Pursuant to Local Rule 1.07(a)(2)(A), this case is TRANSFERRED to United States District Judge Anne–Leigh Gaylord Moe with her consent. See United States v. Stone, 411 F.2d 597, 599 (5th Cir. 1969) ("District [j]udges have the inherent power to transfer cases from one to another for the expeditious administration of justice."). Signed by Judge Julie S. Sneed on 7/16/2026. (MSB)** (Entered: 07/16/2026) |
| 07/17/2026 | 79 | Case Reassigned to Judge Anne–Leigh Gaylord Moe. New case number: 5:26–cv–472–AGM–PRL. Judge Julie S. Sneed no longer assigned to the case. (LMF) (Entered: 07/17/2026) |
| 07/24/2026 | 80 | ENDORSED ORDER granting 71 Motion for Extension of Time to File and dismissing this case. On May 27, 2026, the Court entered its 70 Standing Order Regarding Use of Artificial Intelligence. The Standing Order required Mr. Ballentine to make the following certification: "I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to docket entries [insert docket numbers], by my signature below I confirm under penalty of perjury that either (1) artificial intelligence was not used in the preparation of the filing or, (2) if artificial intelligence was used, every cited authority was personally reviewed by the filer in advance of the filing." On June 2, 2026, Mr. Balletine requested an additional twenty days (through July 20, 2026) to comply with the 70 Standing Order. Although the time to review and confirm compliance with Rule 11 is and always has been prior to making the filing, the Court allowed Mr. Ballentine to take the additional time he requested anyway, even though he remained under an Order to file the certificate of compliance within the deadline in the 70 Standing Order. Nevertheless, even with the benefit of the additional time he requested, Mr. Ballentine has not complied with the Standing Order and certified his compliance with Rule 11. The parties in this case were previously advised in the Court's 6 Notice to Counsel and Parties that "Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice." Mr. Ballentine's failure to comply with the Standing Order and his inability to certify compliance with Rule 11 of the Federal Rules of Civil Procedure merit dismissal of this case. Accordingly, this case is DISMISSED and the Clerk is directed to terminate any pending motions and CLOSE this file. Signed by Judge Anne–Leigh Gaylord Moe on 7/24/2026. (Entered: 07/24/2026) |
| 07/28/2026 | 81 | NOTICE of Local Rule 1.11(e), which provides that, unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non–party must move for relief before the seal expires. (Signed by Deputy Clerk). (RN) (Entered: 07/28/2026) |
| 07/28/2026 | 82 | NOTICE OF APPEAL as to 80 Order on Motion for Extension of Time to File by Marvelle J. Ballentine. Filing fee $ 605, receipt number OCA–14602. ***Case Stayed. (RLD) (Entered: 07/29/2026) |

TAB

# DOC. 80

Endorsed Order Granting Motion for Extension of Time and Dismissing Case

*Entered July 24, 2026*

Text-only endorsed order; no separately filed document exists. The full text of the order is reproduced on the following pages: the Notice of Electronic Filing for Docket Entry 80 and the corresponding excerpt of the district court docket sheet.

```
MIME-Version:1.0
From:cmecf_flmd_notification@flmd.uscourts.gov
To:cmecf_flmd_notices@localhost.localdomain
Bcc:
--Case Participants: Diana Marie Fassbender (dcmanagingattorneysoffice@ecf.courtdrive.com,
dcmanagingattorneysoffice@orrick.com, dszego@orrick.com, nymao@orrick.com), Ariel Deray
Deitchman (ariel.deitchman@kirkland.com), Lauren M. Spiwak (lauren.spiwak@kirkland.com),
Marianna Chapleau (mchapleau@kirkland.com), Patrick Owen Malone
(patrick.malone@kirkland.com), Marvelle J. Ballentine (jayballentine@protonmail.com),
Judge Anne-Leigh Gaylord Moe (chambers_flmd_moe@flmd.uscourts.gov), Magistrate Judge
Philip R. Lammens (chambers_flmd_lammens@flmd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:27530554@flmd.uscourts.gov
Subject:Activity in Case 5:26-cv-00472-AGM-PRL Ballentine v. Accenture LLP et al Order on
Motion for Extension of Time to File
Content-Type: text/html
```

**U.S. District Court**

**Middle District of Florida**

**Notice of Electronic Filing**

The following transaction was entered on 7/24/2026 at 1:16 PM EDT and filed on 7/24/2026

| | |
|---|---|
| **Case Name:** | Ballentine v. Accenture LLP et al |
| **Case Number:** | 5:26–cv–00472–AGM–PRL |
| **Filer:** | |
| **Document Number:** | 80(No document attached) |

**Docket Text:**
 **ENDORSED ORDER granting [71] Motion for Extension of Time to File and dismissing this case. On May 27, 2026, the Court entered its [70] Standing Order Regarding Use of Artificial Intelligence. The Standing Order required Mr. Ballentine to make the following certification: "I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to docket entries [insert docket numbers], by my signature below I confirm under penalty of perjury that either (1) artificial intelligence was not used in the preparation of the filing or, (2) if artificial intelligence was used, every cited authority was personally reviewed by the filer in advance of the filing." On June 2, 2026, Mr. Balletine requested an additional twenty days (through July 20, 2026) to comply with the [70] Standing Order. Although the time to review and confirm compliance with Rule 11 is and always has been prior to making the filing, the Court allowed Mr. Ballentine to take the additional time he requested anyway, even though he remained under an Order to file the certificate of compliance within the deadline in the [70] Standing Order. Nevertheless, even with the benefit of the additional time he requested, Mr. Ballentine has not complied with the Standing Order and certified his compliance with Rule 11. The parties in this case were previously advised in the Court's [6] Notice to Counsel and Parties that "Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice." Mr. Ballentine's failure to comply with the Standing Order and his inability to certify compliance with Rule 11 of the Federal Rules of Civil Procedure merit dismissal of this case. Accordingly, this case is DISMISSED and the Clerk is directed to terminate any pending**

11

**motions and CLOSE this file. Signed by Judge Anne–Leigh Gaylord Moe on 7/24/2026.**

**5:26–cv–00472–AGM–PRL Notice has been electronically mailed to:**

Diana Marie Fassbender    dszego@orrick.com, dcmanagingattorneysoffice@ecf.courtdrive.com, dcmanagingattorneysoffice@orrick.com, nymao@orrick.com

Ariel Deray Deitchman    ariel.deitchman@kirkland.com

Marianna Chapleau    mchapleau@kirkland.com

Patrick Owen Malone    patrick.malone@kirkland.com

Lauren M. Spiwak    lauren.spiwak@kirkland.com

Marvelle J. Ballentine    jayballentine@protonmail.com

**5:26–cv–00472–AGM–PRL Notice has been delivered by other means to:**

12

| | | |
|---|---|---|
| | | **directed to immediately transfer this case to the United States District Court, Middle District of Florida, Ocala Division. Signed by Judge Anne–Leigh Gaylord Moe on 6/26/2026. (TAH)** (Entered: 06/26/2026) |
| 06/30/2026 | 77 | TRANSFER IN from Orlando Division on 06/26/2026 Case Number 6:26–cv–286. Case assigned to District Judge Sneed and Magistrate Judge Lammens. New Case Number: 5:26–cv–472–JSS–PRL. (LAW) (Entered: 06/30/2026) |
| 07/16/2026 | 78 | **ORDER. Pursuant to Local Rule 1.07(a)(2)(A), this case is TRANSFERRED to United States District Judge Anne–Leigh Gaylord Moe with her consent. See United States v. Stone, 411 F.2d 597, 599 (5th Cir. 1969) ("District [j]udges have the inherent power to transfer cases from one to another for the expeditious administration of justice."). Signed by Judge Julie S. Sneed on 7/16/2026. (MSB)** (Entered: 07/16/2026) |
| 07/17/2026 | 79 | Case Reassigned to Judge Anne–Leigh Gaylord Moe. New case number: 5:26–cv–472–AGM–PRL. Judge Julie S. Sneed no longer assigned to the case. (LMF) (Entered: 07/17/2026) |
| 07/24/2026 | 80 | ENDORSED ORDER granting 71 Motion for Extension of Time to File and dismissing this case. On May 27, 2026, the Court entered its 70 Standing Order Regarding Use of Artificial Intelligence. The Standing Order required Mr. Ballentine to make the following certification: "I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to docket entries [insert docket numbers], by my signature below I confirm under penalty of perjury that either (1) artificial intelligence was not used in the preparation of the filing or, (2) if artificial intelligence was used, every cited authority was personally reviewed by the filer in advance of the filing." On June 2, 2026, Mr. Balletine requested an additional twenty days (through July 20, 2026) to comply with the 70 Standing Order. Although the time to review and confirm compliance with Rule 11 is and always has been prior to making the filing, the Court allowed Mr. Ballentine to take the additional time he requested anyway, even though he remained under an Order to file the certificate of compliance within the deadline in the 70 Standing Order. Nevertheless, even with the benefit of the additional time he requested, Mr. Ballentine has not complied with the Standing Order and certified his compliance with Rule 11. The parties in this case were previously advised in the Court's 6 Notice to Counsel and Parties that "Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice." Mr. Ballentine's failure to comply with the Standing Order and his inability to certify compliance with Rule 11 of the Federal Rules of Civil Procedure merit dismissal of this case. Accordingly, this case is DISMISSED and the Clerk is directed to terminate any pending motions and CLOSE this file. Signed by Judge Anne–Leigh Gaylord Moe on 7/24/2026. (Entered: 07/24/2026) |
| 07/28/2026 | 81 | NOTICE of Local Rule 1.11(e), which provides that, unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non–party must move for relief before the seal expires. (Signed by Deputy Clerk). (RN) (Entered: 07/28/2026) |
| 07/28/2026 | 82 | NOTICE OF APPEAL as to 80 Order on Motion for Extension of Time to File by Marvelle J. Ballentine. Filing fee $ 605, receipt number OCA–14602. ***Case Stayed. (RLD) (Entered: 07/29/2026) |

**TAB**

# DOC. 82

Notice of Appeal
*Filed July 28, 2026*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

MARVELLE J. BALLENTINE,

    *Plaintiff,*

       v.

                                Case No. 5:26-cv-00472
                                The Honorable Judge
                                Anne-Leigh Gaylord Moe

DEVIN S. ANDERSON; META
PLATFORMS, INC.; and
CHRISTOPHER W. KEEGAN,

    *Defendants.*

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff Marvelle J. Ballentine, proceeding pro se, appeals to the United States Court of Appeals for the Eleventh Circuit from the Endorsed Order entered on the docket of this action on July 24, 2026, granting Plaintiff's Motion for Extension of Time to File (Doc. 71), dismissing this action, directing the Clerk to terminate all pending motions, and directing the Clerk to close the file.

This appeal encompasses the July 24, 2026 Endorsed Order in its entirety, including its determination that Plaintiff failed to comply with the Standing Order Regarding Use of Artificial Intelligence (Doc. 70) and its determination regarding Plaintiff's ability to certify compliance with Rule 11 of the Federal Rules of Civil

Procedure, together with each prior order, ruling, and decision entered in this action that merges into the final judgment of dismissal. See Fed. R. App. P. 3(c)(4).

Date: July 28, 2026                                     Respectfully submitted,

                                                        Marvelle J. Ballentine
                                                        *Plaintiff, pro se*
                                        7862 W. Irlo Bronson Memorial Hwy #82
                                                        Kissimmee, FL 34747
                                                        (407) 794-6503
                                                        jayballentine@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2026, the foregoing Notice of Appeal was filed with the Clerk of the Court, which will serve Notice of Filing on all counsel of record through the CM/ECF system.

Marvelle J. Ballentine
*Plaintiff, pro se*

**TAB**

# DOC. 83

Certificate of Compliance re Standing Order

*Filed July 28, 2026*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

MARVELLE J. BALLENTINE,

    *Plaintiff,*

        v.

DEVIN S. ANDERSON; META
PLATFORMS, INC.; and
CHRISTOPHER W. KEEGAN,

    *Defendants.*

Case No. 5:26-cv-00472
The Honorable Judge
Anne-Leigh Gaylord Moe

## PLAINTIFF'S CERTIFICATION OF COMPLIANCE WITH STANDING ORDER REGARDING DISCLOSURE OF THE USE OF ARTIFICIAL INTELLIGENCE (DOC. 70)

I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to Plaintiff's Notice of Appeal, filed contemporaneously with this certification, by my signature below I confirm under penalty of perjury that either (1) artificial intelligence was not used in the preparation of the filing or, (2) if artificial intelligence was used, every cited authority was personally reviewed by the filer in advance of the filing.

Date: July 28, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

# CERTIFICATE OF SERVICE

I certify that on August 6, 2026, I filed this Appendix with the Clerk of Court using the CM/ECF system, which will send a notice of docket activity to all counsel of record, each of whom is a registered CM/ECF user.

Date: August 6, 2026

Respectfully submitted,

Marvelle J. Ballentine
*Plaintiff, pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com