**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

MARVELLE J. BALLENTINE,

*Plaintiff-Appellant*,

v.

DEVIN S. ANDERSON;
META PLATFORMS, INC.; and
CHRISTOPHER W. KEEGAN,

*Defendants-Appellees.*

---

No. 26-12641-GG

On Appeal from the United States District Court
for the Middle District of Florida

No. 5:26-cv-00472-AGM-PRL

---

# REPLY BRIEF OF APPELLANT

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
Telephone: (407) 794-6503
jayballentine@protonmail.com
Plaintiff-Appellant, *pro se*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Under Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Appellant Marvelle J. Ballentine, proceeding pro se, certifies that the following is a complete list of all trial judges, magistrate judges, attorneys, persons, associations of persons, firms, partnerships, corporations, and other identifiable legal entities having an interest in the outcome of this appeal:

- Accenture LLP — Former defendant in the district-court action; terminated as a defendant upon the filing of the Second Amended Complaint on March 4, 2026.
- Accenture plc — Indirect parent corporation of Accenture LLP; publicly traded on the New York Stock Exchange under the symbol ACN.
- Anderson, Devin S. — Defendant-Appellee; partner at Kirkland & Ellis LLP.
- Ballentine, Marvelle J. — Plaintiff-Appellant, proceeding pro se.
- Chapleau, Marianna C. — Counsel of record for Defendants-Appellees Devin S. Anderson and Christopher W. Keegan; Kirkland & Ellis LLP.
- Deitchman, Ariel D. — Counsel for Defendants-Appellees Devin S. Anderson and Christopher W. Keegan; Kirkland & Ellis LLP.
- Fassbender, Diana Marie — Counsel for Defendant-Appellee Meta Platforms, Inc.; Orrick, Herrington & Sutcliffe LLP.

- González, Nicholas — Counsel of record for Defendant-Appellee Meta Platforms, Inc.; Orrick, Herrington & Sutcliffe LLP.
- Irick, Daniel C. — United States Magistrate Judge, Middle District of Florida; assigned to the action while it proceeded in the Orlando Division as Case No. 6:26-cv-00286-AGM-DCI.
- Keegan, Christopher W. — Defendant-Appellee; partner at Kirkland & Ellis LLP.
- Kirkland & Ellis LLP — Former defendant in the district-court action; terminated as a defendant upon the filing of the Second Amended Complaint on March 4, 2026; counsel for Defendants-Appellees Devin S. Anderson and Christopher W. Keegan.
- Lammens, Philip R. — United States Magistrate Judge, Middle District of Florida; assigned to the action following its transfer to the Ocala Division as Case No. 5:26-cv-00472.
- Malone, Patrick Owen — Counsel for Defendants-Appellees Devin S. Anderson and Christopher W. Keegan; Kirkland & Ellis LLP.
- Meta Platforms, Inc. — Defendant-Appellee; publicly traded on the Nasdaq Stock Market under the symbol META.
- Moe, Anne-Leigh Gaylord — United States District Judge, Middle District of Florida; initially assigned to the action in the Orlando Division, subsequently reassigned to the action in the Ocala Division, and entered the order from which this appeal is taken.

- Orrick, Herrington & Sutcliffe LLP — Counsel for Defendant-Appellee Meta Platforms, Inc.
- Shumsky, Eric A. — Counsel for Defendant-Appellee Meta Platforms, Inc.; Orrick, Herrington & Sutcliffe LLP.
- Sneed, Julie S. — United States District Judge, Middle District of Florida; assigned to the action following its transfer to the Ocala Division and before its reassignment to Judge Anne-Leigh Gaylord Moe.
- Spiwak, Lauren M. — Counsel for Defendants-Appellees Devin S. Anderson and Christopher W. Keegan; Kirkland & Ellis LLP; admitted pro hac vice.

**Corporate Disclosure Statement.** Appellant Marvelle J. Ballentine is a natural person. Appellant is not a corporation, has no parent corporation, and no publicly held corporation owns any stock in Appellant.

## TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement......C-1
Table of Contents......i
Table of Citations......iii
Introduction......1
Argument......2
I. The Record Does Not Supply the Findings That Dismissal With Prejudice Requires......2
A. *Betty K* governs the order and the record......2
B. The in-case record on the certification dispute......3
C. The material from other proceedings does not establish what Appellees assign to it......4
D. The record does not establish that lesser sanctions would fail......6
E. Appellees' cases involved findings, prior sanctions, or identified misconduct......8
F. Inherent power does not change the standard......10
II. General Authority to Enforce Orders Does Not Answer the Standing Order's Text or the Rule 83 Question......11
A. Section VIII's text, read with the record, does not support a willfulness inference......11
B. Footnote 6 does not answer *Brown* or Rule 83......12
C. Rule 83(b) and Rule 83(a)(2), stated with precision......13
D. The Rule 83 question is properly before the Court......14
III. The Extension History Does Not Show Willful Disobedience......15
A. The sequence Appellees recount......15
B. The twenty-day description was a record error that mattered......16
IV. Appellees Do Not Answer the Rule 11 Ground of Doc. 80......17
A. Non-certification, a Rule 11 violation, and Rule 11 process are three different things......17
B. *Parnell* shows what identified misconduct and process look like......18
C. Doc. 83, stated accurately......19

V. Appellees' Alternative Merits Grounds Do Not Warrant Affirmance Without a District Court Ruling....19
A. The Court has discretion to decide an alternative ground; this record counsels remand....19
B. The litigation privilege is not established on the face of the pleading as to each communication....21
C. Defamation....23
D. Conspiracy....24
E. Emotional distress....25
Conclusion....26
Certificate of Compliance....28
Certificate of Service....29

## TABLE OF CITATIONS

Under Eleventh Circuit Rule 28-1(d), authorities on which Appellant principally relies are marked with an asterisk (*).

**Cases**

*Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324 (11th Cir. 2004) ..... 15

**Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333 (11th Cir. 2005) ..... 2, 3, 6, 7, 10, 11, 14, 16

**Brown v. Crawford County*, 960 F.2d 1002 (11th Cir. 1992) ..... 12

*Cave v. Singletary*, 84 F.3d 1350 (11th Cir. 1996) ..... 11

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ..... 17

*Curry v. Secretary, Department of Health & Human Services*, 665 F. App'x 766 (11th Cir. 2016) ..... 9, 10

*Fridovich v. Fridovich*, 598 So. 2d 65 (Fla. 1992) ..... 25

*Goforth v. Owens*, 766 F.2d 1533 (11th Cir. 1985) ..... 2, 9

*Grippa v. Rubin*, 133 F.4th 1186 (11th Cir. 2025) ..... 23

**Jackson v. BellSouth Telecommunications*, 372 F.3d 1250 (11th Cir. 2004) 21, 22

*Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098 (Fla. 2008) ..... 23

**Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251 (11th Cir. 2003) ..... 18

*Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Insurance Co.*, 639 So. 2d 606 (Fla. 1994) ..... 21, 22

*Liberty Mutual Insurance Co. v. Steadman*, 968 So. 2d 592 (Fla. 2d DCA 2007) ..... 26

*Luczak v. National Beverage Corp.*, 812 F. App'x 915 (11th Cir. 2020) ..... 4

**Mingo v. Sugar Cane Growers Co-op of Florida*, 864 F.2d 101 (11th Cir. 1989) ..... 6

*Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989) ..... 2, 8

*Parnell v. Florida Department of Corrections*, No. 25-11166, slip op. (11th Cir. July 10, 2026) ..... 18

*Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017) ..... 10

*Silberman v. Miami Dade Transit*, 927 F.3d 1123 (11th Cir. 2019) ..... 20

*Turner v. Wells*, 879 F.3d 1254 (11th Cir. 2018) ..... 24

*Waldman v. Conway*, 871 F.3d 1283 (11th Cir. 2017) ........ 19
*Williamson v. TransUnion LLC*, No. 25-13045, slip op. (11th Cir. May 4, 2026) ........ 9, 10
*World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454 (11th Cir. 1995) ........ 3
*Zocaras v. Castro*, 465 F.3d 479 (11th Cir. 2006) ........ 9

**Statutes**

*28 U.S.C. § 2071 ........ 12, 13

**Rules**

Fed. R. Civ. P. 6 ........ 15
*Fed. R. Civ. P. 11 ........ 1, 8, 17, 18, 26
Fed. R. Civ. P. 15 ........ 20
Fed. R. Civ. P. 21 ........ 20
*Fed. R. Civ. P. 41(b) ........ 1, 11, 14
*Fed. R. Civ. P. 83 ........ 12–14
11th Cir. R. 28-5 ........ 2

**Other Authorities**

Restatement (Second) of Torts § 46 cmt. f (1965) ........ 26

## INTRODUCTION

Doc. 80 makes two findings. Appellees' brief defends five. The order found that Ballentine did not file the Section VIII certification and that he was unable to certify compliance with Rule 11. Doc. 80. It cited the Standing Order and the Doc. 6 notice. *Id.* It identified no defective authority. It made no finding of delay, no finding of willful contempt, and no finding that a lesser sanction would fail. It did not rule on the motions to dismiss or on the motion to narrow the case. It directed the Clerk to terminate the pending motions and close the file. *Id.* Because the order does not state otherwise, the dismissal operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

Appellees supply the rest. The delay showing comes from amendments, a transfer Meta requested, and a narrowing motion filed on the court's deadline. Appellees' Br. 25–27. The willfulness showing comes from page-limit orders, a recusal motion, and a judicial-misconduct complaint in a different case. Appellees' Br. 13–15, 27. The lesser-sanctions showing comes from "the frivolous nature of Ballentine's claims," a question no court has decided. *Id.* at 29. The merits ruling comes from motions the district court terminated without decision. *Id.* at 31–41; Doc. 80.

Two questions follow. The first is whether this dismissal can stand as a sanction, on the findings the district court made or on findings fairly implicit in what it decided. The second is whether an independent merits ground supports the judgment. Appellees join the two: their frivolousness argument sits inside their lesser-sanctions argument. Appellees' Br. 29. This reply

keeps them apart. Parts I through IV address the sanction. Part V addresses the alternative ground.

Record citations are to the district-court docket by document and page number ("Doc. __ at __"). 11th Cir. R. 28-5. Paragraph numbers of the Second Amended Complaint, Doc. 20, are added as locators. "Appellees' Br." refers to Doc. 13 in this Court, by page.

## ARGUMENT

## I. THE RECORD DOES NOT SUPPLY THE FINDINGS THAT DISMISSAL WITH PREJUDICE REQUIRES.

### A. *Betty K* governs the order and the record.

Appellees state the standard correctly. Dismissal with prejudice requires "a clear record of delay or willful contempt" and "an implicit or explicit finding that lesser sanctions would not suffice." Appellees' Br. 2 (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Appellees are also correct that the findings may be implicit. *Moon v. Newsome*, 863 F.2d 835, 839 (11th Cir. 1989). Ballentine does not contend otherwise. The dispute is what "implicit" permits.

*Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333 (11th Cir. 2005), supplies the method. The dismissal order there "contain[ed] no findings of any sort; it merely identifie[d] the rules" the plaintiff had violated. *Id.* at 1338–39. This Court held that the omission was an abuse of discretion. *Id.* at 1339. It then looked further: "Even if we look beyond the Dismissal Order in

search of a reason to affirm, we are compelled to reach the same conclusion," because the record was "devoid of any evidence even remotely suggesting" willfulness and nothing suggested lesser sanctions would fail. *Id.* at 1339–40. The Court noted that the violation was the plaintiff's "first and only violation of a court rule," and that a missing filing "generally is corrected by an order to compel filing." *Id.* at 1340. An implicit finding, then, is one the record fairly supports as the basis of the decision the district court made. This Court has "never suggested that the district court need not make that finding." *Id.* at 1339 (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)).

Doc. 80 has the architecture *Betty K* reversed. It identifies the Standing Order and Doc. 6, states that Ballentine did not certify, and dismisses. Doc. 80. Non-certification alone does not establish willfulness. The order gives no reason to treat the omission as deliberate rather than as the product of the time problem described in Doc. 71. Non-certification alone does not establish that lesser sanctions would fail. The order does not mention any alternative, including the one in its own Section IX. Review therefore proceeds to the record. Both levels are addressed below.

**B. The in-case record on the certification dispute.**

The record on the certification dispute is short. The Standing Order was entered May 27, 2026. Doc. 70. On June 2, before the ten-day period ran, Ballentine moved for forty-five additional days. Doc. 71 at 1–3. His

declaration stated that he had begun the review, that the volume of authorities could not be verified within ten days, that he was "able to complete the personal review that a truthful Section VIII certification requires," and that he had not previously sought an extension. Doc. 71-1 at 2–3 (¶¶ 5–6, 10–12). The motion was referred to the magistrate judge. Doc. 71 (docket text). No ruling issued. The case was transferred between divisions on June 26 and reassigned between judges on July 16 and 17. Docs. 76–79. On July 24, the district court granted the motion and dismissed the case in one order. Doc. 80. No filing had been stricken in this case. No prior sanction had been imposed. No defective citation had been identified. Doc. 71-1 at 2 (¶ 4).

That record shows a party who asked for time before the deadline, explained why, and received no answer until the order that ended the case. It does not show "a clear record of delay or willful contempt."

**C. The material from other proceedings does not establish what Appellees assign to it.**

Appellees supply the willfulness showing from a California action, a second Florida action, a removed state-court action, three petitions to this Court, and an action in Virginia. Appellees' Br. 4–15, 25–28. They invoke judicial notice "of the existence of documents filed in related judicial proceedings." *Id.* at 4 n.2 (quoting *Luczak v. Nat'l Beverage Corp.*, 812 F. App'x 915, 926 n.3 (11th Cir. 2020)). Notice that a document exists, and what it ordered, is one thing. Appellees' characterizations of the events are another.

Ballentine does not ask the Court to ignore the other dockets. He asks the Court to read each event for what it shows.

The court-directed amendment. Appellees count the Second Amended Complaint among six amendments that "unnecessarily prolonged this litigation." Appellees' Br. 25. The magistrate judge directed Ballentine to "file a Second Amended Complaint" by March 4, 2026. Doc. 18. Ballentine filed it on March 4. Doc. 20. Compliance with an order is not delay.

The transfer. Appellees state that when his recusal requests were denied, Ballentine "transferred his claims to another jurisdiction." Appellees' Br. 27. Their Statement of the Case states that Meta moved to transfer under a forum-selection clause, that Ballentine cross-moved, and that "[t]he district court granted Meta's transfer motion." *Id.* at 7. Both sides asked for the same forum. The court granted the defendant's motion.

The narrowing motion. Appellees state that Ballentine "waited until all defendants" had moved to dismiss "before moving to withdraw the claims against Meta and Keegan." Appellees' Br. 26. Meta moved on April 3. Doc. 44. The magistrate judge set the response for May 8. Doc. 48. Ballentine filed the narrowing motion and a limited response on May 8. Docs. 66, 67. He acted on the date the court set. A filing made on the court's deadline is evidence against delay.

The later action. Footnote 5 describes an action filed in the Eastern District of Virginia on August 6, 2026. Appellees' Br. 10 n.5. Doc. 80 was

entered July 24. Conduct after July 24 could not have informed the discretion exercised on July 24.

The warning. Appellees state that the district court "repeatedly cautioned Ballentine that failure to comply with any court orders could result in sanctions, including dismissal with prejudice." Appellees' Br. 30. The notice they quote reads "the dismissal of this action or entry of default without further notice." *Id.* at 11; Doc. 6. It does not say "with prejudice." It was entered once in each of three cases, 103 days before the Standing Order existed. A general notice bears on whether a litigant was forewarned. It is not a finding that a later omission was willful. *Betty K* reversed where the order and the record lacked that finding. *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102–03 (11th Cir. 1989), vacated after two warnings.

What remains is a litigant who amended when ordered, lost a transfer motion to Meta, filed a narrowing motion on the response deadline, and sought recusal in another case. Seeking recusal and filing a misconduct complaint are uses of procedures the law provides. Doc. 80 does not mention any of it. Nothing in the record shows that the district court treated any of it as the basis for Doc. 80.

## D. The record does not establish that lesser sanctions would fail.

Ballentine filed no Section VIII certificate by July 20 or by July 24. That is conceded. The question is whether the record shows that nothing short of ending the case would address that omission.

The Standing Order answered that question for its own requirement. Section IX states that if no certification appears and the filing is not withdrawn, "[f]ilings may be stricken without prejudice." Doc. 70 at 7. That is the consequence the Order attached to retrospective non-certification. Doc. 71 understood it that way and recited it on its first page. Doc. 71 at 1. Doc. 80 does not mention Section IX. It does not explain why striking the affected filings, setting a new date, or ordering a certificate by a date certain would have been inadequate. *Betty K* observed that a missing filing "generally is corrected by an order to compel filing." 432 F.3d at 1340. No such order issued here.

Appellees offer three reasons the omission could not be cured. First, they argue that withdrawal remained available and that Ballentine "could have" withdrawn his filings "at any time during the fifty-five days." Appellees' Br. 28. Section VIII permitted withdrawal "within the next ten days." Doc. 70 at 6. After that period, withdrawal under the safe harbor was no longer on the Order's terms. And the filings within Section VIII's scope included the operative complaint and Ballentine's oppositions to dismissal. Withdrawing them would have ended the case by Ballentine's own hand. An option that produces the sanction is not a lesser sanction.

Second, Appellees argue that Ballentine "had already represented" that he "did not 'personally verify' his previous filings before he filed them," so "his only option was to withdraw." Appellees' Br. 28. Doc. 71 says that the authorities "cannot responsibly be personally verified within the time

provided." Doc. 71 at 2. It says he "began the review process upon entry of the Standing Order." *Id.* The declaration says he was "able to complete" the review with more time. Doc. 71-1 at 3 (¶ 10). Section VIII itself calls for certification "on consideration of Rule 11, this Standing Order, and the filings made in this case," by a filer who "is confident." Doc. 70 at 6. A request for time to become confident is the conduct the section describes. Neither document says that prefiling review did not occur. Neither identifies a defective authority. Part IV addresses the Rule 11 dimension.

Third, Appellees cite "the frivolous nature of Ballentine's claims apparent on the face of the complaint." Appellees' Br. 29 (citing their Part II). The merits defenses were briefed below in Docs. 26 and 44. The district court did not rule on them. Doc. 80. No order in this case has found any claim frivolous. Appellees now offer those defenses as alternative grounds to affirm, and Part V answers them. But an argument the district court never decided cannot show that the district court considered and rejected lesser sanctions. Nor can Ballentine's own motion to narrow the case, Appellees' Br. 29, which asked to drop two defendants and proceed on one claim. Doc. 66 at 1–2. Narrowing a case is not misconduct.

## E. Appellees' cases involved findings, prior sanctions, or identified misconduct.

In *Moon*, a pro se plaintiff disrupted a deposition, was ordered to pay a monetary sanction, "made no attempt to comply with the sanction order,"

and was dismissed for refusing to pay. 863 F.2d at 837–39. The lesser sanction had been tried and refused. In *Goforth*, counsel ignored the court's "repeated insistence" that he file a preliminary statement, missed a pretrial conference, and was not ready for trial; the district court "found" a "pattern of delay," and the defendant physicians had canceled days of patient appointments. 766 F.2d at 1535. In *Zocaras v. Castro*, 465 F.3d 479, 481–84 (11th Cir. 2006), the plaintiff litigated for years under a false name and disclosed his identity only after a jury was seated.

*Curry* is unpublished. There the plaintiff disregarded the court's instructions on how to amend, then sought reconsideration not for "another opportunity to comply" but for "a chance to 'explain [his] reasoning,'" and abandoned the findings challenge on appeal. *Curry v. Sec'y, Dep't of Health & Human Servs.*, 665 F. App'x 766, 768–69 (11th Cir. 2016). Doc. 71 asked for another opportunity to comply. *Williamson* is unpublished. There the district court found, after a show-cause hearing, that the plaintiff's conduct, "which included repeated ignorance of court orders warning him against citing to nonexistent cases, misquoting cases, and misstating their holdings . . . in countless vexatious filings, was willful, and that lesser sanctions would have been inadequate," and the plaintiff abandoned the issue. *Williamson v. TransUnion LLC*, No. 25-13045, slip op. at 5–6 (11th Cir. May 4, 2026). Appellees cite *Williamson* for the warning. Appellees' Br. 30. The warning there was followed by findings. Here it was not.

### F. Inherent power does not change the standard.

Appellees invoke inherent power. Appellees' Br. 24, 29–30. They concede that "[u]nder either source of authority" the same two findings are required. *Id.* at 24. *Curry* and *Williamson* say the same. 665 F. App'x at 768; slip op. at 5. *Betty K* therefore governs under either source.

Where a court uses inherent power to sanction misconduct, this Court also requires bad faith. "The key to unlocking a court's inherent power is a finding of bad faith," or at least a knowing or reckless frivolous position. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223–25 (11th Cir. 2017) (reviewing a sanction imposed under inherent power). Ballentine does not contend that every docket-management act requires a bad-faith finding. He contends that where inherent power is offered to sustain a merits-ending sanction for one omission, the absence of any bad-faith or willfulness finding is a reason to reject the theory. Appellees argue that the record establishes willfulness. Parts I.B and I.C answer that argument on the record. Doc. 80 itself does not invoke inherent power, find bad faith, or find willfulness.

## II. GENERAL AUTHORITY TO ENFORCE ORDERS DOES NOT ANSWER THE STANDING ORDER'S TEXT OR THE RULE 83 QUESTION.

### A. Section VIII's text, read with the record, does not support a willfulness inference.

Appellees describe Section VIII as giving "two options": certify or withdraw. Appellees' Br. 21. They invoke deference to a district court's reading of its own order. *Id.* at 22 (citing *Cave v. Singletary*, 84 F.3d 1350, 1354–55 (11th Cir. 1996)). Ballentine accepts *Cave* as the governing principle. He preserves the textual argument in his opening brief. Section VIII's caption includes "Safe Harbor." It permits a filer who "wishes" to withdraw to do so. It provides that if the filer "is confident" of the stated facts, the certification "should" be filed. Section IX attaches a filing-specific consequence without prejudice. Doc. 70 at 6–7; Ballentine Br. 12–14. Ballentine acknowledges the competing text. The caption also says "Requirements." Doc. 70 at 6. Doc. 71 described Section VIII as "requir[ing]" a certification and asked to extend its "deadline." Doc. 71 at 1–2.

This reply does not depend on winning that textual dispute. Assume the district court reasonably read Section VIII as mandatory. Deference to that reading supplies the obligation. It does not supply the findings Rule 41(b) requires before a breach of the obligation ends a case, and it does not erase Section IX. *Cave* concerns what an order means. *Betty K* concerns what

must be found before dismissal with prejudice follows a violation. Doc. 71 shows a filer who read the Order as imposing a requirement, read Section IX as stating its consequence, and asked for time before the deadline to meet the requirement truthfully. Doc. 71 at 1–3. Whatever Section VIII's best reading, that record does not describe willful disobedience.

### B. Footnote 6 does not answer *Brown* or Rule 83.

Appellees' response to Rule 83 and 28 U.S.C. § 2071 is one footnote. Appellees' Br. 23 n.6. Neither Rule 83 nor § 2071 appears in their Table of Citations. *Id.* at vii. *Brown v. Crawford County*, 960 F.2d 1002 (11th Cir. 1992), is not cited. Appellees do not argue forfeiture. The footnote recasts the argument as a complaint about "public-comment requirements" and states that courts "are plainly within their authority to create and enforce their orders." Appellees' Br. 23 n.6.

*Brown* addressed that proposition. Confronting judge-specific "Procedures and Policies" that governed summary-judgment practice before two judges, this Court held: "the name given to local procedures is irrelevant. If the purpose of such local procedures, practices or policies is to control practice in a district court in this circuit, such procedures effectively are local rules and must be created in accordance with Rule 83." 960 F.2d at 1008 n.8. *Brown* predates the addition of Rule 83(b), which now permits a judge to "regulate practice in any manner consistent with federal law" and the local rules, subject to an actual-notice limit. Fed. R. Civ. P. 83(b). *Brown*'s

functional test survives for a procedure that operates as a rule. Rule 83(b) supplies the alternative branch. The Standing Order's features bear on which branch applies. It governs "every filing." Doc. 70 at 1. It prescribes verbatim text and rejects substantial compliance. *Id.* at 3. It requires declarations under penalty of perjury, supplies its own enforcement terms, and reaches filings made before it existed. *Id.* at 2–7. Appellees describe it as an order the court "issues . . . in all pending cases." Appellees' Br. 15.

Ballentine states his adoption argument with its limit. Rule 83(a)(1) requires public notice, an opportunity for comment, and adoption by "a majority of its district judges." Section 2071(e) permits a court to act first where "there is an immediate need for a rule," if it affords notice and comment "promptly thereafter." Section 2071(f) provides that "[n]o rule may be prescribed by a district court other than under this section." Doc. 70 was signed by one judge. It does not recite adoption by the district's judges, notice, comment, or an emergency procedure. Docket silence does not prove that none of those steps occurred. It does mean the record does not establish them. A dismissal operating on the merits should not rest on a procedure whose rulemaking basis the record leaves open. The question should be resolved on a record, not assumed in a footnote.

### C. Rule 83(b) and Rule 83(a)(2), stated with precision.

Rule 83(b)'s second sentence bars any sanction for noncompliance with a requirement not found in federal law, the federal rules, or the local

rules "unless the alleged violator has been furnished in the particular case with actual notice of the requirement." That sentence concerns notice of the requirement. The opening brief read it as also limiting the sanction to the consequence noticed. Ballentine Br. 19–20. The narrower reading is the correct one, and Ballentine proceeds on it. Doc. 70 gave actual notice of a requirement and, in Section IX, of a consequence. Whether a different and greater consequence could follow is answered by Rule 41(b) and *Betty K* (Part I), by the Order's own text (Part II.A), and by the notice principles stated in the opening brief. Ballentine Br. 20–21, 27–28.

Rule 83(a)(2) is narrower still. A local rule "imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." It addresses form requirements and nonwillful noncompliance. The Standing Order's verbatim-text and strict-compliance provisions are requirements of form. Doc. 70 at 3. The omission here was the absence of a certificate, not a defect in its wording. Rule 83(a)(2) therefore applies only if the Court treats the certification requirement itself as one of form. If it does, Doc. 80 contains no willfulness finding, and the rule forbids enforcement by loss of the action.

**D. The Rule 83 question is properly before the Court.**

Appellees do not argue forfeiture. The opening brief explained why the issue is reviewable: it ripened when Doc. 80 imposed a consequence Doc. 70 did not identify; the dismissal was sua sponte, with no pre-dismissal

opportunity to object; and the question is legal and resolved on the face of Docs. 6, 70, 71, and 80. Ballentine Br. 22 (citing *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004)). Before Doc. 80, Ballentine had reason to seek time under the Order. He had no occasion to challenge a dismissal sanction that no order had threatened.

## III. THE EXTENSION HISTORY DOES NOT SHOW WILLFUL DISOBEDIENCE.

### A. The sequence Appellees recount.

Appellees state that the district court "allowed him an additional forty-five days." Appellees' Br. 2. Their Statement of the Case supplies the timing: "July 20th came and went, and Ballentine did not file his certification. Four days later, the district court granted Ballentine's motion for extension of time and dismissed the case with prejudice." *Id.* at 17.

Ballentine preserves his concession that a pending extension motion does not suspend an existing deadline. Ballentine Br. 24; Appellees' Br. 23. He does not contend that a court may not act on a timely request after the requested date has passed. Rule 6(b)(1)(A) permits an extension "if a request is made, before the original time or its extension expires," and Doc. 71 was timely. He also recognizes that the elapsed time, and the fact that he chose July 20, bear on the inference Appellees draw.

The question is what inference the sequence supports. Between June 2 and July 24, a timely motion with a supporting declaration sat undecided

through a divisional transfer and a judicial reassignment. Docs. 71, 76–79. No order set July 20 as a deadline before it passed. The first order to give July 20 effect was the order that dismissed the case for missing it. Doc. 80. Doc. 80 also states that Ballentine "remained under an Order to file the certificate of compliance within the deadline in the [Doc.] 70 Standing Order." *Id.* On that premise, the operative date was the original one, and the motion pending on that date asked for relief from it. A party who waits for a ruling on a timely motion, and misses a date the court first approves after it has passed, may be found to have missed a deadline. *Betty K* requires more than a missed deadline. It requires a record of willfulness. This sequence does not supply one.

**B. The twenty-day description was a record error that mattered.**

Doc. 71 requested forty-five days, through July 20. Doc. 71 at 2. Doc. 80 described the request as "an additional twenty days (through July 20, 2026)." Doc. 80. Appellees describe the request accurately and do not defend the order's description. Appellees' Br. 16. The error matters because Doc. 80 treated the extension as part of its reason for dismissal: the court "allowed Mr. Ballentine to take the additional time he requested," and "even with the benefit of the additional time," he did not comply. Doc. 80. An order that weighs the time it has allowed should state how much time it allowed and when. The misdescription, together with the post-expiration grant, is part of the "clearly erroneous assessment of the evidence" that makes a

discretionary ruling an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Ballentine does not contend that the numerical error alone requires reversal.

## IV. APPELLEES DO NOT ANSWER THE RULE 11 GROUND OF DOC. 80.

### A. Non-certification, a Rule 11 violation, and Rule 11 process are three different things.

Doc. 80 rested on "failure to comply with the Standing Order and his inability to certify compliance with Rule 11." Doc. 80. Appellees defend the first ground. Rule 11 appears in their brief only in describing the Standing Order. Appellees' Br. vii, 1, 16. Rule 11(c)(3) does not appear. The second ground goes unaddressed.

The distinction is this. Rule 11(b) concerns the inquiry made when a paper is presented. The Section VIII certificate asked for a later statement about that history. Docs. 71 and 71-1 describe a review undertaken to make that statement truthfully and a request for time. Doc. 71 at 2; Doc. 71-1 at 2–3. Those documents establish neither an adjudicated Rule 11 violation nor conclusive proof that every prefiling inquiry met Rule 11(b). They establish that no violation had been identified and that the filer asked for time. Doc. 71-1 at 2 (¶ 4).

If Doc. 80's "inability to certify compliance with Rule 11" was a court-initiated Rule 11 determination, Rule 11(c)(3) required an order to "show

cause why conduct specifically described in the order has not violated Rule 11(b)." None issued. Doc. 6 and Doc. 70, read together, do not perform that function. Doc. 6 identifies no conduct. Doc. 70 identifies no filing, no citation, and no party; Section VIII addresses "every document filed prior to the entry of this Standing Order" by any filer. Doc. 70 at 6. Neither invited a response on specified conduct. Court-initiated Rule 11 sanctions require notice and an opportunity to be heard, are measured by a standard "akin to contempt," and are reviewed with "particular stringency." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255–56 (11th Cir. 2003). If notice functionally equivalent to a show-cause order could suffice, nothing in this record supplied it. If the statement was not a Rule 11 determination, then one of Doc. 80's two grounds is a conclusion about a rule the court was not applying, resting on no identified deficiency. Either way, Appellees must sustain the dismissal on order enforcement alone, under Part I.

### B. *Parnell* shows what identified misconduct and process look like.

Appellees cite *Parnell* for the proposition that courts "regularly confront briefs riddled with AI errors." Appellees' Br. 23 n.6. *Parnell* was a sanctions proceeding in this Court. The appellee moved for sanctions under Rule 27 and inherent authority, identifying "two non-existent court opinions and at least five non-existent quotations" in a reply brief. *Parnell v. Fla. Dep't of Corr.*, No. 25-11166, slip op. at 3 (11th Cir. July 10, 2026). The Court "ordered supplemental briefing to provide Parnell's counsel the opportunity

to explain where the defective cases and quotes came from." *Id.* at 4–5. It then struck the affected portions, awarded fees for the sanctions motion, and referred counsel for discipline. *Id.* at 6. Three things were present: identified defects, a motion, and an opportunity to explain. None is present here.

### C. Doc. 83, stated accurately.

Appellees note that Doc. 83 certifies only the notice of appeal. Appellees' Br. 28 n.7. That is correct. Doc. 83 at 1. The opening brief cited Doc. 83 as rebutting a categorical finding of inability. Ballentine Br. 9, 25. To the extent that citation implied Doc. 83 addressed the filings within Section VIII's scope, Ballentine withdraws the implication. The prejudgment record carries the point. Doc. 71-1 states that Ballentine was "able to complete the personal review that a truthful Section VIII certification requires" and could not do so "by June 5, 2026." Doc. 71-1 at 3 (¶ 10). That is a statement of need for time, not of inability.

## V. APPELLEES' ALTERNATIVE MERITS GROUNDS DO NOT WARRANT AFFIRMANCE WITHOUT A DISTRICT COURT RULING.

### A. The Court has discretion to decide an alternative ground; this record counsels remand.

This Court "may affirm on any ground supported by the record." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). Ballentine accepts

that principle and the Court's authority to decide whether amendment would be futile. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1137–38 (11th Cir. 2019). He asks the Court not to exercise that discretion here, for three reasons.

First, the merits matters are unresolved below. Anderson and Keegan moved to dismiss, Doc. 26; Ballentine opposed, Doc. 29; they replied, Doc. 42. Meta moved to dismiss. Doc. 44. Ballentine moved to amend, Doc. 60, and then moved under Rules 21 and 15(a)(2) to drop Meta and Keegan and to file a narrowed Third Amended Complaint asserting one defamation count against Anderson. Doc. 66 at 1–2. Doc. 66 described the proposed pleading and did not attach it. *Id.* at 2. Doc. 67 asked that Meta's motion be denied as moot or deferred, or that Meta be dismissed without prejudice, without conceding Meta's arguments. Doc. 67 at 1–2. Doc. 80 terminated all of it. Doc. 20 remains the operative pleading.

Second, Appellees' futility argument is aimed at Doc. 20. Appellees' Br. 31. The district court never ruled on Doc. 66. A pending request to narrow the case is a reason to let the district court decide what pleading will be tested. It is not an automatic bar to affirmance, and Ballentine does not present it as one.

Third, an appellate merits ruling would adjudicate with prejudice two claims Ballentine moved to drop before any court ruled. Doc. 66 at 1–2. Rule 21 permits a court to "drop a party" on "just terms." A voluntary narrowing is

not an adjudication. Ballentine answers each ground below so that the Court has his position. He asks that the answers be given first by the district court.

### B. The litigation privilege is not established on the face of the pleading as to each communication.

Appellees' own authority states the pleading-stage standard. The privilege warrants dismissal only when "the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar that action." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1277 (11th Cir. 2004). Florida's absolute privilege reaches "any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994).

Anderson's statement. The sentence appeared in Accenture's motion to dismiss, within an argument that the complaint failed to plead but-for causation. Appellees' Br. 5–6, 35. Ballentine acknowledges the force of that setting. "Some relation" is a low threshold, and a sentence inside a causation argument ordinarily meets it. The Second Amended Complaint pleads facts directed to that question. It alleges that the motion's arguments addressed limitations, causation, Section 230, and comparator adequacy; that none "required or depended upon a determination that Plaintiff committed a community standards violation"; that the assertion of a "legitimate" violation identified no content, no standard, and no factual basis; and that the

assertion "was not necessary to, and did not support, any legal argument presented." Doc. 20 at 11–12 (¶¶ 47–51). It alleges that Anderson wrote twelve days later that Accenture "expressly accepts as true" the absence of a CSE violation and that the alternative explanation was "unrelated to CSE," then refiled with the assertion changed to "another community standard unrelated to CSE," still unidentified. *Id.* at 10–11 (¶¶ 38–44). Ballentine's opposition below made this argument. Doc. 29 at 6–8.

Ballentine states the limit of that argument. Lack of necessity is not lack of relation. A statement can be unneeded and unsupported and still relate to the proceeding. The pleaded distinction is narrower: an assertion that the plaintiff committed a violation, made without any identified basis, which the author then described in writing as unrelated to the subject the argument addressed, and which the complaint alleges served no function in the motion. Whether that assertion bears "some relation" under *Levin*, or falls outside the absolute privilege as an accusation untethered to the argument, is a question the district court should answer first, on the pleading before it, under *Jackson*'s standard.

Keegan's emails. Appellees rely on a district-court decision extending the privilege to emails from counsel to a pro se litigant. Appellees' Br. 32–33. Ballentine does not rest on the medium. The question is function and setting. Keegan's two emails directed Ballentine to keep Anderson on communications in the pending California action after Ballentine had sued Anderson and stated that he would not communicate with a named

defendant. Doc. 20 at 15–16 (¶¶ 65–71). That is a communication between opposing sides about how a pending case will be conducted. It sits closer to the judicial process than the letters in *Grippa v. Rubin*, 133 F.4th 1186 (11th Cir. 2025), which were sent to recipients outside the proceeding, and which this Court held the absolute privilege did not cover at the summary-judgment stage. Ballentine's claim against Keegan is among those he moved to drop. Doc. 66 at 1. If the Court reaches it, the privilege question for Keegan's emails should be decided on their function, not their format, and in the first instance below.

**C. Defamation.**

Appellees argue that the sentence is true, is "at most, an opinion," and "does not pass judgment on Ballentine himself." Appellees' Br. 35–36. The pleaded theory is defamation by implication. Doc. 20 at 17 (¶ 77). Florida recognizes that claim where a defendant "juxtaposes a series of facts so as to imply a defamatory connection between them" or "creates a defamatory implication by omitting facts." *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008); *see id.* at 1106–08. The pleading alleges publication on the public docket, Doc. 20 at 9 (¶¶ 31–33); an assertion of "a legitimate community standards violation by Ballentine" with no content, standard, or basis identified, *id.* at 9–10 (¶¶ 33–34); the plaintiff's name in the same or an adjacent sentence as child-sexual-exploitation terminology nine times in a seventeen-page filing, *id.* at 13 (¶¶ 55–60); an express denial that any such

violation occurred, *id.* at 17 (¶ 77); the author's later written acknowledgment that Accenture accepted that no CSE violation occurred, *id.* at 10 (¶¶ 39–40); and reputational and emotional harm, *id.* at 12–13, 18 (¶¶ 53–54, 82).

*Turner* requires the Court to read the statement in its full context. *Turner v. Wells*, 879 F.3d 1254, 1262–64 (11th Cir. 2018). Ballentine accepts that the context includes the Rule 12 setting, in which a movant assumes the complaint's allegations true, and the public availability of the California complaint. Appellees' Br. 35. The pleaded context also includes what the motion did not say: the standard, the content, and the basis for a "legitimate" violation. A pure opinion rests on facts set forth in the publication or known to the reader. *Turner*, 879 F.3d at 1262–64. The complaint alleges that no such facts were set forth. Doc. 20 at 13–14 (¶¶ 61–63). Whether a reasonable reader of the motion as a whole would take it to assert, by implication, that Ballentine committed a child-safety violation is a question the district court has not decided. Appellees' reading of the sentence is a permissible one. The pleaded reading is another. At Rule 12 that ends the inquiry.

**D. Conspiracy.**

Count II rests on alleged coordination between Accenture's counsel and Meta's counsel: a request to include Meta's counsel "so the parties can be coordinated," a statement that "Accenture's position is the same as Meta's," a combined meet-and-confer, and motions filed one day apart. Doc. 20 at 19–20

(¶¶ 85–89). The complaint pleads that these facts evidence "an agreement or understanding to pursue a common litigation objective." *Id.* at 19 (¶ 85). That is an inference from coordination and timing. The complaint pleads no separate fact showing an agreement to publish the challenged statement, and it alleges that Meta's own motion contained no such statement. *Id.* at 20 (¶ 87). Ballentine adds nothing to those allegations. He moved to drop this count and Meta before any ruling. Doc. 66 at 1–2. The appropriate disposition is remand with that motion pending, not an adjudication with prejudice of a claim its plaintiff sought to withdraw.

**E. Emotional distress.**

Two theories are pleaded. They must be kept apart.

Anderson. The claim against Anderson rests on the same publication as the defamation count. Doc. 20 at 21–22 (¶¶ 97–101). Appellees invoke the single-action rule. Appellees' Br. 40–41 n.9 (quoting *Fridovich v. Fridovich*, 598 So. 2d 65, 69 (Fla. 1992)). Ballentine's opposition below recognized that the rule applies to the motion-to-dismiss statements. Doc. 29 at 15. Doc. 66 proposed to eliminate the claim. Doc. 66 at 1–2. Ballentine does not ask this Court to sustain it.

Keegan. The claim against Keegan rests on different conduct by a different actor at a different time: two emails adding Anderson to a chain after notice. Doc. 20 at 15–16, 22–23 (¶¶ 65–71, 102–06). Appellees' footnote limits the single-action argument to Anderson. Appellees' Br. 40 n.9. On

outrageousness, the complaint pleads that Keegan acted with knowledge of Ballentine's disclosed status as a survivor of childhood sexual abuse and of the allegation that Anderson had caused him severe distress. Doc. 20 at 23 (¶ 103). Florida courts treat an actor's knowledge of the plaintiff's particular susceptibility as relevant to whether conduct is extreme and outrageous. *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 595 (Fla. 2d DCA 2007) (applying Restatement (Second) of Torts § 46 cmt. f). Knowledge does not lower the conduct threshold. Ballentine does not contend that two emails about who should be copied on correspondence meet that threshold as a matter of course. He contends that the district court should apply the threshold to the pleaded knowledge in the first instance, and that this claim is one he moved to drop. Doc. 66 at 1.

## CONCLUSION

No fabricated authority was identified, no unsupported citation was identified, no Rule 11(c)(3) show-cause order issued, no willfulness finding was made, and no lesser-sanctions finding was made. Appellees supply each omitted proposition from outside Doc. 80. The Court should vacate the dismissal and remand for further proceedings, including the district court's consideration of the motions it terminated without decision.

Date: October 3, 2026

Respectfully submitted,

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
Telephone: (407) 794-6503
jayballentine@protonmail.com
Plaintiff-Appellant, *pro se*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(ii) because it contains **6,464** words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Eleventh Circuit Rule 32-4. This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced Palatino typeface in 14-point type.

Date: October 3, 2026

Marvelle J. Ballentine
Plaintiff-Appellant, *pro se*

**CERTIFICATE OF SERVICE**

I certify that on October 16, 2026 I electronically filed the foregoing Reply Brief of Appellant with the Clerk of the United States Court of Appeals for the Eleventh Circuit using the Court's appellate CM/ECF system. The CM/ECF system will send notice of the filing to counsel of record.

Marvelle J. Ballentine
Plaintiff-Appellant, *pro se*